UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>                    Plaintiff<br><br>                         v.<br><br>ANA ROSA VELAZQUEZ CRESPO a/k/a ANA R. VELAZQUEZ CRESPO a/k/a ANA ROSA VELAZQUEZ, as joint debtor and as known member of the Estate of JOSE ALBERTO MALDONADO MATIAS A/K/A JOSE A. MALDONADO MATIAS; JORGE ALBERTO MALDONADO VELAZQUEZ, LIONEL MALDONADO VELAZQUEZ, and ANA AURORA MALDONADO VELAZQUEZ, as known members of the Estate above-mentioned; HECTOR XAVIER MALDONADO SANTIAGO, REYCHARD DANIEL MALDONADO SANTIAGO, CRISTAL MARIE MALDONADO SANTIAGO, CAROLINE MALDONADO SANTIAGO, and CORALIS MALDONADO SANTIAGO, as known members of the Estate of HECTOR CELEDONIO MALDONADO VELAZQUEZ a/k/a HECTOR CELEDONIO MALDONADO a/k/a HECTOR C. MALDONADO; The Estate of MILTON JAVIER MALDONADO VELAZQUEZ; JOHN DOE and RICHARD ROE as unknown members of the Estates above-mentioned<br><br>                    Defendants | CIVIL NO.<br><br><br><br>Foreclosure of Mortgage; Collection of Money |

**COMPLAINT**

TO THE HONORABLE COURT:

        COMES NOW the United States of America -acting by the United

States Department of Agriculture- through the undersigned

attorney, who respectfully alleges and prays as follows:

1. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2. Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of three (3) promissory notes that affect the two (2) properties described further below.

3. The first promissory note was subscribed for the amount of **$40,000.00,** with annual interest of 5%, on January 15, 1979. *See Exhibit 1.*

4. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 14.  *See Exhibit 2.*

5. The note for $40,000.00 was, to the amount of $49,335.85, on July 29, 1991, under the terms and conditions stipulated and agreed therein, through Deed No. 80. *See Exhibit 3.*

6. Plaintiff is also the owner and holder of a promissory note for the amount of **$7,000.00,** with annual interest of 5%, subscribed on February 11, 1980. *See Exhibit 4.*

7. For the purpose of securing the payment of said promissory

note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 49. *See Exhibit 5.*

8. On July 29, 1991, Deed 79 was executed in order to modify the loan for $7,000.00, to the amount of $6,873.52. *See Exhibit 6.*

9. Plaintiff also owns and holds a promissory note for the amount of **$7,245.10**, with annual interest of 4.5%, subscribed on July 29, 1991. *See Exhibit 7.*

10. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 81. *See Exhibit 8.*

11. According to the Property Registry, JOSE ALBERTO MALDONADO MATIAS and ANA ROSA VELAZQUEZ CRESPO are the owners of record of the real estate properties subject of this case. Said properties are described -as they were recorded in Spanish- as follows:

  a. RÚSTICA: Parcela de terreno, radicada en el Barrio Yahuecas del término municipal de Adjuntas, compuesta de tres cuerdas, equivalentes a una hectárea, diecisiete áreas, noventiuno centiáreas y dieciocho centésimas de otra; lindante por el NORTE, con la parcela número siete; por el SUR, con la parcela número quince; por el ESTE,

3

con la Sucesión de Antonio Bennazar y por el OESTE, con la parcela número diez.

Dentro de la parcela descrita se encuentra enclavada una casa de bloques de tosca y cemento, techo de cartón y madera del país, con divisiones interiores de madera, con un frente de treintitrés pies por doce pies de fondo construida por la Puerto Rico Reconstruction Administration.

Property 4,932, recorded at page 13 of volume 131 of Adjuntas, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 9.*

b. RÚSTICA: Predio de terreno radicado en el Barrio Yahuecas del término municipal de Adjuntas, Puerto Rico, con una cabida de veinticinco cuerdas con sesenta y tres centímos de otra, equivalentes a diez hectáreas, cero siete áreas, treinta y cinco centiáreas y noventa miliáreas. Colindando al NORTE, con la Sucesión Rivera y Juan A. Bennazar; por el SUR, con terrenos de Antonio Matías y Gregorio Maldonado; al ESTE, con la Sucesión de Luis Rivera y José A. Ruíz y al OESTE, con Juan A. Bennazar, Sucesión Luis Rivera, Reinaldo González, Eugenio Maldonado y Francisco Fernandini.

Property 8,477, recorded at page 30 of volume 219 of Adjuntas, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 10.*

12. The title searches attached to this complaint confirm the registration of the mortgage liens that secure the loan obligations between the plaintiff and the defendants. *See Exhibits 9-10.*

13. JOSE ALBERTO MALDONADO MATIAS passed away on April 23, 2015. *Exhibit 11.*

14. According to the title searches mentioned before, the known

members of the Estate of JOSE ALBERTO MALDONADO MATIAS are the following individuals:

    (a) ANA ROSA VELAZQUEZ CRESPO a/k/a ANA R. VELAZQUEZ CRESPO a/k/a ANA ROSA VELAZQUEZ;

    (b) JORGE ALBERTO MALDONADO VELAZQUEZ;

    (c) LIONEL MALDONADO VELAZQUEZ, and;

    (d) ANA AURORA MALDONADO VELAZQUEZ.

15. Upon information and belief, HECTOR CELEDONIO MALDONADO VELAZQUEZ a/k/a HECTOR CELEDONIO MALDONADO a/k/a HECTOR C. MALDONADO -who was a son of JOSE ALBERTO MALDONADO MATIAS- also passed away and the known members of his Estate are:

    a. HECTOR XAVIER MALDONADO SANTIAGO;

    b. REYCHARD DANIEL MALDONADO SANTIAGO;

    c. CRISTAL MARIE MALDONADO SANTIAGO;

    d. CAROLINE MALDONADO SANTIAGO, and;

    e. CORALIS MALDONADO SANTIAGO.

16. Upon information and belief, MILTON JAVIER MALDONADO VELAZQUEZ -who also was a son of JOSE ALBERTO MALDONADO MATIAS- passed away on 2019.

17. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estates mentioned before.

18. According to *P.R. Laws Ann.,* Article 1,578, (Sec. 11,021), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong.

> If no answer is received within said period, their participation shall be deemed as accepted.

19. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

20. The defendant party herein, jointly and severally, has failed to comply with the terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, the defendant party owes to the plaintiff, according to the Certification of Indebtedness included herein as *Exhibit 12*, the following amounts, as to May 28, 2020:

   a) On the $7,000.00 Note, as modified:

      1) The sum of $6,280.33, of principal;

      2) The sum of $7,861.90, of interest accrued, and thereafter until its full and total payment, which interest amount increases at the daily rate of $.7743;

      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses,

       disbursements and attorney's fees guaranteed under the mortgage obligation.

b) On the $40,000.00 Note, as modified:

    1) The sum of $47,469.81, of principal;

    2) The sum of $68,734.78, of interest accrued, and thereafter until its full and total payment, which interest amount increases at the daily rate of $6.5027;

    3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

c) On the $7,245.10 Note:

    1) The sum of $4,523.59, of principal;

    2) The sum of $3,870.59, of interest accrued, and thereafter until its full and total payment, which interest amount increases at the daily rate of $.5577;

    3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

21. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in

this complaint.

22. Codefendant ANA ROSA VELAZQUEZ CRESPO is not currently active in the military service for the United States. Plaintiff is unable to provide a "Status Report pursuant to Servicemembers Civil Relief Act" for the remainig codefendants since we could not found their social security numbers. *See Exhibit 13.*

## VERIFICATION

I, JACQUELINE LAZÚ LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as Director of LRTF for the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the

documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 14 day of January, 2021.



JACQUELINE LAZÚ LABOY

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendant's party pays unto the plaintiff the amounts claimed on this complaint;

b)   Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of

said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)   That if the proceeds of such sale be insufficient to cover the amounts specified under this complaint, said defendant party be adjudged to pay to the United States the total amount of money remaining unsatisfied, and execution be issued forthwith against said defendant party for the payment of said deficiencies against any of the properties of said defendants;

e)   That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)   That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)   For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, on  January 15                , 2021.


/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 3908
GUAYNABO, PR 00970
TEL.  787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com



FmHA Form 1940-17 (S)
(Rev. 11-1-78)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
PROMISSORY NOTE

TYPE OF LOAN
Type: FARM OWNERSHIP-INSURED
In accordance with:

    X    Consolidated Farm and Rural Development Act
          Emergency Agricultural Credit Adjustment Act of 1978

Name: JOSE A. MALDONADO MATIAS
State: PUERTO RICO
Office: ADJUNTAS
Case Number: 63-35-:
Date: JANUARY 15, 1979

ACTION REQUIRING NOTE:

| | |
|---|---|
| X  Initial Loan | New Payment Plan |
|    Subsequent Loan | Reamortization |
|    Consolidation and Subsequent Loan | Sale on Credit |
|    Consolidation | X  Deferred Payments |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any other co-borrower, jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (herein called the "Government"), or its representative, at its offices in ADJUNTAS, PUERTO RICO, or at another location designated in writing by the Government, the principal sum of FORTY THOUSAND DOLLARS ($40,000.00), plus interest on the unpaid principal of FIVE PERCENT (5.0000%) PER ANNUM. If this note is for a Limited Resources Loan (indicated in the box above, under the heading "Type of Loan"), the Government may CHANGE THE INTEREST RATE, in accordance with the Farmers Home Administration regulations, not more frequently than a calendar trimester basis, and shall notify Borrower at his most current address by mail, with thirty (30) days' notice. The new interest rate shall not exceed the highest interest rate established by the Farmers Home Administration regulations for the type of loan indicated above.

Principal and interests shall be paid in 38 installments, as indicated below, unless modified by a different interest rate, on or before the following dates:

$ 50.00……………on January 1, 1980

1

$ 100.00...............on January 1, 1981
$ 100.00...............on January 1, 1982

and $2,548.00 each January first subsequently thereafter until the principal and interests are completely paid, except for the final payment of the debt evidenced herein, which, if not sooner paid, shall be due and payable 40 years from the date of this note, with the exception that prepayments may be made as provided for below. The consideration hereof shall support any agreement modifying the schedule of payments.

If the total amount of the loan is not forwarded by the due date, the loan will be forwarded to Borrower, pursuant to request by Borrower and approval by the Government. Approval by the Government shall be granted only when the loan is requested for purposes authorized by the Government. Interests will accrue on the amount of each loan starting on the date these become effective as shown in the Payment Log at the end of this note. Borrower authorizes the Government to note the amount(s) and date(s) of any prepayment(s) in the Payment Log.

For any note that is reamortized, consolidated or with a new payment plan, interests accumulated as of the date of this instrument will be added to the principal and the new principal will accrue interests at the rate evidenced herein.

Every payment made on any indebtedness evidenced by this note shall be applied first to interests computed as of the effective payment date and then to the principal.

Payments in advance of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, according to the source of the funds involved, shall, after payment of interest, be applied to the last installments to come due under this promissory note, and shall not affect Borrower's duty to pay the remaining installments as scheduled herein. If at any time the Government should assign this promissory note and insure payment of the same, the Borrower shall continue making payments to the Government as collecting agent of the holder.

If this note is held by an insured lender, advance payments made by Borrower may, at the Government's option, be transferred promptly by the Government to the holder, except the final payment, or such payments shall be retained by the Government and transferred to the holder either on an annual installment due date basis. The effective date of any advance payment retained and transferred by the Government to the holder on an annual installment due date basis shall be the date of Borrower's advance payment, and the Government shall pay the interest to which the holder is entitled, accruing between the effective date of any such advance payment and the date of the Treasury check paid to the holder.

Any amount forwarded or invested by the Government in order to collect on this promissory note or to preserve or protect the security of the loan or paid in any way under the terms of any security agreement or other instrument executed in relation to the loan

2

evidenced herein, shall, at the option of the Government, become part of the loan and shall accrue interest at the same rate as the principal of the debt evidenced herein and shall be immediately due and payable by the Borrower to the Government without the need of requirements.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced herein shall not be voluntarily leased, surrendered, sold, transferred, or encumbered, without the previous written consent of the Government. Unless the Government gives written consent to the contrary, Borrower will personally manage said property as a farm if this is a Farm Owner (FO) loan.

If "Consolidation and Subsequent Loan", "Consolidation", "Reamortization" or "New Payment Plan" is marked in the upper box of the first page titled "Action Requiring Note", this promissory note is executed to consolidate, reamortize or as evidence of a new payment plan, but not to satisfy the principal and interests of the following promissory note(s) or assumption agreement(s) (new terms):

AMOUNT OF NOTE: $
INTERESTS: %
DATE:
ORIGINAL BORROWER:
LAST INSTALLMENT DUE:

The security documents taken in relation to the loans evidenced by the described promissory notes or other stated obligations are not affected by the execution of this consolidation, reamortization or new payment plan. These security instruments shall remain in effect and the security offered for the loans evidenced by the described promissory notes shall continue to guarantee the loan evidenced by this promissory note and by any other stated obligations.

REFINANCING AGREEMENT: If at any time the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or other private credit source at reasonable rates and terms for loans for similar purposes and time periods, Borrower shall, at the Government's request, apply for and accept a loan of a sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary shares.

DEFAULT: Failure to pay any debt described herein when due, or failure to comply with any condition or agreement of this document, shall constitute default under any other instrument evidencing a debt insured or guaranteed by the Government, or in any other way related to such debt, that the Borrower may have; and default under any other instrument shall constitute default under the terms of this document. UPON ANY SUCH DEFAULT, the Government, at its discretion, may declare all or part of such debt due and payable immediately.

This note is given as evidence of a loan to Borrower made or insured by the Government, pursuant to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan indicated in the box 'TYPE OF LOAN" above. This note is subject to the present regulations of Farmers Home Administration and to its future regulations not inconsistent with the stipulations expressed herein.

Presentation, protest, and notice are hereby expressly waived.

[Signature]
JOSE A. MALDONADO MATIAS (BORROWER)
[Signature]
ANA ROSA VELAZQUEZ (BORROWER)

Bo. Yahuecas, box 628,
Adjuntas, P.R. 00601

PAYMENT LOG

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $40,000.00 | 1-15-79 | $ | | $ | |

TOTAL: $40,000.00

*ADDENDUM TO PROMISSORY NOTE

"The amount of this promissory note and the mortgage securing it has been increased and reamortized on July 29, 1991. It had an unpaid balance of FORTY-SIX THOUSAND FIVE HUNDRED AND EIGHTY-TWO DOLLARS AND NINE CENTS ($46,582.09) of principal, and ONE THOUSAND FOUR HUNDRED AND TWENTY DOLLARS AND ELEVEN CENTS ($1,420.11) of capitalized interests, which shall accrue interest at the rate of FIVE PERCENT (5%) per annum, plus the sum of ONE THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS AND SIXTY-FIVE CENTS ($1,333.65) of non-capitalized interest, which shall not accrue interest, for a total of FORTY-NINE THOUSAND THREE HUNDRED AND THIRTY-FIVE DOLLARS AND SIXTY-FIVE CENTS ($49,335.65), and has it been granted a five (5) year deferment, it shall be paid as follows:
THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-two (1-1-1992); THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-three (1-1-1993); THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-four (1-1-1994); THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-five (1-1-1995); THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-six (1-1-1996); and FOUR THOUSAND ONE HUNDRED AND

4

SIXTY-ONE DOLLARS ($4,161.00) on or before January first, nineteen ninety-seven (1-1-1997); and FOUR THOUSAND ONE HUNDRED AND SIXTY-ONE DOLLARS ($4,161.00) on or before the following first of January, except for the final payment of the debt evidenced herein, which shall be made on or before July 29, two thousand and eighteen (2018), pursuant to deed number eighty (80), dated July twenty-nine, nineteen ninety-one, before the Notary José A. Saliceti Maldonado. I BEAR WITNESS."
In Adjuntas, Puerto Rico, July 29, 1991.
Signed, stamped, sealed and endorsed.
[Signature]
NOTARY PUBLIC
[Seal]


ADDENDUM REGARDING DEFERRED INTERESTS

Addendum to the promissory note dated January fifteen, nineteen seventy-nine, in the original amount of FORTY THOUSAND DOLLARS ($40,000.00) with annual interest of five percent (5%). This agreement amends and is attached to the aforementioned promissory note. The amount of FIVE HUNDRED AND FORTY-FIVE DOLLARS ($545.00) of each regular payment made on the note shall be applied to the interest accumulated during the deferment period. The remainder of such regular payments shall be applied in accordance with Section 7-CFR, Part 1951, paragraph A.

We agree to sign a supplementary payment agreement and to make additional payments if we have a significant increase in our income and ability to pay during the deferment period.

July 29, 1991
Date
[Signature]
BORROWER
[Signature]
SPOUSE


# CERTIFICATE

I hereby certify that the attached Promissory Note is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of January of 2005.

Nicole Harris

WITNESS my hand and official seal hereto affixed this
this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06

6

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

**PAGARE**

| Nombre |
| --- |
| JOSE A. MALDONADO MATIAS |

| Estado | Oficina |
| --- | --- |
| PUERTO RICO | ADJUNTAS |

| Caso Núm. | Fecha |
| --- | --- |
| 63-35- | 15 DE ENERO DE 1979 |

**CLASE DE PRESTAMO**

Tipo: FARM OWNERSHIP- INSURED

De acuerdo a:

☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**ACCION QUE REQUIERE PAGARE:**

☒ Préstamo Inicial   ☐ Nuevo Plan de Pago
☐ Préstamo Subsiguiente   ☐ Reamortización
☐ Consolidación y préstamo   ☒ Venta a Crédito
   subsiguiente   ☒ Pagos Diferidos
☐ Consolidación

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en ——————————ADJUNTAS, PUERTO RICO ——————————

o en otro sitio designado por el Gobierno por escrito, la suma principal de ——————CUARENTA MIL CON ————

——————————————00/100 _____ dólares ($ _____ 40,000.00 ) más intereses sobre el principal adeudado al

——————————CINCO ——————————————————— POR CIENTO (5.0000 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ——38———— plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| $ 50.00 | en enero 1, 19 80 ; $ _____ | en enero 1, 19 ; |
| --- | --- | --- |
| $ 100.00 | en enero 1, 19 81 ; $ _____ | en enero 1, 19 ; |
| $ 100.00 | en enero 1, 19 82 ; $ _____ | en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; $ _____ | en enero 1, 19 ; |
| y $ 2,548.00 | en enero 1, 19 ; $ _____ | en enero 1, 19 ; |

, subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en ——40— años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificado el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente al Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda: el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_José A. Maldonado Matías_

José A. Maldonado Matías                          (Prestatario)

_Ana Rosa Velázquez_

Ana Rosa Velázquez                               (Prestatario)

Bo. Yahuecas, Buzón 628, Adjuntas, P.R.

00601

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 40,000.00 | 1-15-79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | $ | | TOTAL $ 40,000.00 | |

Jay-Ce–Agricultura      *Posición 2*       Forma FmHA 1940-17 (S)
                                                               Rev. 11-1-78)

\* *NOTA AL PAGARE:*

"*El importe de este pagaré y la hipoteca que lo garantiza, ha sido ampliado, y reamortizado al 29 de julio de 1991, dió un saldo deudor montante a CUARENTA Y SEIS MIL QUINIENTOS OCHENTA Y DOS DOLARES CON CERO NUEVE CENTAVOS($46,582.09) de principal, y MIL CUATROCIENTOS VEINTE DOLARES CONONCE CENTAVOS ($1,420.11) de intereses capita lizables, que devengaran intereses a razón de un cinco (5%) por ciento anual y la suma de MIL TRESCIENTOS TREINTA Y TRES DOLARES CON SESENTA Y CINCO CENTAVOS($1,333.65) de intereses no capitalizables, los cuales no devengaran intereses, para un total de CUARENTA Y NUEVE MIL TRESCIENTOS TREINTA Y CINCO DOLARES CON SESENTA Y CINCO CENTAVOS ($49,335.65) y por habersele dado un diferimiento de cinco(5) años habrá de ser pagada en la siguiente forma:*
    *Trescientos Cuarenta y Dos Dólares($342.00) en o antes del primero de enero de mil novecientos noventa y dos(1-1-1992); Trescientos Cuarenta y Dos Dólares($342.00) en o antes del primero de enero de mil novecientos noventa y tres(1-1-1993); Trescientos Cuarenta y Dos Dólares($342.00) en o antes del primero de enero de mil novecientos noventa y cuatro(1-1-1994); Trescientos Cuarenta y Dos Dólares($342.00) en o antes del primero de enero de mil novecientos noventa y cinco(1-1-1995); Tres- ciento Cuarenta y Dos Dólares($342.00) en o antes del primero de enero de mil nove- cientos noventa y seis(1-1-1996); Cuatrocientos Ciento Sesenta y Un Dólres($4,161.00) en o antes del primero de enero de mil novecientos noventa y siete(1-1-1997) y Cuatro Mil Ciento Sesenta y Un Dólares($4,161.00) el primero de enero subsiguiente, excepto que el plazo final de la deuda aquí evidenciada se hará en o antes del 29 de julio del dos mil dieciocho(29-7-2018), según consta de la escritura número ochenta(80) de fecha veintinueve de julio de mil novecientos noventa y uno ante el Notario José A. Saliceti Maldonado. DOY FE.*"

    *En Adjuntas, Puerto Rico hoy 29 de julio de 1991.*

*Firmado, signado, sellado y rubricado.*

_____
NOTARIO PUBLICO

ADDENDUM POR INTERESES DIFERIDOS:

ADDENDUM al Pagaré fechado quince de enero de mil novecientos setenta y nueve por la cantidad original de CUARENTA MIL DOLARES ($40,000.00) de Cinco por ciento (5.00%) de intereses anual. Este acuerdo enmienda y se adhiere al Pagaré arriba indicado. La suma de Quinientos Cuarenta y Cinco Dólares ($545.00) de cada pago regular en el Pagaré será aplicado a interés que se acumule durante el periodo de diferimiento. El remanente de pago regular será aplicado de acuerdo a la Sec. 7 CFR, sub parte A de la Parte 1951.

Yo (Nosotros) acordamos firmar un acuerdo de pago suplementarios y hacer pagos adicionales si durante el periodo de diferimiento tenemos un aumento substancial en ingresos y habilidad de pago.

29 de julio de 1991

FECHA                                    PRESTATARIO

                                         ESPOSA

EXHIBIT

2

LEGAL FIRM AND NOTARY OFFICES
SERAFIN ROSADO SANTIAGO
AND
JAIME L. PEREZ
ATTORNEYS – NOTARIES
CALLE SANTA ANA #7,
ADJUNTAS, PUERTO RICO
TEL. 829-4130 / 829-4970

NUMBER: 14

VOLUNTARY MORTGAGE DEED

EXECUTED BY

MR. JOSE A. MALDONADO MATIAS AND MRS. ANA ROSA VELAZQUEZ

TO: THE UNITED STATES OF AMERICA

IN ADJUNTAS, P.R., ON JANUARY 16, 1979

**FmHa Form 427-1 PR**
**10/77**

## NUMBER FOURTEEN

## VOLUNTARY MORTGAGE

In the city of Adjuntas Puerto Rico, on January fifteen, nineteen seventy-nine.

## IN MY PRESENCE

SERAFIN ROSADO SANTIAGO, Attorney and Notary Public of this island, with residence in Ponce, Puerto Rico and offices in the city of Adjuntas, Puerto Rico.

## THERE NOW APPEAR:

The persons named in paragraph TWELFTH of this mortgage, hereinafter called "mortgagor," and whose personal circumstances appear in said paragraph.

I attest to personal acquaintance of the parties, as well as to their age, marital status, profession, and residence.

They attest to full exercise of their civil rights and the free administration of their property, and they have, in my judgment, the necessary legal capacity to execute this document and as such, freely and voluntarily,

## THEY DECLARE:

FIRST:  That the mortgagor is the owner of the farm or farms described in paragraph ELEVENTH, and of all rights and interests in the same, referred to hereinafter as "the property."

SECOND:  That the property mortgaged herein is subject to the liens specified in paragraph ELEVENTH herein.

THIRD:  That the mortgagor is indebted to the United States of America, acting through the Farmers Home Administration, referred to hereinafter as "mortgagee," in connection with a loan or loans represented by one or more promissory notes or assumption agreements, referred to hereinafter as "the note," whether one or more.  The Government requires additional monthly payments to be made of one twelfth of the taxes, insurance premiums, and other charges on the mortgaged property.

FOURTH:  It is understood that:

(One) The note represents a loan or loans to mortgagor in the principal amount specified herein, granted with the purpose and intention that the mortgagee may at any time surrender the note and insure the payment thereof pursuant to the Act of 1961,

2

consolidating the Farmers Home Administration, or Title Five of The Housing Act of 1949, as amended.

(Two) When payment of the note is guaranteed by the mortgagee, it may be transferred from time to time, and each holder of said note will in turn be considered the insured lender.

(Three) When payment of the note is insured by the mortgagee, the mortgagee will execute and deliver to the insured lender, along with the note, an insurance endorsement fully guaranteeing payment of the principal and interest on said note.

(Four) Whenever payment of the note is insured by the mortgagee, the mortgagee, by agreement with the insured lender, shall determine on the insurance endorsement the portion of the note's interest to be designated as "annual charges."

(Five) As a condition of the insurance of the note's payment, the holder will surrender all rights and remedies against the mortgagor and any others in connection with said loan, as well as any benefit of this mortgage, and will accept in its place the insurance benefits, and in the event that the mortgagor violates any agreement or stipulation contained herein, or in the note, or in any other supplementary agreement, the mortgagee may require the note to be endorsed to himself.

(Six) It is the purpose and intent of this mortgage that, among other things, whenever the note is held by the mortgagee, or in the event the mortgagee should transfer this mortgage without insuring the note, this mortgage shall guarantee payment of the note; but when the note is held by an insured lender, this mortgage shall not guarantee payment of the note, nor shall it form any part of the debt represented thereby, but the note and said debt shall constitute an indemnity mortgage to insure the mortgagee against any loss under its insurance endorsement by reason of any default by the mortgagor.

FIFTH: That, in consideration of said loan and (a) whenever the note is held by the mortgagee, or in the event that the mortgagee should transfer this mortgage without insuring the note's payment, in guarantee of the amount of the note as specified in subparagraph (one) of paragraph NINTH, with interest at the rate stipulated, and to insure prompt payment of said note, and any renewals or extensions thereof, and any agreements contained therein, (b) whenever the note is held by an insured lender guaranteeing the amounts specified in subparagraph (two) of paragraph NINTH, in order to guarantee compliance with the mortgagor's agreement to indemnify and hold harmless the mortgagee against losses under its insurance endorsement by reason of any default by the mortgagor, and (c) in any event and at all times whatsoever, to guarantee the additional amounts specified in subparagraph (three) of paragraph NINTH, and to insure mortgagor's compliance with each and every agreement and stipulation herein, or in any supplementary agreement, mortgagor hereby grants to mortgagee a voluntary mortgage on the property described in paragraph ELEVENTH, together with all rights, interests, easements, inheritances, and appurtenances thereto belonging; all income, credits, profits, revenues; all improvements or personal property thereto attaching, at present or in the

future, or which are reasonably necessary for the use thereof; all water, water rights, or shares in said rights; pertaining to the farms, and all payments at any time owing to mortgagor by virtue of the sale, lease, transfer, conveyance, or total or partial expropriation of, or injury to, any part thereof, or to their interests, it being understood that this mortgage will continue in full force and effect until all amounts specified in paragraph NINTH, with interest before and after maturity, until they have been paid in full.  In case of foreclosure, the property will be responsible for the payment of the principal, interest thereon before and after maturity, losses sustained by mortgagee as insurer of the note, taxes, insurance premiums, or any other disbursements or advances by mortgagee, to be paid by mortgagor with interest until all costs and expenses, including fees of mortgagee's attorneys, are paid to mortgagee, along with all extensions and renewals of said obligations, with interest, and all other charges and additional amounts specified in paragraph NINTH.

SIXTH: Mortgagor explicitly agrees to the following:

(One) To pay promptly to the mortgagee any debt herein guaranteed and to indemnify and hold mortgagee harmless against any loss under its insurance for payment of the note by reason of any default by mortgagor.  Whenever the note is held by an insured lender, mortgagor shall continue making payments on the note to mortgagee, as collection agent for the holder.

(Two) To pay the mortgagee an initial fee for inspection and appraisal and any delinquency charges, now or hereafter required by Farmers Home Administration regulations.

(Three) Whenever the note is held by an insured lender, any amount due and unpaid under the terms of the note, less the amount of the annual charge, may be paid by mortgagee to the holder of the note under the terms of the note and of the insurance endorsement referred to in the above paragraph FOURTH, the responsibility of the mortgagor.

Any amount due and unpaid under the terms of the note, whether it is held by mortgagee or by an insured lender, may be credited to the note by mortgagee, and shall thus constitute an advance by mortgagee, the responsibility of mortgagor.

Any advance by mortgagee as described in this subparagraph shall bear interest at the annual rate of FIVE PERCENT (5 %), from the date on which payment was due until the date on which mortgagor pays the debt.

(Four) Whether or not the note is insured by mortgagee, any and all amount advanced by mortgagee for insurance premiums, repairs, liens, or other claims for the protection of the mortgaged property, or for taxes or assessments or other similar charges due to mortgagor's failure to pay said charges, shall bear interest at the rate stated in the preceding subparagraph, from the date of the advance until mortgagor pays said advance.

(Five) All advances made by mortgagee as described in this mortgage, with interest, shall be immediately due and payable by mortgagor to mortgagee without need for advance notification in the place designated in the note, and shall be guaranteed by this mortgage. No advance by mortgagee shall relieve mortgagor from breach of his covenant to pay. Such advances, with interest, shall be repaid from the first payments received from mortgagor. In the absence of such advances, all payments verified by mortgagor may be applied to the note or to any other mortgagee debt guaranteed herein, in the order determined by mortgagee.

(Six) To use the amount of the loan indicated in the note solely for purposes authorized by mortgagee.

(Seven) To pay when due all taxes, special assessments, liens, and charges encumbering the property or the rights or interests of mortgagor under the terms of this mortgage.

(Eight) To obtain and maintain insurance against fire and other hazards as required by mortgagee on all existing buildings and property improvements, as well as on all future improvements. The insurance against fire and other hazards will be in the form, in the amount, and on the terms and conditions approved by mortgagee.

(Nine) To keep the property in good condition and to promptly make all necessary repairs in order to preserve the property; he will refrain from any activity, or from allowing any activity, which would result in the deterioration of the property; he will not remove nor demolish any building or improvement on the property; nor will he cut or remove wood from the farm, nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other minerals, without mortgagee's consent, and will promptly carry out the repairs on the property that mortgagee may request from time to time. Mortgagor shall comply with soil conservation practices and farm and home management plans that mortgagee may prescribe from time to time.

(Ten) If this mortgage is granted for a loan to a farm owner as identified in Farmers Home Administration regulations, the mortgagor shall personally manage the property, on his own or through family labor, as a farm and for no other purpose, and shall not lease the farm, nor any part of it, unless mortgagee gives written consent to another method of operation or lease.

(Eleven) To submit information regarding income and expenses and any other information related to the management of the property, in the form and manner the mortgagee may require, and to comply with all laws, ordinances, and regulations affecting the property or its use.

(Twelve) Mortgagee, along with his agents and attorneys, shall at all times have the right to inspect and examine the property for the purpose of ascertaining whether security is deteriorating or being compromised, and if such inspection or examination shall disclose, in mortgagee's judgment, that security is in fact deteriorating or being compromised, this shall constitute a breach by mortgagor of this mortgage agreement.

5

(Thirteen) If any other person interferes with or contests mortgagor's rights of possession of the property, mortgagor shall immediately notify mortgagee of such action, and mortgagee may decide to institute the measures necessary to defend his interests, and any costs or expenditures incurred by mortgagee due to said measures will be added to mortgagor's debt, and will be guaranteed by this mortgage as additional credits under the clause regarding advances, expenditures and other payments.

(Fourteen) If at any time while this mortgage remains in effect, mortgagor shall abandon the property or voluntarily return it to mortgagee, mortgagee is hereby authorized and empowered to take possession of the property, to lease and administer it, and to collect the rents, benefits, and income from them, and to apply them first to the costs of collection and administration, and secondly to the payment of the debt described by the note or any other debt to mortgagee herein guaranteed, in the order and manner to be determined by mortgagee.

(Fifteen) At any time that mortgagee determines that mortgagor may be able to obtain a loan from a production credit association, from a Federal Bank or other responsible source, whether cooperative or private, with a rate of interest and terms that are reasonable for loans of similar duration and purposes, then mortgagor, at mortgagee's request, will apply for and accept such a loan in a sufficient amount to pay the note and any other debt guaranteed herein, and to pay for the necessary shares in the cooperative agency with respect to such a loan.

(Sixteen) In the event of default in the discharge of any obligation guaranteed by this mortgage, or if mortgagor, or any other person included herein as a mortgagor, defaults in the payment of any amount, or violates or fails to comply with any clause, condition, stipulation, covenant, or agreement contained herein, or in any supplementary agreement, or if mortgagor dies or is declared incompetent, bankrupt, or insolvent, or makes a transfer for the benefit of creditors, or if the property or any part thereof or interest therein is sold, leased, transferred, conveyed, or encumbered, voluntarily or otherwise, without mortgagee's written consent, then mortgagee is irrevocably authorized and empowered, at his discretion and without notice: (One) to declare all debt left unpaid under the terms of this note, or any other debt to mortgagee guaranteed herein, immediately due and payable, and to proceed to foreclosure in accordance with the law and the provisions thereof; (Two) to incur and pay reasonable expenses for the repair and maintenance of the property and any expenses or obligations that mortgagor failed to pay as agreed in this mortgage, including taxes, assessments, insurance premiums, and any other expenses or costs for the protection and preservation of the property and of this mortgage, or for violation of any provision of this mortgage; and (Three) to request the protection of the law.

(Seventeen) Mortgagor shall pay, or shall reimburse mortgagee for all necessary expenses for the fulfillment of the covenants and agreements of this mortgage, and of the note and of any supplementary agreement, including the costs of surveying, title search, court costs, deed recording, and attorneys' fees.

(Eighteen) Without in any way affecting mortgagee's right to require and enforce at any subsequent date the covenants, agreements, or obligations herein set forth, or other similar agreements, and without affecting the liability of any person for payment of the note or any other debt herein guaranteed, and without affecting the lien created upon the property or the priority of said lien, mortgagee is hereby authorized and empowered at any time: (one) to waive the performance of any agreement or obligation contained herein, or in the note, or in any supplementary agreement; (two) to negotiate with mortgagor or to grant to mortgagor any indulgence or forbearance or extension of the time for payment of the note (with the consent of the note's holder when it is held by an insured lender), or for payment of any debt to the mortgagee herein guaranteed; or (three) to execute and deliver partial releases of any part of the mortgaged property described herein, or to grant deferment or postponement of this mortgage to any other lien on the property.

(Nineteen) All rights, title, and interest in or on this mortgage, including but not limited to the power to grant consent, partial releases, subordination, and revocation, shall be vested solely and exclusively in the mortgagee, and no insured lender shall have any right, title, or interest in or on this mortgage and any benefits herein contained.

(Twenty) Default on this mortgage shall constitute default on any other mortgage, loan, or real estate mortgage held or insured by mortgagee, and executed or assumed by mortgagor; and default on any such instrument shall constitute default on this mortgage.

(Twenty-One) All notices to be given under the terms of this mortgage shall be sent by certified mail unless otherwise required by law, and shall be addressed until some other address is designated in a notice provided to that effect, in the case of mortgagee, to Farmers Home Administration, United States Department of Agriculture, San Juan, Puerto Rico; and in the case of mortgagor, to him at his residence address as stated below.

(Twenty-Two) Mortgagor hereby grants to mortgagee the amount of any judgment obtained through forced expropriation for public use of the property or any part thereof, as well as the amount of any judgment for damages to the property. Mortgagee will apply the amount so received to pay costs incurred in collection, and the balance will apply to payment of the note, and any indebtedness to mortgagee guaranteed by this mortgage, and if any amount then remains, will pay such amount to mortgagor.

SEVENTH: That for the purpose of the first sale to be held in case of foreclosure of this mortgage, in accordance with mortgage law, as amended, mortgagor does hereby appraise the mortgaged properties in the amount of FORTY THOUSAND DOLLARS ($40,000.00).

EIGHTH: Mortgagor hereby waives the requirement of law and agrees to be considered in default with no need for prior notification by mortgagee. This mortgage is subject to the regulations of the Farmers Home Administration now in effect, and to future

regulations, not inconsistent with the provisions of this mortgage, as well as to the laws of the United States Congress authorizing and insuring the aforementioned loan.

NINTH: The amounts guaranteed by this mortgage are as follows:
One.  Whenever the note referred to in paragraph THIRD of this mortgage is held by mortgagee, or in the event mortgagee should transfer this mortgage without insuring the note: FORTY THOUSAND DOLLARS ($40,000.00), the note's principal, together with interest as stipulated at the annual rate of FIVE PERCENT (5 %).

Two.  Whenever the note is held by an insured lender:
(A) FORTY THOUSAND DOLLARS ($40,000.00), to compensate mortgagee for advances to the insured lender because of mortgagor's failure to pay the installments as specified in the note, with interest as indicated in paragraph SIXTH, subparagraph three;

(B) SIXTY THOUSAND DOLLARS ($60,000.00), to further compensate mortgagee against any losses suffered under its insurance for payment of the note.

Three. In any event and at any time:
(A) SIXTEEN THOUSAND DOLLARS ($16,000.00) for interest upon default;

(B) EIGHT THOUSAND DOLLARS ($8,000.00) for taxes, insurance, and other advances for the preservation and protection of this mortgage, with interest at the rate stipulated in paragraph SIXTH, subparagraph three;

(C) FOUR THOUSAND DOLLARS ($4,000.00) for court costs, expenses, and attorneys' fees in case of foreclosure;

(D) FOUR THOUSAND DOLLARS ($4,000.00) for court costs and expenses incurred by mortgagee in proceedings to defend his interests against any other person interfering with or contesting the mortgagor's right of possession of the property, as provided in paragraph SIXTH, subparagraph thirteen.

TENTH: That the note referred to in paragraph THIRD of this mortgage is described as follows:
"Promissory note granted in case number sixty-three dash thirty-five dash five hundred and eighty-two dash seventy-six dash three thousand one hundred and eight, dated January fifteen, nineteen seventy-nine, in the amount of  FORTY THOUSAND DOLLARS ($40,000.00) of principal, plus interest on the unpaid balance at the annual rate of FIVE PERCENT (5%), until the principal is paid entirely according to the terms, installments, conditions, and stipulations contained in the note, and as agreed between the borrower and the Government; except that the final installment of the debt represented herein, if not previously paid, will be due and payable FORTY years from the date of this note.

Said note is granted as evidence of a loan made by the Government to the borrower, pursuant to the law of the US Congress known as "Consolidated Farm and Rural

Development Act of 1961," or pursuant to "Title V of the Housing Act of 1949," both as amended, and is subject to present Farmers Home Administration regulations, and to future regulations which are not inconsistent with these laws.  To said note, I, the authorizing Notary, BEAR WITNESS.

ELEVENTH: That the property which is the subject of this deed and for which this voluntary mortgage is furnished, is described as follows:

RURAL: Plot of land, number eleven in case *café** seven hundred and ninety-seven, located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS***, equivalent to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred and sixty-eight hundredths of another. With boundaries to the NORTH, with plot number seven; to the SOUTH, with plot number fifteen; to the EAST, with the heirs of Antonio Bennazar; and to the WEST, with plot number ten. There is a house made of concrete and blocks, built by the Puerto Rico Reconstruction Administration on the described plot.
Due to its provenance, it is recorded on page fifteen, volume one hundred and thirty-one of Adjuntas, farm number four thousand nine hundred and thirty-two, third recording.

The mortgagors acquired the described property through purchase from Mr. Eugenio Maldonado Sánchez, pursuant to deed number forty-four, executed in Adjuntas, Puerto Rico on September twenty-four, nineteen seventy-four, before the Notary Aura Nélida Pérez.

RURAL: Plot of land located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, with an area of TWENTY-FIVE AND SIXTY-THREE ONE HUNDREDTHS *CUERDAS***, equivalent to ten hectares, seven ares, thirty-five centiares and ninety milliares. With boundaries to the NORTH, with the heirs of Rivera and Juan A. Bennazar; to the SOUTH, with properties of Antonio Matías and Gregorio Maldonado; to the EAST, with the heirs of Luis Rivera and José A. Ruiz; and to the WEST, with Juan A. Bennazar, the heirs of Luis Rivera, Reinaldo González, Eugenio Maldonado and Francisco Fernandini.
Due to its provenance, it is recorded on pages two hundred and forty-one and sixty-five, side two, volumes one hundred and forty-eight and two hundred and seventeen of Adjuntas, farm number five thousand five hundred and eighty-seven.

The mortgagors acquired the described property through purchase from Mr. Juan Alberto Bennazar Vicens and Mrs. Carmen Margarita Corrada, pursuant to deed number thirteen, executed in Adjuntas, Puerto Rico on January fifteen, nineteen seventy-nine, before the Notary Serafín Rosado Santiago.

---

* *Café* is the Spanish word for coffee; in this context it might be designating the letter "c", as in "c" as in "coffee".
** *"Cuerda" is an area measurement equivalent to 0.971 acre, 3,930.3956 sq. meters, or 42,291 sq. ft., 1 acre = 1.029*

The mortgagor acquired the described property through purchase from_____, pursuant to deed number_____, dated _____, executed in the city of_____, before the Notary_____.

Said property is encumbered_____.

TWELFTH: The parties appearing in the present deed as Mortgagors are MR. JOSE A. MALDONADO MATIAS AND MRS. ANA ROSA VELAZQUEZ, both of legal age, married to each other property owners, whose mailing address is: Bo. Yahuecas, Box six hundred and twenty-eight, Adjuntas, Puerto Rico, zero, zero, six hundred and one.

THIRTEENTH: The loan amount consigned herein has been or will be used for agricultural purposes and the construction and/or repair and/or improvements of physical facilities on the described property.

FOURTEENTH: The borrower will personally occupy and use any structure that is constructed, improved, or purchased with the proceeds of the loan herein guaranteed, and shall not lease or use said structure for other purposes, unless the Government gives consent in writing. Violation of this clause, as well as violation of any other agreement or clause contained herein, will cause the debt to become due as if the whole term had elapsed, and the Government may declare the loan due and payable, and may proceed to foreclosure of the mortgage.

FIFTEENTH: This mortgage expressly extends to any constructions or buildings currently existing on the aforementioned farm, and to all improvements, constructions, or buildings to be constructed on said farm while the Government's mortgage loan is in effect, as verified by the present owners/debtors or by their trustees or executors.

SIXTEENTH: Mortgagor hereby waives jointly and severally for himself and on behalf of his heirs, trustees, successors, or representatives, in favor of mortgagee (Farmers Home Administration), any present or future Homestead right that he may have on the property described in paragraph eleven, and in the buildings thereon, or which may be constructed in the future; this waiver being permitted in favor of the Farmers Home Administration by Law Number Thirteen (13) of May twenty-eight (28), nineteen sixty-nine (1969) (31. L.P.R.A. 1851).

SEVENTEENTH: The mortgagor and the mortgagee are agreed that any stove, oven, or heater purchased either totally or partially financed with the proceeds of the loan secured herein, are considered and interpreted as part of the property encumbered by this mortgage.

EIGHTEENTH: The parties appearing herein also state that, as this is for a loan for agricultural purposes, they have agreed not to distribute the responsibility between the encumbered farms and thus they will all be individually responsible, jointly and severally, for the debt, principal, interests, costs and other credits secured by this deed; all of which is in accordance with Article one hundred and nineteen of the Mortgage Law, as

amended by law number seventy-nine of June twenty-five, nineteen sixty-nine.

NINETEENTH: Any improvements, constructions, or buildings that are constructed on said farm during the aforementioned period will require the mortgagee's prior written approval, in accordance with current regulations, as well as future regulations which are consistent with federal and local law, and compatible with current laws governing these types of loans.

TWENTIETH: The parties accept this deed as written as it conforms to their agreement. I, the Notary to everything stated herein, have given them the pertinent legal warnings and, well informed of these, the parties ratify and sign it, placing their initials in the margin of each and every page, after my having read this deed aloud to all of them, in one proceeding, as they waived their right to do so themselves, of which I advised them. I, the Notary, BEAR WITNESS to everything contained in this public instrument.

Clarification is made that the mortgagor is also known as Alberto Maldonado Matías. I BEAR WITNESS ONCE AGAIN.

SIGNED: JOSE A. MALDONADO MATIAS AND ANA ROSA VELAZQUEZ

INITIALS IN THE MARGIN.

Signed, sealed, stamped and endorsed. SERAFIN ROSADO SANTIAGO. The applicable Sales Tax and Notary Tax seals have been cancelled. This is a true and exact copy of the original deed filed under the number indicated in the protocol of public instruments of this Notary office in my charge and to which I refer. In witness whereof and for delivery to the United States of America, as one of the parties, I issue this first certified copy, which I sign, stamp, seal and endorse on the same day, month and year of its execution.
[Signature]
Attorney - Notary Public
[Seal]

This document is recorded as indicated in the note in the margin of the description of each of the farms. Farm # 4932 is encumbered by the mortgage furnished pursuant to this deed and farm # 8477 is encumbered by two easements; one to the A.F.F. of P.R. and the other to farm #8306, and also to the mortgage furnished herein.
Utuado, March 30, 1979.
[Signature]
Property Recorder
No fees.
[Seals]
2/28/80 [Signature]

11

# CERTIFICATE

I hereby certify that the attached Voluntary Mortgage is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of January of 2005.

Nicole Harris

WITNESS my hand and official seal hereto affixed this this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06



BUFETE Y NOTARIA

# Lic. Serafín Rosado Santiago

## &

# Lic. Jaime L. Pérez

ABOGADOS - NOTARIOS

CALLE SANTA ANA # 7  -  TELS. 829-4130 - 829-4970

ADJUNTAS, PUERTO RICO

NUMERO _____ 14

# ESCRITURA

DE

HIPOTECA VOLUNTARIA

OTORGADA POR

DON JOSE A. MALDONADO MATIAS Y

DOÑA ANA ROSA VELAZQUEZ

A FAVOR DE _____ ESTADOS UNIDOS DE AMERICA

ADJUNTAS, P. R., A __15__ DE ___enero___ DE 19__79__

Forma FmHA 427-1 PR
10/77

------------------------------NUMERO------ CATORCE---------------

-----------------HIPOTECA VOLUNTARIA-----------------

En **Adjuntas, Puerto Rico, a los** quince------------------
**días** del mes de enero------de mil novecientos setenta y nueve.

------------------------ANTE MI------------------------

---SERAFIN ROSADO SANTIAGO:---

Abogado y Notario Público de esta Isla con residencia y vecindad en

**Ponce, Puerto Rico**------------- y oficina en **la Ciudad de** -------

**Adjuntas, Puerto Rico.**-------

---------------------- COMPARECEN ---------------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.---------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ---------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento, **y en tal virtud libre y volunta**------
**riamente;**---------------

_____ EXPONEN _____

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ---------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO. ---------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de

FORMA FmHA 427-1 PR

1

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.————————————————————————

CUARTO: Se sobreentiende que: ——————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. ————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su será el prestamista asegurado. ————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.————————————



(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ————————————————————

(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré

—2—

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ———————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total

—3—

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, —————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:—————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. —————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. —————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.—————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del _____cinco_____ por ciento (——5——%) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.—————
(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario.

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ————————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ————————————————————————

(Seis) Utilizar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ——————————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ——————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ——————————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que

FORMA FmHA-427-1 PR

—5—

Forma FmHA-427-1 PR
'10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ------------------------------------------------

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ------

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. --------------

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ------------------------------------

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediátamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ------------------------------------

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos

—6—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de
título, costas, inscripción y honorarios de abogado. ----------------------

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor
hipotecario para requerir y hacer cumplir en cualquier fecha posterior los
convenios, acuerdos u obligaciones aquí contenidas o similares u otros
convenios y sin afectar la responsabilidad de cualquier persona para el pago
del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen
impuesto sobre los bienes o la prioridad del gravámen, el acreedor
hipotecario es por la presente autorizado y con poder en cualquier tiempo
(Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí
contenida o en el pagaré o en cualquier convenio suplementario: (Dos)
negociar con el deudor hipotecario o conceder al deudor hipotecario
cualquier indulgencia o tolerancia o extensión de tiempo para el pago del
pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en
manos de un prestamista asegurado) o para el pago de cualquier deuda a
favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y
aceptar cancelaciones parciales de cualquier parte de los bienes de la
hipoteca aquí constituída u otorgar diferimiento o postergación de esta
hipoteca a favor de cualquier otro gravámen constituido sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente
hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos,
cancelaciones parciales, subordinación, cancelación total, radica sola y
exclusivamente en el acreedor hipotecario y ningún prestamista asegurado
tendrá derecho, título o interés alguno en o sobre el gravámen y los
beneficios aquí contenidos. ----------------------

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de
cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes
muebles poseída o asegurada por el acreedor hipotecario y otorgada o
asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de
dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca
será remitido por correo certificado a menos que se disponga lo contrario por
ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado
al efecto, en el caso del acreedor hipotecario a Administración de Hogares de
Agricultores, Departamento de Agricultura de Estados Unidos, San Juan,
Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ------------------------------

(Veintidós) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así·como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ----------------------------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá·celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de CUARENTA MIL DOLARES ($40,000.00).----------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ----------------------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: _____
CUARENTA MIL————————————DOLARES ($ 40,000.00 ) el principal de dicho pagaré, con sus intereses según estipulados a razón del cinco——por ciento (—5— %) anual;————————————

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado: _____
(A) CUARENTA MIL ————————————
——————————————————————DOLARES ($40,000.00 )

--9--

FORMA FmHA-427-1 PR

Forma FmHA 427-I PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero: ————————————

(B)   SESENTA MIL DOLARES ($60,000.00) ————————————
————————————————————————DOLARES ($60,000.00   )

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ————————

Tres.  En cualquier caso y en todo tiempo; ————————————

(A)   DIECISEIS MIL ————————————————————
————————————————————————DOLARES ($ 16,000.00   )

para intereses después de mora; ————————————————

(B)   OCHO MIL DOLARES ————————————————————
————————————————————————DOLARES ($8,000.00—   )

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero: ————————————————————————

(C)   CUATRO MIL ————————————————————————
————————————————————————DOLARES ($ 4,000.00—  )

para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D)   CUATRO MIL ————————————————————————
————————————————————————DOLARES ($ 4,000.00—)

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ————————————

DECIMO:   Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————

"Pagaré otorgado en el caso número   sesenta y tres guión treinta y cinco guión c                                                          m

————————————————————————fechado el día   quince————————
————— de   enero—————— de mil novecientos   setenta y nueve,————

FORMA FmHA 427-I PR

10

Forma FmHA 427-1 PR
10/77

por la suma de CUARENTA MIL DOLARES ($40,000.00)————————

—————— dólares de principal más intereses sobre el balance del principal

adeudado a razón del cinco————————

—————— (__5%__) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los——————cuarenta—————— años de la fecha de este pagaré.

—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. ——————————

DECIMO: Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: —————————

————RUSTICA: Predio de terreno número once, del caso café sete——
cientos noventa y siete radicada en el barrio Yahuecas del tér——
mino municipal de Adjuntas, Puerto Rico, compuesto de TRES ———
CUERDAS, equivalentes a una hectp, digo, hectárea, dieciseite ——
áreas, noventa y una centiáreas y mil ochocientos sesenta y ——
ocho centésimas de otra, lindante por el NORTE, con la parcela —
número siete, por el SUR, con la parcela número quince, por el -
ESTE, con la Sucesión de Antonio Bennazar y por el OESTE, con la
parcela número diez. Dentro de la parcela descrita se encuentra
una casa de concreto y bloques, construída por la Puerto Rico —
Reconstruction Administration.———————————————————

————Inscrita por su orígen al folio quince vuelto del tomo ciento
treinta y uno de Adjuntas, finca número cuatro mil novecientos -
treinta y dos, inscripción tercera.———————————————

————Adquirieron los deudores hipotecarios la descrita propiedad
por compra a Don Eugenio Maldonado Sánchez, según consta de la
escritura número cuarenta y cuatro, otorgada en Adjuntas,————
Puerto Rico, el día veinticuatro de septiembre de mil novecien—
tos setenta y cuatro, ante el Notario, digo, la Notario Aura ——
Nélida Pérez.————————————————————————————

FORMA FmHA 427-1 PR

Folio 17 vuo.
Tomo 131 de Adjuntas
Fca. # 4,932
Inv. 6 ta

11

Folio 30
Tomo 219 (ilegible)
Fca.# 8477
Ins. 1ª

---RUSTICA:  Predio de terreno radicado en el barrio Yahuecas del término municipal de Adjuntas, Puerto - Rico, con una cabida de VEINTICINCO CUERDAS CON SE---SENTA Y TRES CENTIMOS DE OTRA, equivalentes a diez - hectáreas, cero siete áreas, treinta y cinco centiá-reas y noventa miliáreas.  Colindando al NORTE, con la Sucesión Rivera y Juan A. Bennazar, por el SUR, - con terrenos de Antonio Matías y Gregorio Maldonado, al ESTE, con la Sucesión de Luis Rivera y José A.----Ruiz y al OESTE, con Juan A. Bennazar, Sucesión Luis Rivera, Reinaldo González, Eugenio Maldonado y ------Francisco Fernandini.- -----------------------------

---Inscrita por su orígen al folio doscientos ------cuarenta y uno y sesenta y cinco vuelto, tomo ciento cuarenta y ocho y doscientos  siete de Adjuntas, ---finca númeropcinco mil quinei, digo, cinco mil -----quinientos ochenta y siete.--------------------------

---Adquirieron los deudores hipotecarios la descrita propiedad por compra a Don Juan Alberto Bennazar --Vicens y Doña Carmen Margarita Corrada, según cosnta de la escritura número trece, otorgada en Adjuntas, Puerto Rico, el día quince de enero de mil novecientos setenta y nueve, ante el Notario Serafín Rosado Santiago.-----------------------------------------



Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a ————————

según consta de la Escritura Número ————————————————

——————— de fecha ————————————————————

————————————otorgada en la ciudad de ————————

ante el Notario ————————————————————————

Dicha propiedad se encuentra ————————————————




DUODECIMO: Que comparecen en la presente escritura como Deudores

Hipotecarios DON JOSE A. MALDONADO MATIAS Y DOÑA ANA ROSA ———

VELAZQUEZ, mayores de edad, casados entre sí, propietarios,———

cuya dirección postal es: Bo. Yahuecas, Buzón seiscientos vienti,—

ocho, veintiocho, Adjuntas, Puerto Rico  cero cero seis cero —

uno.—

DECIMO TERCERO:  El importe del préstamo aquí consignado se usó

o será usado para fines agrícolas y la construcción y/o reparación y/o

mejoras de las instalaciones físicas en la finca(s) descrita(s). ———————

DECIMO CUARTO:  El prestatario ocupará personalmente y usará cualquier

estructura que haya sido construida, mejorada o comprada con el importe del

préstamo aquí garantizado y no arrendará o usará para otros fines dicha

estructura a menos que el Gobierno lo consienta por escrito.  La violación de

esta cláusula como la violación de cualquiera otro convenio o cláusula aquí

contenida ocasionará el vencimiento de la obligación como si todo el término

hubiese transcurrido y en aptitud el Gobierno de declarar vencido y pagadero

el préstamo y proceder a la ejecución de la hipoteca.————————————

DECIMO QUINTO:  Esta hipoteca se extiende expresamente a toda

construcción o edificación existente en la(s) finca(s) antes descrita(s) y a toda

mejora, construcción o edificación que se construya en dicha finca(s) durante

la vigencia del préstamo hipotecario constituido a favor del Gobierno,

verificada por los actuales dueños deudores o por sus cesionarios o causa-

habientes.————————————————————————————

FORMA FmHA 427-1 PR

12

Forma FmHA 427-1 PR
10/77

**DECIMO SEXTO:**   El deudor hipotecario por la presente renuncia mancomunada y solidariamente por sí y a nombre de sus herederos causahabientes, sucesores o representantes a favor del acreedor (Administración de Hogares de Agricultores), cualquier derecho de Hogar Seguro (Homestead) que en el presente o en el futuro pudiera tener en la propiedad descrita en el párrafo undécimo y en los edificios allí enclavados o que en el futuro fueran construídos; renuncia esta permitida a favor de la Administración de Hogares de Agricultores por la Ley Número trece (13) del veintiocho (28) de mayo de mil novecientos sesenta y nueve (1969) (31 L.P.R.A. 1851).-

**DECIMO SEPTIMO:**   El acreedor y el deudor hipotecario convienen en que cualquier estufa, horno, y calentador comprado o financiado total o parcialmente con fondos del préstamo aquí garantizado, se considerará e interpretará como parte de la propiedad gravada por esta Hipoteca. ------

**DECIMO OCTAVO:**   Manifiestan además los comparecientes que por tratarse de un préstamo para fines agrícolas han acordado en no distribuir la responsabilidad entre las fincas gravadas y por — lo tanto todas responderán por separado solidaria y mancomunadamente de la deuda, principal, intereses, costas y demás créditos garantizados por esta escritura; todo ello conforme al Artículo Ciento diecinueve de la Ley Hipotecaria, según el mismo ha sido enmendado por la Ley Número setenta y nueve del veinticinco de junio de mil novecientos sesenta y nueve.------

**DECIMO NOVENO:**   Toda mejora, construcción o edificación que se construya en dicha finca durante la vigencia antes mencionada deberá ser construída previa autorización por escrito del acreedor hipotecario, conforme a los reglamentos presentes y a ------ aquellos futuros que se promulgaren de acuerdo a las leyes ------ federales y locales no inconsistentes o incompatibles con las -- leyes presentes que gobiernan estos tipos de préstamos.------

**VIGESIMO:**   Los otorgantes aceptan la presente escritura en la forma redactada por ser conforme a lo convenido. Yo, el ------ Notario, de todo lo consignado, j, digo, hícele las adverten------ cias legales pertinentes y bien impuestos de ellas así la ------ otorgan y firman, estampando además las iniciales al margen de todos y cada uno de los folios. Previa lectura que a todos ------ hice en alta voz y en un sólo acto de esta escritura porque ------

Agricultura - Jay-Ce Printing

FORMA FmHA 427-1 PR

renunciaron al derecho de leerlo por sí mismos, al que les ——
advertíttenían.  Yo, el Notario de todo lo contenido en este —
instrumento público, DOY FE.——————————————————

——Se aclara que el Deudor Hipotecario es también conocido por
Alberto Maldonado Matías.  REPITO LA FE.—————————

FIRMADO:   JOSE A. MALDONADO MATIAS Y ANA ROSA ————
VELAZQUEZ.————————————————————————————

AL MARGEN INICIALES.———————————————————
Firmado, signado, sellado y rubricado.  SERAFIN ROSADO
SANTIAGO.  Se encuentran cancelados los correspondientes sellos
de Rentas Internas e Impuestos Notarial.  Concuerda bien y fiel-
mente con la escritura Matriz que bajo el numero indicado obra en
el protocolo de instrumentos publicos de esta notaria a mi cargo, y
que me remito.  En fé de ello, y para entregar a ESTADOS
UNIDOS DE AMERICA ——parte interesada, expido, la presente
copia certificada, que autorizo bajo mi firma, signo, sello y rúbrica,
el mismo día, mes y año de su otorgamiento ........................

Abogado–Notario

—14—

EXHIBIT

3

Filed as entry: 57
Log: 249
Time: 2:35
Date: August 6, 91
Property Records of Utuado


JOSE A. SALICETI MALDONADO
ATTORNEY-NOTARY
BOX 97 TEL. 829-2640
ADJUNTAS, P.R. 00601


NUMBER: 80

DEED OF REAMORTIZATION OF MORTGAGE LOAN AND MODIFICATION OF
MORTGAGE

EXECUTED BY

JOSE ALBERTO MALDONADO MATIAS AND ANA ROSA VELAZQUEZ
CRESPO

TO: THE UNITED STATES OF AMERICA

IN ADJUNTAS, P.R., ON JULY 29, 1991

1

JOSE A. SALICETI MALDONADO
NOTARY PUBLIC

NUMBER EIGHTY (80)

REAMORTIZATION OF MORTGAGE LOAN AND MORTGAGE MODIFICATION

In the city of Adjuntas, Puerto Rico, on July twenty-nine, nineteen ninety-one.

IN MY PRESENCE

JOSE A. SALICETI MALDONADO, Attorney and Notary Public for this island, with residence and offices in Adjuntas, Puerto Rico.

THERE APPEAR

AS ONE PARTY: AS MORTGAGORS : MR. JOSE ALBERTO MALDONADO MATIAS, also known as JOSE A. MALDONADO MATIAS,             , and MRS. ANA ROSA VELAZQUEZ CRESPO, also known as ANA ROSA VELAZQUEZ, : ᶜ     . both of legal age, married to each other, property owners and residents of Adjuntas, Puerto Rico.

AS THE OTHER PARTY: AS MORTGAGEE: UNITED STATES OF AMERICA, acting through the Administrator of the Farmers Home Administration, in accordance with the dispositions of the Congress Law known as "Consolidated Farmers Home Administration Act of 1961" with main offices in Washington, District of Columbia, United States of America, represented herein by MR. JOSE LUIS MALDONADO CARABALLO, :            ɔf legal age, married, employed and a resident of Adjuntas, Puerto Rico, whose authority is duly noted in the   Property Registry. Employer identification number: 7              /.

I BEAR WITNESS

To my personal acquaintance of the appearing parties, and to their statements regarding their personal information. They assure me that they have, and in my judgment they do have, the necessary legal capacity to execute this deed, thus freely

THEY DECLARE

FIRST: That the mortgagors, MR. JOSE ALBERTO MALDONADO MATIAS, also known as JOSE A. MALDONADO MATIAS, and MRS. ANA ROSA VELAZQUEZ CRESPO, also known as ANA ROSA VELAZQUEZ, are the owners of the following properties:

2

A. RURAL: Plot of land, number eleven in case *café** seven hundred and ninety-seven, located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS***, equivalent to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred and sixty-eight hundredths of another. With boundaries to the NORTH, with plot number seven; to the SOUTH, with plot number fifteen; to the EAST, with the heirs of Antonio Bennazar; and to the WEST, with plot number ten. There is a house made of concrete and blocks, built by the Puerto Rico Reconstruction Administration on the described plot.

Recorded on page one hundred and forty-one, volume two hundred and seventeen of Adjuntas, farm number four thousand nine hundred and thirty-two, eighth recording.

B. RURAL: Plot of land located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, with an area of TWENTY-FIVE AND SIXTY-THREE HUNDREDTHS *CUERDAS***, equivalent to ten hectares, seven ares, thirty-five centiares and ninety milliares. With boundaries to the NORTH, with the heirs of Rivera and Juan A. Bennazar; to the SOUTH, with properties of Antonio Matías and Gregorio Maldonado; to the EAST, with the heirs of Luis Rivera and José A. Ruiz; and to the WEST, with Juan A. Bennazar, the heirs of Luis Rivera, Reinaldo González, Eugenio Maldonado and Francisco Fernandini.

Recorded on page thirty-three, volume two hundred and nineteen of Adjuntas, farm number eight thousand four hundred and seventy-seven, fourth recording.

That the described properties are encumbered by a mortgage securing a promissory note in favor of the United States of America in the amount of FORTY THOUSAND DOLLARS ($40,000.00), with interest at FIVE PERCENT (5%) per annum, said principal and interests being payable by installments as stipulated therein, pursuant to voluntary mortgage deed number fourteen, dated January fifteen, nineteen seventy-nine, before the Notary Serafín Rosado Santiago, in Adjuntas, Puerto Rico.

That said mortgage was reamortized pursuant to deed number forty, dated September twenty-seven, nineteen eighty-five and executed before the Notary Serafín Rosado Santiago, in Adjuntas, Puerto Rico.

That said mortgage is recorded on pages one hundred and forty-one, and thirty-three, volumes two hundred and seventeen and two hundred and nineteen of Adjuntas, farms number four thousand nine hundred and thirty-two and number eight thousand four hundred and seventy-seven.

---

* *Café* is the Spanish word for coffee; in this context it might be designating the letter "c", as in "c" as in "coffee".
** *"Cuerda" is an area measurement equivalent to 0.971 acre, 3,930.3956 sq. meters, or 42,291 sq. ft., 1 acre = 1.029*

3

SECOND: The mortgagors, MR. JOSE ALBERTO MALDONADO MATIAS and his wife, MRS. ANA ROSA VELAZQUEZ CRESPO, state that, in order to reamortize the mortgage debt(s), they requested and obtained the approval of the mortgagee, UNITED STATES OF AMERICA, acting through the Administrator of the Farmers Home Administration, in accordance with the regulations of the Congress Law called "Consolidated Farmers Home Administration Act of 1961" and regulations approved therein, to reamortize the mortgage debt.

THIRD: The appearing parties, MR. JOSE ALBERTO MALDONADO MATIAS and his wife, MRS. ANA ROSA VELAZQUEZ CRESPO, state that they are personally aware of each and every one of the obligations, clauses and stipulations contained or mentioned in the mortgage deed, and they hereby clearly, solemnly and absolutely agree to comply with each and every one of said obligations, clauses and stipulations as required by Farmers Home Administration (FmHA).

REAMORTIZATION AND MODIFICATION OF PAYMENT OF THE PROMISSORY
NOTE AND MORTAGE

FOURTH: The appearing party, MR.JOSE LUIS MALDONADO CARABALLO, in the capacity he bears, states that because the mortgagors, MR. JOSE ALBERTO MALDONADO MATIAS and his wife, MRS. ANA ROSA VELAZQUEZ CRESPO, have qualified to receive the benefits of the Congress Law known as "Consolidated Farmers Home Administration Act of 1961", as amended, he has agreed to reamortize and modify the form of payment of the installments established in the promissory note and in the mortgage as follows:

The  amount of this promissory note and the mortgage securing it, has been increased and reamortized on  July twenty-nine, nineteen ninety-one and had an unpaid balance amounting to FORTY-SIX THOUSAND FIVE HUNDRED AND EIGHTY-TWO HUNDRED AND FORTY-FOUR DOLLARS AND NINE CENTS ($46,582.09) of principal and ONE THOUSAND FOUR HUNDRED AND TWENTY DOLLARS AND ELEVEN CENTS ($1,420.11) of capitalized interests, which shall accrue interest at the rate of  FIVE PERCENT (5%) per annum, plus the sum of ONE THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS AND SIXTY-FIVE CENTS ($1,333.65) of non-capitalized interests, which shall not accrue interest, for a total of FORTY-NINE THOUSAND THREE HUNDRED AND THIRTY-FIVE DOLLARS AND EIGHTY-FIVE CENTS ($49,335.85), and, as it has been granted a five (5) year partial deferment, it shall be paid as follows:

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-two;
THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-three;
THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-four;
THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-five;

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-six;

FOUR THOUSAND ONE HUNDRED AND SIXTY-ONE DOLLARS ($4,161.00) on or before January first, nineteen ninety-seven;

FOUR THOUSAND ONE HUNDRED AND SIXTY-ONE DOLLARS ($4,161.00) on the following January first, except for the final payment of the debt evidenced herein, which shall be made on or before July twenty-nine, two thousand and eighteen.

FIFTH: The appearing party, MR. JOSE LUIS MALDONADO CARABALLO, in the capacity he bears, gives me, the Notary, the promissory note secured by the mortgage, and he assures me that it has not been negotiated or encumbered in any way by the current holder and owner, United States of America, and once it has been identified by me, the Notary, and I have ascertained that it is the same promissory note, I proceed to place the following note on the back of it:

"The amount of this promissory note and the mortgage securing it, has been increased and reamortized on July twenty-nine, nineteen ninety-one and had an outstanding balance of FORTY-EIGHT THOUSAND FIVE HUNDRED AND EIGHTY-TWO DOLLARS AND NINE CENTS ($48,582.09) of principal plus ONE THOUSAND FOUR HUNDRED AND TWENTY DOLLARS AND ELEVEN CENTS ($1,420.11) of capitalized interests, which shall accrue interest at the rate of FIVE PERCENT (5%) per annum, plus the sum of ONE THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS AND SIXTY-FIVE CENTS ($1,333.65) of non-capitalized interests, which shall not accrue interest, for a total of FORTY-NINE THOUSAND THREE HUNDRED AND THIRTY-FIVE DOLLARS AND EIGHTY-FIVE CENTS ($49,335.85), and, as it has been granted a five (5) year partial deferment, it shall be paid as follows:

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-two;

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-three;

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-four;

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-five;

THREE HUNDRED AND FORTY-TWO DOLLARS ($342.00) on or before January first, nineteen ninety-six;

FOUR THOUSAND ONE HUNDRED AND SIXTY-ONE DOLLARS ($4,161.00) on or before January first, nineteen ninety-seven;

FOUR THOUSAND ONE HUNDRED AND SIXTY-ONE DOLLARS ($4,161.00) on the following January first, except for the final payment of the debt evidenced herein, which shall be made on or before July twenty-seven, two thousand and eighteen, pursuant to deed number eighty (80), dated July twenty-nine, nineteen ninety-one, before the Notary José A. Saliceti Maldonado, executed in Adjuntas, Puerto Rico. (Signed, stamped, sealed and endorsed). I BEAR WITNESS.

Once the note is attached and signed, I return it to the appearing party, Mr. José Luis Maldonado Caraballo, in the capacity he bears.

SIXTH: In order to comply with the dispositions set forth in article one hundred and seventy-nine of the mortgage laws, the mortgaged properties are appraised in the amount of FORTY-NINE THOUSAND THREE HUNDRED AND THIRTY-FIVE DOLLARS AND EIGHTY-FIVE CENTS ($49,335.85), of which TWENTY-FOUR THOUSAND SIX HUNDRED AND SIXTY-SEVEN DOLLARS AND NINETY-TWO CENTS ($24,667.92) apply to farm A, and TWENTY-FOUR THOUSAND SIX HUNDRED AND SIXTY-SEVEN DOLLARS AND NINETY-TWO CENTS ($24,667.92) apply to farm B. Said amount applies both to the mortgage responsibility and the appraisal value.

SEVENTH: The parties herein also agree that this reamortization agreement does not constitute a cancellation of the aforementioned current obligation (debt), as there is no incompatibility or inconsistency between said current obligation (debt) and the modification of the same under the terms and conditions set forth herein. Thus, the Property Recorder is requested to have this recorded.

## ACCEPTANCE AND WARNINGS

The parties accept this deed as written as it conforms to their agreement. I, the Notary, have given the parties the pertinent legal warnings for this deed.

So the parties state and execute before me, and once this deed was read by the parties, they ratify its content and sign this deed, placing their initials in the margin of every page herein.
TO ALL OF WHICH, as well as to my having observed the requirements of the Law, I, the Notary, who signs, stamps, seals and endorses, BEAR WITNESS.

SIGNED BY: JOSE LUIS MALDONADO CARABALLO, JOSE ALBERTO MALDONADO MATIAS, ANA ROSA VELAZQUEZ CRESPO.

THEIR INITIALS IN THE MARGIN.

(SIGNED, SEALED, STAMPED AND ENDORSED). JOSE A. SALICETI MALDONADO.

I, the Notary, certify that this is a true and exact copy of deed number 80, which is filed in my protocol of public instruments for the current year and to which I refer. That the applicable Sales Tax and Notary Tax seals have been duly attached and cancelled in the original.
The initials of the parties appear in the margin of every page and their signatures appear on the last page of the same.
In witness whereof, and at the request of the United States of America, I issue this certified copy, which is made up of 7 sheets of legal paper, written on one side only, and which I sign, stamp, seal and endorse, leaving a record of its issuance in the original, today, July 29, 1991. I THUS CERTIFY.
[Signature]

Notary Public
[Seal]

This document is recorded as indicated in the note in the margin of the description of each of the farms. Charges: They are encumbered by mortgages of $7,000.00 and $40,000.00 in favor of the U.S.A.; the one for $40,000.00 reamortized pursuant to this document.
Utuado, August 8, 1991.
[Signature]
Property Recorder
Exempt.
[Seal]
10/25/91 [Signature]


# **CERTIFICATE**

I hereby certify that the attached Deed of Reamortization of Mortgage Loan and Mortgage Modification is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.


DATED this 17th day of January of 2005.


Nicole Harris


WITNESS my hand and official seal hereto affixed this this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06

LCDO. JOSE A. SALICETI MALDONADO

NOTARIO PUBLICO

---NUMERO OCHENTA(80)-----------------------------------------

-------------ESCRITURA DE REAMORTIZACION DE PRESTAMO-----------

-------------HIPOTECARIO Y MODIFICACION DE HIPOTECA-----------

---En la ciudad de Adjuntas, Puerto Rico hoy día veintinueve de

julio de mil novecientos noventa y uno.-----------------------

--------------------------- ANTE MI---------------------------

---JOSE A. SALICETI MALDONADO- Abogado y Notario Público en

esta Isla, con estudio, vecindad y bufete abierto en Adjuntas,

Puerto Rico --------------------------------------------------

----------------------- COMPARECEN ---------------------------

---DE UNA PARTE:  COMO DEUDOR HIPOTECARIO: DON JOSE ALBERTO

MALDONADO MATIAS, también conocido por José A. Maldonado Matías

...... y su esposa DOÑA ANA ROSA VELAZQUEZ CRESPO también

conocida por Ana Rosa Velázquez, mayores de edad, casados entre

sí, propietarios y vecinos de Adjuntas, Puerto Rico.-----------

---DE LA OTRA PARTE:  COMO ACREEDOR HIPOTECARIO:  ESTADOS

UNIDOS DE AMERICA, actuando por conducto y a través del Adminis

trador de la Administración de Hogares de Agricultores, a tenor

con las disposiciones de la Ley del Congreso denominada ------

"Consolidated Farmers Home Administration Act of 1961", con

oficinas principales en Washington, Distrito de Columbia,----

Estados Unidos de América, representado en este acto por DON

JOSE LUIS MALDONADO CARABALLO--------------------------------



casado, empleado y vecino de Adjuntas, ..................

ter consta debidamente acreditada en el Registro de la ....

dad.  Seguro Social patronal-

--------------------------- FE ------------------------------

---DOY del conocimiento personal de los comparecientes a .....



sus dichos de sus circunstancias personales. Me aseguran tener

y a mi juicio tienen la capacidad legal necesaria para ente----

acto de otorgamiento de escritura y en su virtud libre y v lun

tariamente;----------------------------------------------------

--------------------- EXPONEN -------------------------

---Primero: Que el deudor hipotecario, Don José Alberto-----

Maldonado Matías también conocido por José A. Maldonado Mat ías

y su esposa Doña Ana Rosa Vélasquez Crespo también conoci la por

Ana Rosa Velanquez, son dueños de las siguientes propie la les

-A--- RUSTICA:  Predio de terreno número once del caso resi---
      atecientos noventa y siete radicada en el barrio Yahu----
      del término municipal de Adjuntas, Puerto Rico, compuest
      TRES CUERDAS, equivalentes a una hectárea, diecinue ---
      áreas, noventa y una centiáreas y mil ochocientos cen ti
      y ocho centésimas de otra, lindando por el Norte, con la
      parcela número siete; por el Sur, con la parcela número
      quince; por el Oeste, con la parcela número diez y por el
      Este, con la Sucesión de Antonio Banzazar.--------------

      Dentro de la parcela descrita se encuentra una casa de---
      concreto y bloques, construida por La Puerto Rico R---
      truction Administration.-------------------------------

      Inscrita al folio ciento cuarenta y uno del tomo dos---
      cientos diecisiete, finca número cuatro mil novecien or
      treinta y dos, inscripción octava.---------------------
      De Adjuntas.-------------------------------------------

-B---RUSTICA:  Predio de terreno radicado en el barrio Yahu---
      del término municipal de Adjuntas, Puerto Rico con una---
      cabida de VEINTICINCO CUERDAS CON SESENTA Y TRES CENTIM
      DE OTRA, equivalentes a diez hectáreas, cero siete áreas,
      treinta y cinco centiáreas y noventa miliáreas.  Colinda
      do al Norte, con la Sucesión Rivera y Juan A. Benanaz---
      por el Sur, con termos de Antonio Matías y Gregori---
      Maldonado; por el Este, con la sucesión de la Inés Rivera y
      José A. Ruiz y al Oeste, con Juan A. Benanazar, Sucesión
      de Luis Rivera, heinaldo González, Eugenia Maldonado y---
      Francisco Fernandini.----------------------------------

      Inscrita al folio treinta y tres del tomo doscientos die-
      cinueve, de Adjuntas, finca número ocho mil cuatrocientos
      setenta y siete, inscripción cuarta.-------------------

---Que la antes descrita finca se hallan afecta a una hipoteca

por la suma  de CUARENTA  MIL DOLARES($40,000.00), con intereses

al cinco por ciento(5%) anual,pagadero dicho principal e intere-

ses en los plazos que en el mismo se estipulan, según resulta de

la escritura número catorce de fecha quince de enero de mil

novecientos setenta y nueve, sobre Hipoteca otorgada ante el---

Notario Serafín Rosado Santiago, otorgada en Adjuntas, Puerto

Rico.----------------------------------------------------------

3

---Que dicha deuda hipotecaria fue reamortizada mediante escri-

tura número cuarenta de fecha veintisiete de septiembre de mil -

novecientos ochenta y cinco, ante el Notario Serafín Rosado----

Santiago, otorgada en Adjuntas, Puerto Rico.----------------------

---Que dicha hipoteca se encuentra inscrita a los folios ciento

cuarenta y uno y treinta y tres, tomos doscientos diecisiete y--

doscientos diecinueve de Adjuntas, fincas números cuatro mil ----

novecientos treinta y dos y ocho mil cuatrocientos setenta y-----

siete.---------------------------------------------------------------

---Segundo: Sigue manifestando los deudores hipotecarios Don---

José Alberto Maldonado Matías y su esposa Doña Ana Rosa----------

Velázquez Crespo, que con el fin de reamortizar la deuda hipo-

tecaria, solicitaron y obtuvieron el consentimiento del --------

Acreedor Hipotecario, Estados Unidos de América, actuando por---

conducto y a través del Administrador de la Administración de--

Hogares de Agricultores, de conformidad con la Ley del Congreso

titulada "Consolidated Farmer's Home Administration, Act of--

1961" y el reglamento aprobado, al efecto para reamortizar la

deuda hipotecaria.--------------------------------------------------

---Tercero: Manifiesta los comparecientes Don José Alberto----

Maldonado Matías y su esposa Doña Ana Rosa Velázquez Crespo, ---

que son de su propio y personal conocimiento todas y cada una---

de las obligaciones, cláusulas y estipulaciones contenidas en--

mencionadas en la escritura de hipoteca, y en este acto en------

forma clara, solemne y terminantemente, se obligan a cumplir----

todas y cada una de dichas obligaciones, cláusulas y estipula--

ciones requeridas por la Administración de Hogares de Agricul--

tores (FmHA).-------------------------------------------------------

--------- REAMORTIZACION Y MODIFICACION DE PAGO DE-----------

----------------------- PAGARE E HIPOTECA------------------

---Cuarto: Manifiesta el compareciente Don José Luis Maldonado

Caraballo, en el carácter que ostenta, que habiendo sido-------

aceptado los deudores hipotecarios, Don José Alberto Maldonado

Matías y su esposa Doña Ana Rosa Velázquez Crespo, para recibir

los beneficios de la Ley del Congreso "Consolidated Farmer's--





Home Administration Act of 1961", según enmendada, ha convenido

en reamortizar y modificar la forma de pago de los plazos con-

signados en el pagaré y en la hipoteca en la siguiente forma:-

---El importe de este pagaré y la hipoteca que lo garantiza, ha

sido ampliado y reamortizado al veintinueve de julio de mil no-

vecientos noventa y uno dio un saldo deudor montante a CUARENTA

Y SEIS MIL QUINIENTOS OCHENTA Y DOS DOLARES CON CERO NUEVE CEN-

TAVOS($46,582.09), de principal, y MIL CUATROCIENTOS VEINTE -

DOLARES CON ONCE CENTAVOS($1,420.11) de intereses capitalizados

que devengaron intereses a razón de un cinco por ciento(5%) -

anual y la suma de MIL TRESCIENTOS TREINTA ( TRES DOLARES CON -

SESENTA Y CINCO CENTAVOS($1,333.65), de intereses no capitali

zables, los cuales no devengaron intereses, para un total de -

CUARENTA Y NUEVE MIL TRESCIENTOS TREINTA Y CINCO DOLARES CON—

OCHENTA Y CINCO CENTAVOS($49,335.85), y por habérsele dado un

diferimiento parcial de cinco(5) años habrá de ser pagada en la

siguiente Forma:-------------------------------------------------

---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del -

primero de enero de mil novecientos noventa y dos.--------------

---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del

primero de enero de mil novecientos noventa y tres.------------

---TRescientos Cuarenta y Dos Dólares($342.00) en o antes del—

primero de enero de mil  novecientos noventa y cuatro.---------

---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del-

primero de enero de mil novecientos noventa y cinco.-----------

---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del-

primero de enero de mil novecientos noventa y seis.-----------

---Cuatro Mil Ciento Sesenta y Un Dólares($4,161.00) en o antes

del primero de enero de mil novecientos noventa y siete.-------

---Cuatro Mil ciento Sesenta y Un Dólares($4,161.00) al primero

de enero subsiguiente excepto que el plazo final de lo adeudado

aquí evidenciada se hará en o antes del veinti

del dos mil dieciocho.--------------------------

---Quinto: El compareciente Don José Luis

en el carácter que ostenta, me entrega a mi




5
46

*el pagaré garantizado con la hipoteca, quien me asegura no ha --*

*sido negociado ni gravado en forma alguna por el actual tenedor*

*y poseedor Estados Unidos de América y una vez identificado el-*

*mismo por mí, el Notario, cerciorándome que se trata del mismo*

*pagaré, procedo a poner al dorso del mosmo la siguiente nota:--*

*----"El importe de este pagaré y la Hipoteca que lo garantiza,-*

*ha sido ampliado y reamortizado al veintinueve de julio de mil*

*novecientos noventa y uno y dio un saldo deudor montante a-----*

*CUARENTA Y SEIS MIL QUINIENTOS OCHENTA Y DOS DOLARES CON CERO--*

*NUEVE CENTAVOS($46,582.09), de principal, y MIL CUATROCIENTOS--*

*VEINTE DOLARES CON ONCE CENTAVOS($1,420.11), de intereses capi-*

*talizables que devengaran intereses a razón de un cinco por----*

*ciento(5%) anual y la suma de MIL TRESCIENTOS TREINTA Y TRES---*

*DOLARES CON SESENTA Y CINCO CENTAVOS($1,333.65), de intereses--*

*no capitalizables, los cuales no devengaran intereses, para un-*

*total de CUARENTA Y NUEVE MIL TRESCIENTOS TREINTA Y CINCO------*

*DOLARES CON OCHENTA Y CINCO CENTAVOS($49,335.85), y por haberse-*

*le dado un diferimiento parcial de cinco(5) años habrá de ser-*

*payada en la siguiente forma:-----------------------------------*

*---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del-*

*primero de enero de mil novecientos noventa y dos.-------------*

*---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del--*

*primero de enero de mil novecientos noventa y tres.-----------*

*---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del-*

*primero de enero de mil novecientos noventa y cuatro.----------*

*---Trescientos Cuarenta y Dos Dólares ($342.00) en o antes del-*

*primero de enero de mil novecientos noventa y cinco.-----------*

*---Trescientos Cuarenta y Dos Dólares($342.00) en o antes del-*

*primero de enero de mil novecientos noventa y seis.-----------*

*---Cuatro Mil Ciento Sesenta y Un Dólares($4,161.00) en o antes*

*del primero de enero de mil novecientos noventa y siete.-------*

*---Cuatro Mil Ciento Sesenta y Un Dólares($4,161.00) el primero*

*de enero subsiguiente excepto que el plazo final de la deuda---*

*aquí evidenciada se hará en o antes del veintisiete de julio de*





dos mil dieciocho, según consta de la escritura número ochenta
(80)----------    , de fecha veintinueve de julio de mil nov.---
cientos noventa y uno, ante el Notario José A. Saliceti Maldo--
nado, otorgada den Adjuntas, Puerto Rico, (firmado, signado,---
sellado y rubricado), DOY FE.------------------------------------
---Una vez puesta la nota y firmada la misma, la devuelva------
al compareciente Don José Luis Maldonado Carballo en el carác--
ter que ostenta.------------------------------------------------
---SExto:  A los fines de dar cumplimiento a las disposiciones
del Artículo Ciento Setenta y Nueve de la Ley Hipotecaria, se
tasan los bienes hipotecados en la suma de CUARENTA Y NUEVE MIL
TRESCIENTOS TREINTA Y CINCO DOLARES CON OCHENTA Y CINCO CENTAVOS
($49,335.85), de los cuales VEINTICUATRO MIL SEISCIENTOS SESENTA
Y SIETE DOLARES CON NOVENTA Y DOS CENTAVOS($24,667.92)correspon--
den a la finca "A" y  VEINTICUATRO MIL SEISCIENTOS SESENTA Y ---
SIETE DOLARES CON NOVENTA Y TRES CENTAVOS($24,667.93) correspon--
den a la finca "B".  Que dicha suma responde tanto como para la
tasación y la responsabilidad hipotecaria.----------------------
---Séptimo:  Que las partes contratantes en este instrumento---
convienen así mismo, que este convenio de reamortización no ---
constituye una novación extintiva de la obligación(deuda) exis--
tente a la cual ya se ha hecho mención, por no haber ni existir
incompatibilidad entre dicha obligación(deuda) existente y la--
modificación de la misma bajo los términos y condiciones aquí--
consignados; por lo que se ruega al honorable Registrador de la
Propiedad, que así se haga constar en la inscripción de este ---
documento.------------------------------------------------------
--------------------ACEPTACION Y ADVERTENCIAS-------------------
---Los comparecientes aceptan esta escritura en la forma en que
está redactada por ser conforme a sus bases, Y YO el Notario,
he hecho a las partes las advertencias de ley pertinentes a es--
ente acto.------------------------------------------------------
---ASI lo dicen y otorgan los comparecientes que a mí presencia
y LEIDA esta escritura en su íntegridad por los comparecientes
en su contenido se ratifican y firman la presente escritura





estampando además sus iniciales al margen de cada folio de la
misma.------------------------------------------------------------------

----DE TODO LO CUAL, así como de haber observado los requisitos
de ley pertinentes a este acto, YO, el Notario, luego de fir-
mar, signar, sellar y rubricar, DOY FE.----------------------------

FIRMADOS:  JOSE LUIS MALDONADO CARABALLO, JOSE ALBERTO --------
           MALDONADO MATTAS, ANA ROSA VELAZQUEZ CRESPO--------
AL MARGEN SUS INICIALES--------------------------------------------

(FIRMADO, SIGNADO, SELLADO Y RUBRICADO) JOSE A.
SALICETI MALDONADO  __ __ __ __ __ __ __ __ __ __

Yo, el notario, certifico que la presente es copia fiel y exacta de
la escritura número 80 que obra en mi protocolo de Ins-
trumentos Públicos para el corriente año, al cual me remito. Que en
dicho original han sido adheridos y debidamente cancelados los co-
rrespondientes sellos de Rentas Internas y el del impuesto notarial
con el del notario. __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
Al margen de cada folio de esta escritura aparecen las iniciales de
los otorgantes y en la última página de la misma aparecen las firmas
de los otorgantes y la del notario. __ __ __ __ __ __ __ __ __ __
EN FE DE ELLO y a petición de Estados Unidos de
América expido la presente que es
copia certificada, extendida en 7 hojas de papel legal, es-
critas por una sola cara, signada, sellada, firmada y rubricada por
mi, dejando anotada su SACA en su original hoy día 29
de julio del 19 91 CERTIFICO.

NOTARIO PUBLICO





CANCELADO



inscrito este documento
donde indican las
notas marginales
de cada una de los
fincas. Corps. afecto
a hipoteca por $7,000.00
y $10,000.00 a favor de
la C.R. remodificado por
este documento la de
$40,000.00. Utuado a
8 de Agosto 1991.
Cierto

Dra. M. de Aquino
Registrador

10/05/91 Jocelyn



FmHA Form 1940-17 (S)
(Rev. 11-1-78)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
PROMISSORY NOTE

TYPE OF LOAN
Type: EMERGENCY – DESIGNATION # M-597
In accordance with:
    X    Consolidated Farm and Rural Development Act
          Emergency Agricultural Credit Adjustment Act of 1978

Name: JOSE A. MALDONADO MATIAS
State: PUERTO RICO
Office: ADJUNTAS
Case Number: 63-35-
Date: FEBRUARY 11, 1980

ACTION REQUIRING NOTE:

| | |
|---|---|
| X  Initial Loan | New Payment Plan |
|     Subsequent Loan | Reamortization |
|     Consolidation and Subsequent Loan | Sale on Credit |
|     Consolidation | Deferred Payments |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any other co-borrower, jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (herein called the "Government"), or its representative, at its offices in ADJUNTAS, PUERTO RICO, or at another location designated in writing by the Government, the principal sum of  SEVEN THOUSAND DOLLARS ($7,000.00), plus interest on the unpaid principal of FIVE PERCENT (5.0000%) PER ANNUM. If this note is for a Limited Resources Loan (indicated in the box above, under the heading "Type of Loan"), the Government may CHANGE THE INTEREST RATE, in accordance with the Farmers Home Administration regulations, not more frequently than a calendar trimester basis, and shall notify Borrower at his most current address by mail, with thirty (30) days' notice. The new interest rate shall not exceed the highest interest rate established by the Farmers Home Administration regulations for the type of loan indicated above.

Principal and interests shall be paid in 41 installments, as indicated below, unless modified by a different interest rate, on or before the following dates:

$ 311.00…………….on January 1, 1981

1

and $408.00 each January first subsequently thereafter until the principal and interests are completely paid, except for the final payment of the debt evidenced herein, which, if not sooner paid, shall be due and payable 40 years from the date of this note, with the exception that prepayments may be made as provided for below. The consideration hereof shall support any agreement modifying the schedule of payments.

If the total amount of the loan is not forwarded by the due date, the loan will be forwarded to Borrower, pursuant to request by Borrower and approval by the Government. Approval by the Government shall be granted only when the loan is requested for purposes authorized by the Government. Interests will accrue on the amount of each loan starting on the date these become effective as shown in the Payment Log at the end of this note. Borrower authorizes the Government to note the amount(s) and date(s) of any prepayment(s) in the Payment Log.

For any note that is reamortized, consolidated or with a new payment plan, interests accumulated as of the date of this instrument will be added to the principal and the new principal will accrue interests at the rate evidenced herein.

Every payment made on any indebtedness evidenced by this note shall be applied first to interests computed as of the effective payment date and then to the principal.

Payments in advance of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, according to the source of the funds involved, shall, after payment of interest, be applied to the last installments to come due under this promissory note, and shall not affect Borrower's duty to pay the remaining installments as scheduled herein. If at any time the Government should assign this promissory note and insure payment of the same, the Borrower shall continue making payments to the Government as collecting agent of the holder.

If this note is held by an insured lender, advance payments made by Borrower may, at the Government's option, be transferred promptly by the Government to the holder, except the final payment, or such payments shall be retained by the Government and transferred to the holder either on an annual installment due date basis. The effective date of any advance payment retained and transferred by the Government to the holder on an annual installment due date basis shall be the date of Borrower's advance payment, and the Government shall pay the interest to which the holder is entitled, accruing between the effective date of any such advance payment and the date of the Treasury check paid to the holder.

Any amount forwarded or invested by the Government in order to collect on this promissory note or to preserve or protect the security of the loan or paid in any way under the terms of any security agreement or other instrument executed in relation to the loan evidenced herein, shall, at the option of the Government, become part of the loan and shall accrue interest at the same rate as the principal of the debt evidenced herein and

2

shall be immediately due and payable by the Borrower to the Government without the need of requirements.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced herein shall not be voluntarily leased, surrendered, sold, transferred, or encumbered, without the previous written consent of the Government. Unless the Government gives written consent to the contrary, Borrower will personally manage said property as a farm if this is a Farm Owner (FO) loan.

If "Consolidation and Subsequent Loan", "Consolidation", "Reamortization" or "New Payment Plan" is marked in the upper box of the first page titled "Action Requiring Note", this promissory note is executed to consolidate, reamortize or as evidence of a new payment plan, but not to satisfy the principal and interests of the following promissory note(s) or assumption agreement(s) (new terms):

AMOUNT OF NOTE: $
INTERESTS: %
DATE:
ORIGINAL BORROWER:
LAST INSTALLMENT DUE:

The security documents taken in relation to the loans evidenced by the described promissory notes or other stated obligations are not affected by the execution of this consolidation, reamortization or new payment plan. These security instruments shall remain in effect and the security offered for the loans evidenced by the described promissory notes shall continue to guarantee the loan evidenced by this promissory note and by any other stated obligations.

REFINANCING AGREEMENT: If at any time the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or other private credit source at reasonable rates and terms for loans for similar purposes and time periods, Borrower shall, at the Government's request, apply for and accept a loan of a sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary shares.

DEFAULT: Failure to pay any debt described herein when due, or failure to comply with any condition or agreement of this document, shall constitute default under any other instrument evidencing a debt insured or guaranteed by the Government, or in any other way related to such debt, that the Borrower may have; and default under any other instrument shall constitute default under the terms of this document. UPON ANY SUCH DEFAULT, the Government, at its discretion, may declare all or part of such debt due and payable immediately.

This note is given as evidence of a loan to Borrower made or insured by the Government, pursuant to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan indicated in the box

'TYPE OF LOAN" above. This note is subject to the present regulations of Farmers Home Administration and to its future regulations not inconsistent with the stipulations expressed herein.

Presentation, protest, and notice are hereby expressly waived.

[Signature]
JOSE A. MALDONADO MATIAS (BORROWER)
[Signature]
ANA ROSA VELAZQUEZ (BORROWER)

Bo. Yahuecas, box 628
Adjuntas, Puerto Rico 00601

*SEE NOTE ON BACK OF THIS PROMISSORY NOTE

PAYMENT LOG

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $7,000.00 | 02-11-80 | $ | | $ | |

TOTAL: $7,000.00

ADDENDUM TO PROMISSORY NOTE:

"The amount of this promissory note and the mortgage securing it has been increased and reamortized on July twenty-nine, nineteen ninety-one, having an unpaid balance of SIX THOUSAND FOUR HUNDRED AND FORTY-FOUR DOLLARS AND FORTY-EIGHT CENTS ($6,444.48) of principal, TWO HUNDRED AND FORTY-FOUR DOLLARS AND FIFTY-THREE CENTS ($244.53) of capitalized interests, which shall accrue interest at the rate of FOUR AND ONE HALF PERCENT (4.5%), plus ONE HUNDRED AND EIGHTY-FOUR DOLLARS AND FIFTY-FOUR CENTS ($184.54) of non-capitalized interests, for a total of SIX THOUSAND EIGHT HUNDRED AND SEVENTY-THREE DOLLARS AND FIFTY-TWO CENTS ($6,873.52), and has it been granted a five (5) year deferment, it shall be paid as follows:

ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-two; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-three; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-four;  EIGH ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-five; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-six; FIVE HUNDRED AND FORTY-EIGHT DOLLARS ($548.00) on or before January first, nineteen ninety-seven; FIVE HUNDRED AND FORTY-EIGHT DOLLARS ($548.00) on or before the following first of January, except for the final payment of the debt evidenced herein, which shall be made on or before July 29, 2019, pursuant to deed number seventy-nine dated July 29, 1991, before the Notary José A. Saliceti Maldonado. I BEAR WITNESS."

4

In Adjuntas, Puerto Rico, on July 29, 1991.
(SIGNED, STAMPED, SEALED AND ENDORSED).
[Signature]
NOTARY PUBLIC
[Seal]


ADDENDUM REGARDING DEFERRED INTERESTS:

Addendum to the promissory note dated February eleven, nineteen eighty, in the original amount of SEVEN THOUSAND DOLLARS ($7,000.00) at five percent per annum (5.00%). This agreement amends and is attached to the aforementioned promissory note. The amount of SEVENTY-FIVE DOLLARS ($75.00) of each regular payment made on the note shall be applied to the interest accumulated during the deferment period. The remainder of such regular payments shall be applied in accordance with Section 7-CFR, Part 1951, paragraph A.

I (we) agree to sign a supplementary payment agreement and to make additional payments if we have a significant increase in our income and ability to pay during the deferment period.

July 29, 1991
Date
[Signature]
BORROWER
[Signature]
SPOUSE


# **CERTIFICATE**

I hereby certify that the attached Promissory Note is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

5

DATED this 17th day of January of 2005.

_Cecelia_

Nicole Harris

WITNESS my hand and official seal hereto affixed this
this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06

6

O 7

Forma FmHA 1940-17 (S)
(Rév. 11-1-78)

Maldonado Matias José A

CLASE DE PRESTAMO

Tipo: **EMERGENCIA –DESIG. # M –597**

DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
ADMINISTRACION DE HOGARES DE AGRICULTORES

De acuerdo a:

☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**PAGARE**

| Nombre **JOSE A. MALDONADO MATIAS** | |
|---|---|
| Estado **PUERTO RICO** | Oficina **ADJUNTAS** |
| Caso Núm. **63-35-** | Fecha **11 DE FEBRERO DE 1980** |

ACCION QUE REQUIERE PAGARE:

☒ Préstamo Inicial ☐ Nuevo Plan de Pago
☐ Préstamo Subsiguiente ☐ Reamortización
☐ Consolidación y préstamo ☐ Venta a Crédito
subsiguiente ☐ Pagos Diferidos
☐ Consolidación

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en _____ADJUNTAS, PUERTO RICO _____

o en otro sitio designado por el Gobierno por escrito, la suma principal de ——————SIETE MIL CON ——————

——————————00/100 _____ dólares ($ **7,000.00** ) más intereses sobre el principal adeudado al

——————————CINCO _____ POR CIENTO ( **5.0000** %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES,** de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ——41—— plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | | |
|---|---|---|---|---|
| $ **311.00** | en enero 1, 19 **81** | $ N/A | en enero 1, 19 ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |

y $ **408.00** _____ , subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en ——40—— años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado **"CLASE DE PRESTAMO"** más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

*José A. Maldonado Matías*

José A. Maldonado Matías                    *(Prestatario)*

*Ana Rosa Velázquez*

Ana Rosa Velázquez                          *(Prestatario)*

Bo. Yahuecas, Buzón 628

Adjuntas, Puerto Rico     00601

* *VER NOTA AL DORSO DE ESTE PAGARE*



| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 7,000.00 | 02-11-80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $   7,000.00 | |

Jay-Ce–Agricultura                    *Posición 2*                    Forma FmHA 1940-17 (S)
                                                                      (Rev. 11-1-78)

*NOTA AL PAGARE:*

*El importe de este pagaré y la hipoteca que lo garantiza, ha sido ampliado y reamortizado al 29 de julio de 1991, dio un saldo deudor montante a SEIS MIL CUATROCIENTOS CUARENTA Y CUATRO DOLARES CON CUARENTA Y OCHO CENTA-VOS($6,444.48) de principal, Doscientos Cuarenta y Cuatro Dólares con Cincuenta y Tres Centavos($244.53) de intereses capitalizables, que devengaran intereses a razón de un catro y medio por ciento(4.50%) anual y la suma de Ciento Ochenta y Cuatro Dólares con Cincuenta y Un Centavos($184.54)de intereses no capitali-zables, los cuales no devengaran intereses, para un total de SEIS MIL OCHO-CIENTOS SETENTA Y TRES DOLARES CON CINCUENTA Y DOS CENTAVOS($6,873.52) y por habersele dado un diferimiento de cinco(5) años habrá de ser pagada en la siguiente forma:*

*Cero Dólares($0.00) en o antes del primero de enero de mil novecientos noventa y dos; Cero Dólares($0.00) en o antes del primero de enero de mil novecientos noventa y tres; Cero Dólares($0.00) en o antes del primero de enero de mil novecientos noventa y cuatro; Cero Dólares($0.00) en o antes del primero de enero de mil novecientos noventa y cinco; Cero Dóalres($0.00) en o antes del primero de enero de mil novecientos noventa y seis; Quinientos Cuarenta y Ocho Dólares($548.00) en o antes del primero de enero de mil nove-cientos noventa y siete; Quinientos Cuarenta y Ocho ($548.00) el primero de enero subsiguiente excepto que el plazo final de la deuda aquí evidenciada se hará en o antes del 29 de julio del 2019, según consta de la escritura número setenta y nueve  de fecha 29 de julio de 1991, ante el Notario José A. Saliceti Maldonado DOY FE."*

En Adjuntas, Puerto Rico hoy día 29 de julio de 1991.

Firmado, signado, sellado y rubricado.



_____
Notario Público

ADDENDUM  POR INTERESES DIFERIDOS:

Addendum al Pagaré fechado once de febrero de mil novecientos ochenta, por la cantidad original de Siete Mil Dólares ($7,000.00) de Cinco por ciento (5.00%) de intereses anual. Este acuerdo enmienda y se adhiere al Pagaré arriba indicado. La suma de Setenta y Cinco Dólares ($75.00) de cada pago regular en el Pagaré será aplicado al interés que se acumule durante el período de diferimiento. El remanente de pago regular será aplicado de acuerdo a la Sec. 7-CFR, Sub parte A de la parte 1951.

YO (Nosotros) acordamos firmar un acuerdo de pago suplementarios y hacer pagos adicionales si durante el período de diferimiento tenemos un aumento substancias en ingresos y habilidad de pago.

29 de julio de 1991
_____
FECHA

_____
PRESTATARIO

_____
ESPOSA

EXHIBIT

5

Filed as entry: 166
Log: 177
Time: 2:30
Date: Feb. 14, 1980
Property Records of Utuado

LEGAL FIRM AND NOTARY OFFICES
SERAFIN ROSADO SANTIAGO
AND
JAIME L. PEREZ
ATTORNEYS – NOTARIES
CALLE SANTA ANA #7,
ADJUNTAS, PUERTO RICO
TEL. 829-4130 / 829-4970

NUMBER: 49

VOLUNTARY MORTGAGE DEED

EXECUTED BY

MR. JOSE A. MALDONADO MATIAS AND MRS. ANA ROSA VELAZQUEZ

TO: THE UNITED STATES OF AMERICA

IN ADJUNTAS, P.R., ON FEBRUARY 11, 1980

1

**FmHa Form 427-1 PR**
**10/77**

NUMBER FOURTEEN

VOLUNTARY MORTGAGE

In Adjuntas Puerto Rico, on February eleven, nineteen eighty.

IN MY PRESENCE

SERAFIN ROSADO SANTIAGO, Attorney and Notary Public of this island, with residence in Ponce, Puerto Rico and offices in the city of Adjuntas, Puerto Rico.

THERE NOW APPEAR:

The persons named in paragraph TWELFTH of this mortgage, hereinafter called "mortgagor," and whose personal circumstances appear in said paragraph.

I attest to personal acquaintance of the parties, as well as to their age, marital status, profession, and residence.

They attest to full exercise of their civil rights and the free administration of their property, and they have, in my judgment, the necessary legal capacity to execute this document and as such, freely and voluntarily,

THEY DECLARE:

FIRST:  That the mortgagor is the owner of the farm or farms described in paragraph ELEVENTH, and of all rights and interests in the same, referred to hereinafter as "the property."

SECOND:  That the property mortgaged herein is subject to the liens specified in paragraph ELEVENTH herein.

THIRD:  That the mortgagor is indebted to the United States of America, acting through the Farmers Home Administration, referred to hereinafter as "mortgagee," in connection with a loan or loans represented by one or more promissory notes or assumption agreements, referred to hereinafter as "the note," whether one or more.  The Government requires additional monthly payments to be made of one twelfth of the taxes, insurance premiums, and other charges on the mortgaged property.

FOURTH:  It is understood that:

(One) The note represents a loan or loans to mortgagor in the principal amount specified

2

herein, granted with the purpose and intention that the mortgagee may at any time surrender the note and insure the payment thereof pursuant to the Act of 1961, consolidating the Farmers Home Administration, or Title Five of The Housing Act of 1949, as amended.

(Two) When payment of the note is guaranteed by the mortgagee, it may be transferred from time to time, and each holder of said note will in turn be considered the insured lender.

(Three) When payment of the note is insured by the mortgagee, the mortgagee will execute and deliver to the insured lender, along with the note, an insurance endorsement fully guaranteeing payment of the principal and interest on said note.

(Four) Whenever payment of the note is insured by the mortgagee, the mortgagee, by agreement with the insured lender, shall determine on the insurance endorsement the portion of the note's interest to be designated as "annual charges."

(Five) As a condition of the insurance of the note's payment, the holder will surrender all rights and remedies against the mortgagor and any others in connection with said loan, as well as any benefit of this mortgage, and will accept in its place the insurance benefits, and in the event that the mortgagor violates any agreement or stipulation contained herein, or in the note, or in any other supplementary agreement, the mortgagee may require the note to be endorsed to himself.

(Six) It is the purpose and intent of this mortgage that, among other things, whenever the note is held by the mortgagee, or in the event the mortgagee should transfer this mortgage without insuring the note, this mortgage shall guarantee payment of the note; but when the note is held by an insured lender, this mortgage shall not guarantee payment of the note, nor shall it form any part of the debt represented thereby, but the note and said debt shall constitute an indemnity mortgage to insure the mortgagee against any loss under its insurance endorsement by reason of any default by the mortgagor.

FIFTH: That, in consideration of said loan and (a) whenever the note is held by the mortgagee, or in the event that the mortgagee should transfer this mortgage without insuring the note's payment, in guarantee of the amount of the note as specified in subparagraph (one) of paragraph NINTH, with interest at the rate stipulated, and to insure prompt payment of said note, and any renewals or extensions thereof, and any agreements contained therein, (b) whenever the note is held by an insured lender guaranteeing the amounts specified in subparagraph (two) of paragraph NINTH, in order to guarantee compliance with the mortgagor's agreement to indemnify and hold harmless the mortgagee against losses under its insurance endorsement by reason of any default by the mortgagor, and (c) in any event and at all times whatsoever, to guarantee the additional amounts specified in subparagraph (three) of paragraph NINTH, and to insure mortgagor's compliance with each and every agreement and stipulation herein, or in any supplementary agreement, mortgagor hereby grants to mortgagee a voluntary mortgage on the property described in paragraph ELEVENTH, together with all rights, interests,

easements, inheritances, and appurtenances thereto belonging; all income, credits, profits, revenues; all improvements or personal property thereto attaching, at present or in the future, or which are reasonably necessary for the use thereof; all water, water rights, or shares in said rights; pertaining to the farms, and all payments at any time owing to mortgagor by virtue of the sale, lease, transfer, conveyance, or total or partial expropriation of, or injury to, any part thereof, or to their interests, it being understood that this mortgage will continue in full force and effect until all amounts specified in paragraph NINTH, with interest before and after maturity, until they have been paid in full. In case of foreclosure, the property will be responsible for the payment of the principal, interest thereon before and after maturity, losses sustained by mortgagee as insurer of the note, taxes, insurance premiums, or any other disbursements or advances by mortgagee, to be paid by mortgagor with interest until all costs and expenses, including fees of mortgagee's attorneys, are paid to mortgagee, along with all extensions and renewals of said obligations, with interest, and all other charges and additional amounts specified in paragraph NINTH.

SIXTH: Mortgagor explicitly agrees to the following:

(One) To pay promptly to the mortgagee any debt herein guaranteed and to indemnify and hold mortgagee harmless against any loss under its insurance for payment of the note by reason of any default by mortgagor. Whenever the note is held by an insured lender, mortgagor shall continue making payments on the note to mortgagee, as collection agent for the holder.

(Two) To pay the mortgagee an initial fee for inspection and appraisal and any delinquency charges, now or hereafter required by Farmers Home Administration regulations.

(Three) Whenever the note is held by an insured lender, any amount due and unpaid under the terms of the note, less the amount of the annual charge, may be paid by mortgagee to the holder of the note under the terms of the note and of the insurance endorsement referred to in the above paragraph FOURTH, the responsibility of the mortgagor.

Any amount due and unpaid under the terms of the note, whether it is held by mortgagee or by an insured lender, may be credited to the note by mortgagee, and shall thus constitute an advance by mortgagee, the responsibility of mortgagor.

Any advance by mortgagee as described in this subparagraph shall bear interest at the annual rate of FIVE PERCENT (5 %), from the date on which payment was due until the date on which mortgagor pays the debt.

(Four) Whether or not the note is insured by mortgagee, any and all amount advanced by mortgagee for insurance premiums, repairs, liens, or other claims for the protection of the mortgaged property, or for taxes or assessments or other similar charges due to mortgagor's failure to pay said charges, shall bear interest at the rate stated in the

preceding subparagraph, from the date of the advance until mortgagor pays said advance.

(Five) All advances made by mortgagee as described in this mortgage, with interest, shall be immediately due and payable by mortgagor to mortgagee without need for advance notification in the place designated in the note, and shall be guaranteed by this mortgage. No advance by mortgagee shall relieve mortgagor from breach of his covenant to pay. Such advances, with interest, shall be repaid from the first payments received from mortgagor. In the absence of such advances, all payments verified by mortgagor may be applied to the note or to any other mortgagee debt guaranteed herein, in the order determined by mortgagee.

(Six) To use the amount of the loan indicated in the note solely for purposes authorized by mortgagee.

(Seven) To pay when due all taxes, special assessments, liens, and charges encumbering the property or the rights or interests of mortgagor under the terms of this mortgage.

(Eight) To obtain and maintain insurance against fire and other hazards as required by mortgagee on all existing buildings and property improvements, as well as on all future improvements. The insurance against fire and other hazards will be in the form, in the amount, and on the terms and conditions approved by mortgagee.

(Nine) To keep the property in good condition and to promptly make all necessary repairs in order to preserve the property; he will refrain from any activity, or from allowing any activity, which would result in the deterioration of the property; he will not remove nor demolish any building or improvement on the property; nor will he cut or remove wood from the farm, nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other minerals, without mortgagee's consent, and will promptly carry out the repairs on the property that mortgagee may request from time to time. Mortgagor shall comply with soil conservation practices and farm and home management plans that mortgagee may prescribe from time to time.

(Ten) If this mortgage is granted for a loan to a farm owner as identified in Farmers Home Administration regulations, the mortgagor shall personally manage the property, on his own or through family labor, as a farm and for no other purpose, and shall not lease the farm, nor any part of it, unless mortgagee gives written consent to another method of operation or lease.

(Eleven) To submit information regarding income and expenses and any other information related to the management of the property, in the form and manner the mortgagee may require, and to comply with all laws, ordinances, and regulations affecting the property or its use.

(Twelve) Mortgagee, along with his agents and attorneys, shall at all times have the right to inspect and examine the property for the purpose of ascertaining whether security is deteriorating or being compromised, and if such inspection or examination shall disclose,

5

in mortgagee's judgment, that security is in fact deteriorating or being compromised, this shall constitute a breach by mortgagor of this mortgage agreement.

(Thirteen) If any other person interferes with or contests mortgagor's rights of possession of the property, mortgagor shall immediately notify mortgagee of such action, and mortgagee may decide to institute the measures necessary to defend his interests, and any costs or expenditures incurred by mortgagee due to said measures will be added to mortgagor's debt, and will be guaranteed by this mortgage as additional credits under the clause regarding advances, expenditures and other payments.

(Fourteen) If at any time while this mortgage remains in effect, mortgagor shall abandon the property or voluntarily return it to mortgagee, mortgagee is hereby authorized and empowered to take possession of the property, to lease and administer it, and to collect the rents, benefits, and income from them, and to apply them first to the costs of collection and administration, and secondly to the payment of the debt described by the note or any other debt to mortgagee herein guaranteed, in the order and manner to be determined by mortgagee.

(Fifteen) At any time that mortgagee determines that mortgagor may be able to obtain a loan from a production credit association, from a Federal Bank or other responsible source, whether cooperative or private, with a rate of interest and terms that are reasonable for loans of similar duration and purposes, then mortgagor, at mortgagee's request, will apply for and accept such a loan in a sufficient amount to pay the note and any other debt guaranteed herein, and to pay for the necessary shares in the cooperative agency with respect to such a loan.

(Sixteen) In the event of default in the discharge of any obligation guaranteed by this mortgage, or if mortgagor, or any other person included herein as a mortgagor, defaults in the payment of any amount, or violates or fails to comply with any clause, condition, stipulation, covenant, or agreement contained herein, or in any supplementary agreement, or if mortgagor dies or is declared incompetent, bankrupt, or insolvent, or makes a transfer for the benefit of creditors, or if the property or any part thereof or interest therein is sold, leased, transferred, conveyed, or encumbered, voluntarily or otherwise, without mortgagee's written consent, then mortgagee is irrevocably authorized and empowered, at his discretion and without notice:  (One) to declare all debt left unpaid under the terms of this note, or any other debt to mortgagee guaranteed herein, immediately due and payable, and to proceed to foreclosure in accordance with the law and the provisions thereof; (Two) to incur and pay reasonable expenses for the repair and maintenance of the property and any expenses or obligations that mortgagor failed to pay as agreed in this mortgage, including taxes, assessments, insurance premiums, and any other expenses or costs for the protection and preservation of the property and of this mortgage, or for violation of any provision of this mortgage; and (Three) to request the protection of the law.

(Seventeen) Mortgagor shall pay, or shall reimburse mortgagee for all necessary expenses for the fulfillment of the covenants and agreements of this mortgage, and of the note and

of any supplementary agreement, including the costs of surveying, title search, court costs, deed recording, and attorneys' fees.

(Eighteen) Without in any way affecting mortgagee's right to require and enforce at any subsequent date the covenants, agreements, or obligations herein set forth, or other similar agreements, and without affecting the liability of any person for payment of the note or any other debt herein guaranteed, and without affecting the lien created upon the property or the priority of said lien, mortgagee is hereby authorized and empowered at any time:  (one) to waive the performance of any agreement or obligation contained herein, or in the note, or in any supplementary agreement; (two) to negotiate with mortgagor or to grant to mortgagor any indulgence or forbearance or extension of the time for payment of the note (with the consent of the note's holder when it is held by an insured lender), or for payment of any debt to the mortgagee herein guaranteed; or (three) to execute and deliver partial releases of any part of the mortgaged property described herein, or to grant deferment or postponement of this mortgage to any other lien on the property.

(Nineteen) All rights, title, and interest in or on this mortgage, including but not limited to the power to grant consent, partial releases, subordination, and revocation, shall be vested solely and exclusively in the mortgagee, and no insured lender shall have any right, title, or interest in or on this mortgage and any benefits herein contained.

(Twenty) Default on this mortgage shall constitute default on any other mortgage, loan, or real estate mortgage held or insured by mortgagee, and executed or assumed by mortgagor; and default on any such instrument shall constitute default on this mortgage.

(Twenty-One) All notices to be given under the terms of this mortgage shall be sent by certified mail unless otherwise required by law, and shall be addressed until some other address is designated in a notice provided to that effect, in the case of mortgagee, to Farmers Home Administration, United States Department of Agriculture, San Juan, Puerto Rico; and in the case of mortgagor, to him at his residence address as stated below.

(Twenty-Two) Mortgagor hereby grants to mortgagee the amount of any judgment obtained through forced expropriation for public use of the property or any part thereof, as well as the amount of any judgment for damages to the property.  Mortgagee will apply the amount so received to pay costs incurred in collection, and the balance will apply to payment of the note, and any indebtedness to mortgagee guaranteed by this mortgage, and if any amount then remains, will pay such amount to mortgagor.

SEVENTH:  That for the purpose of the first sale to be held in case of foreclosure of this mortgage, in accordance with mortgage law, as amended, mortgagor does hereby appraise the mortgaged properties in the amount of SEVEN THOUSAND DOLLARS ($7,000.00).

EIGHTH:  Mortgagor hereby waives the requirement of law and agrees to be considered

in default with no need for prior notification by mortgagee.  This mortgage is subject to the regulations of the Farmers Home Administration now in effect, and to future regulations, not inconsistent with the provisions of this mortgage, as well as to the laws of the United States Congress authorizing and insuring the aforementioned loan.

NINTH: The amounts guaranteed by this mortgage are as follows:
One.  Whenever the note referred to in paragraph THIRD of this mortgage is held by mortgagee, or in the event mortgagee should transfer this mortgage without insuring the note: SEVEN THOUSAND DOLLARS ($7,000.00), the note's principal, together with interest as stipulated at the annual rate of FIVE PERCENT (5 %).

Two.  Whenever the note is held by an insured lender:
(A) SEVEN THOUSAND DOLLARS ($7,000.00), to compensate mortgagee for advances to the insured lender because of mortgagor's failure to pay the installments as specified in the note, with interest as indicated in paragraph SIXTH, subparagraph three;

(B) TEN THOUSAND FIVE HUNDRED DOLLARS ($10,500.00), to further compensate mortgagee against any losses suffered under its insurance for payment of the note.

Three. In any event and at any time:
(A) TWO THOUSAND EIGHT HUNDRED DOLLARS ($2,800.00) for interest upon default;

(B) ONE THOUSAND FOUR HUNDRED DOLLARS ($1,400.00) for taxes, insurance, and other advances for the preservation and protection of this mortgage, with interest at the rate stipulated in paragraph SIXTH, subparagraph three;

(C) SEVEN HUNDRED DOLLARS ($700.00) for court costs, expenses, and attorneys' fees in case of foreclosure;

(D) SEVEN HUNDRED DOLLARS ($700.00) for court costs and expenses incurred by mortgagee in proceedings to defend his interests against any other person interfering with or contesting the mortgagor's right of possession of the property, as provided in paragraph SIXTH, subparagraph thirteen.

TENTH: That the note referred to in paragraph THIRD of this mortgage is described as follows:
"Promissory note granted in case number sixty-three dash thirty-five dash five hundred and eighty-two dash seventy-six dash one hundred and eight, dated February eleven, nineteen eighty, in the amount of  SEVEN THOUSAND DOLLARS ($7,000.00) of principal, plus interest on the unpaid balance at the annual rate of FIVE PERCENT (5%), until the principal is paid entirely according to the terms, installments, conditions, and stipulations contained in the note, and as agreed between the borrower and the Government; except that the final installment of the debt represented herein, if not previously paid, will be due and payable FORTY years from the date of this note.

Said note is granted as evidence of a loan made by the Government to the borrower, pursuant to the law of the US Congress known as "Consolidated Farm and Rural Development Act of 1961," or pursuant to "Title V of the Housing Act of 1949," both as amended, and is subject to present Farmers Home Administration regulations, and to future regulations which are not inconsistent with these laws.   To said note, I, the authorizing Notary, BEAR WITNESS.

ELEVENTH: That the property which is the subject of this deed and for which this voluntary mortgage is furnished, is described as follows:

RURAL: Plot of land, number eleven in case *café*\* seven hundred and ninety-seven, located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS*\*\*, equivalent to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred and sixty-eight hundredths of another. With boundaries to the NORTH, with plot number seven; to the SOUTH, with plot number fifteen; to the EAST, with the heirs of Antonio Bennazar; and to the WEST, with plot number ten. There is a house made of concrete and blocks, built by the Puerto Rico Reconstruction Administration on the described plot.

Recorded on page one hundred and forty, volume two hundred and seventeen of Adjuntas, farm number four thousand nine hundred and thirty-two, sixth recording.

The mortgagors acquired the described property through purchase from Mr. Eugenio Maldonado Sánchez, pursuant to deed number forty-four, executed in Adjuntas, Puerto Rico on September twenty-four, nineteen seventy-four, before the Notary Aura Nélida Pérez.

RURAL: Plot of land located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, with an area of TWENTY-FIVE AND SIXTY-THREE ONE HUNDREDTHS *CUERDAS*\*\*, equivalent to ten hectares, seven ares, thirty-five centiares and ninety milliares. With boundaries to the NORTH, with the heirs of Rivera and Juan A. Bennazar; to the SOUTH, with properties of Antonio Matías and Gregorio Maldonado; to the EAST, with the heirs of Luis Rivera and José A. Ruiz; and to the WEST, with Juan A. Bennazar, the heirs of Luis Rivera, Reinaldo González, Eugenio Maldonado and Francisco Fernandini.

Recorded on page thirty-one, side two, volume two hundred and nineteen of Adjuntas, farm number eight thousand four hundred and seventy-seven.

---

\* *Café* is the Spanish word for coffee; in this context it might be designating the letter "c", as in "c" as in "coffee".
\*\* *"Cuerda"* is an area measurement equivalent to 0.971 acre, 3,930.3956 sq. meters, or 42,291 sq. ft., 1 acre = 1.029.

The mortgagors acquired the described property through purchase from Mr. Juan Alberto Bennazar Vicens and Mrs. Carmen Margarita Corrada, pursuant to deed number thirteen, executed in Adjuntas, Puerto Rico on January fifteen, nineteen seventy-nine, before the Notary Serafín Rosado Santiago.

The mortgagor acquired the described property through purchase from_____, pursuant to deed number_____, dated _____, executed in the city of_____, before the Notary_____.

Said property are encumbered by a mortgage in favor of the United States of America in the amount of FORTY THOUSAND DOLLARS ($40,000.00), each.

TWELFTH: The parties appearing in the present deed as Mortgagors are MR. JOSE A. MALDONADO MATIAS AND MRS. ANA ROSA VELAZQUEZ, both of legal age, married to each other property owners and residents of Adjuntas, whose mailing address is: Bo. Yahuecas, Box six hundred and twenty-eight, Adjuntas, Puerto Rico.

THIRTEENTH: The loan amount consigned herein has been or will be used for agricultural purposes and the construction and/or repair and/or improvements of physical facilities on the described property.

FOURTEENTH: The borrower will personally occupy and use any structure that is constructed, improved, or purchased with the proceeds of the loan herein guaranteed, and shall not lease or use said structure for other purposes, unless the Government gives consent in writing. Violation of this clause, as well as violation of any other agreement or clause contained herein, will cause the debt to become due as if the whole term had elapsed, and the Government may declare the loan due and payable, and may proceed to foreclosure of the mortgage.

FIFTEENTH: This mortgage expressly extends to any constructions or buildings currently existing on the aforementioned farm, and to all improvements, constructions, or buildings to be constructed on said farm while the Government's mortgage loan is in effect, as verified by the present owners/debtors or by their trustees or executors.

SIXTEENTH: Mortgagor hereby waives jointly and severally for himself and on behalf of his heirs, trustees, successors, or representatives, in favor of mortgagee (Farmers Home Administration), any present or future Homestead right that he may have on the property described in paragraph eleven, and in the buildings thereon, or which may be constructed in the future; this waiver being permitted in favor of the Farmers Home Administration by Law Number Thirteen (13) of May twenty-eight (28), nineteen sixty-nine (1969) (31. L.P.R.A. 1851).

SEVENTEENTH: The mortgagor and the mortgagee are agreed that any stove, oven, or heater purchased either totally or partially financed with the proceeds of the loan secured herein, are considered and interpreted as part of the property encumbered by this mortgage.

EIGHTEENTH: The proceeds of the loan consigned herein will be used to repair the properties for losses incurred by Hurricane David and the Federico storm.

NINETEENTH: The parties appearing herein also state that, as this is for a loan for agricultural purposes, they have agreed not to distribute the responsibility between the encumbered farms and thus they will all be individually responsible, jointly and severally, for the debt, principal, interests, costs and other credits secured by this deed; all of which is in accordance with Article one hundred and nineteen of the Mortgage Law, as amended by law number seventy-nine of June twenty-five, nineteen sixty-nine.

The parties accept this deed as written as it conforms to their agreement. I, the Notary to everything stated herein, have given them the pertinent legal warnings and, well informed of these, the parties ratify and sign it, placing their initials in the margin of each and every page, after my having read this deed aloud to all of them, in one proceeding, as they waived their right to do so themselves, of which I advised them.  I, the Notary, BEAR WITNESS to everything contained in this public instrument.

Clarification is made that the case number is sixty-three dash thirty-five dash seventy-six dash three thousand one hundred and eight and not the number stated on page ten, line twenty-nine. I BEAR WITNESS ONCE AGAIN.

SIGNED: JOSE A. MALDONADO MATIAS AND ANA ROSA VELAZQUEZ

INITIALS IN THE MARGIN.
Signed, sealed, stamped and endorsed. SERAFIN ROSADO SANTIAGO. The applicable Sales Tax and Notary Tax seals have been cancelled. This is a true and exact copy of the original deed filed under the number indicated in the protocol of public instruments of this Notary office in my charge and to which I refer. In witness whereof and for delivery to JOSE A. MALDONADO MATIAS, as one of the parties, I issue this certified copy, which I sign, stamp, seal and endorse on the same day, month and year of its execution.
[Signature]
Attorney - Notary Public
[Seal]

This document is recorded as indicated in the note in the margin of the description of each of the farms. They are encumbered by a mortgage in favor of the United States of America for $40,000.00 and farm 8477 is encumbered by two easements; one to the Spring Water Authority of P.R. and the other to farm 8306, and also to the mortgage furnished herein.
Utuado, February 15, 1980.
[Signature]
Property Recorder
No fees.
[Seals]
June 02, 1980 [Signature]

11

# **CERTIFICATE**

I hereby certify that the attached Voluntary Mortgage is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of January of 2005.

*Nicole Harris*

Nicole Harris

WITNESS my hand and official seal hereto affixed this
this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06

Presentado al As. 66
Diario
Hora
Fecha 17 feb 1880
Registro de Unado

## BUFETE Y NOTARIA

# Lic. Serafín Rosado Santiago

## &

# Lic. Jaime L. Pérez

### ABOGADOS - NOTARIOS

CALLE SANTA ANA # 7 - TELS. 829-4130 - 829-4970
ADJUNTAS, PUERTO RICO

NUMERO_____ 49

# ESCRITURA

### DE

HIPOTECA VOLUNTARIA

## OTORGADA POR

DON JOSE A. MALDONADO MATIAS Y

DOÑA ANA ROSA VELAZQUEZ

A FAVOR DE

ADJUNTAS, P. R., A ___11___ DE ___febrero___ DE 19__80__

Forma FmHA 427-1 PR
10/77

---------------------------------NUMERO  CUARENTA  Y  NUEVE------

------------------HIPOTECA VOLUNTARIA------------------

En Adjuntas, Puerto Rico, a los ------ doce de novecientos-
días del mes de febrero------------ de mil novecientos-
ochenta.------------------------------------------------------

---------------------------ANTE MI----------------------------

---SERAFIN ROSADO SANTIAGO:-----------------------------------

Abogado y Notario Público de esta Isla con residencia y vecindad en
**Ponce, Puerto Rico**------- y oficina en la Ciudad de ---
Adjuntas, Puerto Rico.-------------------------------------

------------------------COMPARECEN----------------------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.--------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. -------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento, y en tal virtud libre y ----
voluntariamente;-----------------------------------------

---------------------------EXPONEN----------------------------

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". --------------

SEGUNDO: Que los bienes aquí hipotecados están  afectos  a los
gravámenes que se especifican en el párrafo UNDECIMO.--------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de

FORMA FmHA 427-1 PR

1



Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria. —————————————————————————————————

**CUARTO:** Se sobreentiende que: —————————————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. ——————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado. ————————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré. ——————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual". ———————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ——————————————————————————————

(Seis)   Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré este en poder del acreedor hipotecario, o en el caso, en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ----------------------------------

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, ————————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente.

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ——————————————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ——————————————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.——————————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del c i n c o———————————— por ciento (————5   %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.——————————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

—4—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ------------------------------------

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieran adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ------------------------------------

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ---------------

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. -----------------

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. -----------------

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



-5-



Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ————————————————————————————

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ———

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ——————————

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ————————————————————

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ——————————————————

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos



—6—

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en
segundo término al pago de la deuda evidenciada por el pagaré o cualquier
otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera
que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el
deudor hipotecario puede obtener un préstamo de una asociación de crédito
para producción, de un Banco Federal u otra fuente responsable, cooperativa
o privada, a un tipo de interés y términos razonables para préstamos por
tiempo y propósitos similares, el deudor hipotecario, a requerimiento del
acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad
suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y
pagar por las acciones necesarias en la agencia cooperativa en relación con
dicho préstamo. ————————————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones
garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra
persona incluída como deudor hipotecario faltare en el pago de cualquier
cantidad o violare o no cumpliere con cualquier cláusula, condición
estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio
suplementario, o falleciere o se declarare o fuere declarado incompetente, en
quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los
bienes o parte de ellos o cualquier interés en los mismos fueren cedidos,
vendidos, arrendados, transferidos o gravados voluntariamente o de otro
modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor
hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin
notificación: (Uno) a declarar toda deuda no pagada bajo los términos del
pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada,
inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo
con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos
razonables para la reparación o mantenimiento de los bienes y cualquier
gasto u obligación que el deudor hipotecario no pagó según se conviniere en
esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y
cualquier otro pago o gasto para la protección y conservación de los bienes y
de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y
(Tres) de solicitar la protección de la ley. ————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor
hipotecario todos los gastos necesarios para el fiel cumplimiento de los
convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro





Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. —————————————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravamen impuesto sobre los bienes o la prioridad del gravamen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario; (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravamen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravamen y los beneficios aquí contenidos. ————————————————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de



Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ----------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así·como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. --------------------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá·celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de  SIETE MIL DOLARES ($7,000.00).--

-------------------------------------------------------------------

-------------------------------------------------------------------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ---------------------------------------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: --------
SIETE MIL ---------------------- DOLARES ($7,000.00 )
el principal de dicho pagaré, con sus intereses según estipulado a razón del
cinco-------------- por ciento (  5 %) anual; ------------------

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado: ----------------------------------------------
(A) SIETE MIL DOLARES-----------------------------
----------------------DOLARES ($7,000.00 )



-9-

FORMA FmHA-427-1 PR

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamis

asegurado por motivo del incumplimiento del deudor hipotecario

pagar los plazos según se especifica en el pagaré, con intereses según

especifica en el párrafo SEXTO, Tercero; ——————————————

(B) DIEZ MIL QUINIENTOS——————————————————

————————————————————————DOLARES ($ 10,500.00

para indemnizar al acreedor hipotecario además contra cualquier pérdid

que pueda sufrir bajo su seguro de pago del pagaré; ——————————

Tres. En cualquier caso y en todo tiempe; ————————————

(A) DOS MIL OCHOCIENTOS——————————————————

————————————————————————DOLARES ($ 2,800.00

para intereses después de mora; ——————————————————

(B) MIL CUAR, digo, MIL CUATROCIENTOS——————————

————————————————————————DOLARES ($ 1,400.00

para contribuciones, seguro y otros adelantos para la conservación

protección de esta hipoteca, con intereses al tipo estipulado en el párraf

SEXTO, Tercero; —————————————————————————

(C) SETECIENTOS———————————————————————

————————————————————————DOLARES ($ 700.00——

para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D) SETECIENTOS —————————————————————

————————————————————————DOLARES ($ 700.00———

para costas y gastos que incurriere el acreedor hipotecario en procedimiento

para defender sus intereses contra cualquier persona que intervenga

impugne el derecho de posesión del deudor hipotecario a los bienes según

se consigna en el párrafo SEXTO, Trece. ——————————————

DECIMO: Que el (los) pagaré(s) a que se hace referencia en el párraf

TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————

"Pagaré otorgado en el caso número sesenta y tres guión trein

y cinco guión

y

——————————————————fechado el día once——————

———— de febrero———— de mil novecientos ochenta,——————

FORMA FmHa 427-1 PR

10

Forma FmHA 427-1 PR
10/77

por la suma de   SIETE MIL ($7,000.00)---------------.

------- dólares de principal más intereses sobre el balance del princip

adeudado a razón del   cinco--------------------------------.

--------(   5%---) por ciento anual, hasta tanto su principal se

totalmente satisfecho según los términos, plazos, condiciones y estipulacione

contenidas en dicho pagaré y según acordados y convenidos entre

Prestatario y el Gobierno;  excepto el pago final del total de la deuda aqu

representada, de no haber sido satisfecho con anterioridad, vencerá y ser

pagadero a los   cuarenta--------- años de la fecha de este pagaré

— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedid

por el Gobierno al Prestatario de conformidad con la Ley del Congres

de los Estados Unidos de América denominada "Consolidated Farm an

Rural Development Act of 1961" o de conformidad con el "Title V o

the Housing Act of 1949", según han sido enmendadas y está sujeto a lo

presentes reglamentos de la Administración de Hogares de Agricultore

y a los futuros reglamentos no inconsistentes con dicha Ley .  De cuy

descripción, yo, el Notario Autorizante, DOY FE. -----------------

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la qu

se constituye Hipoteca Voluntaria, se describe como sigue: --------------

---RUSTICA:  Predio de terreno número once, del caso
café setecientos noventa y siete radicado en el barr
Yahuecas del término municipal de Adjuntas, Puerto –
Rico, compuesto de TRES CUERDAS, equivalentes a una
hectárea, diecisiete áreas, noventa y una centiáreas
mil ochocientos sesenta y ocho centésimas de otra, l
dante por el NORTE, con la parcela número siete, por
el SUR, con la parcela npu, digo, número quince, por
ESTE, con la Sucesión de Antonio Bennazar y por el –
OESTE, con la parcela número diez.  Dentro de la par
cela descrita se encuentra una casa de concreto y --
bloques, construída por la Puerto Rico Reconstructio
Administration.------------------------------------

---Inscrita al folio ciento cuarenta del tomo doscie

tos diecisiete de Adjuntas, finca número cuatro mil .

novecientos treinta y dos, inscripción sexta.--------

---Adquirieron los deudores hipotecarios la descrita

propiedad por compra a Don Eugenio Maldonado Sánchez,

según consta de la escritura número cuarenta y cuatro

otorgada en Adjuntas, Puerto Rico, el día veinticuatr

de septiembre de mil novecientos setenta y cuatro, an

11

la notario Aura Nélida Pérez.------------------

---RUSTICA:  Predio de terreno radicado en el barr
Yahuecas del término municipal de Adjuntas, Puerto
Rico, con una cabida de VEINTICINCO CUERDAS CON ---
SESENTA Y TRES CENTIMOS DE OTRA, equivalentes a die
hectáreas, cero siete áreas, treinta y cinco centia
reas y noventa miliáreas.  Colinda al NORTE, con la
Sucesión Rivera y Juan A. Bennazar, por el SUR, con
terrenos de Antonio Matías y Gregorio Maldonado, al
ESTE, con la Sucesión de Luis Rivera y José A. Rui;
y al OESTE, con Juan A. Bennazar, Sucesión Luis Riv
Reinaldo González, Eugenio Maldonado y Francisco --
Fernandini.----------------------------------------

---Inscrita al folio treinta y uno vuelto del tomo

doscientos diecinueve de Adjuntas, finca número och

mil cuatrocientos setenta y siete, inscripción pri-

mera.----------------------------------------------

----------------------------------------------------

---Adquirieron los deudores hipotecarios la descrit

propiedad por compra a Don Juan Alberto Bennazar --

Vicens y Doña Carmen Margarita Corrada, según const

de la escritura número trece, otorgada en Adjuntas,

Puerto Rico, el día quince de ene, digo, enero de

mil novecientos setenta y nueve, ante el Notario --

Serafín Rosado Santiago.----------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------

----------------------------------------------------



Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a------

----------------------------------------------------------

según consta de la Escritura Número -----------------------

---------------------de fecha ----------------------------

---------------------otorgada en la ciudad de _____

ante el Notario _____

Dicha propiedad se encuentra afectas a una hipoteca a fa

de Estados Unidos de América por la suma de CUARENTA

MIL DOLARES ($40,000.00) cada una.---------------------

----------------------------------------------------------

----------------------------------------------------------

----------------------------------------------------------

----------------------------------------------------------

DUODECIMO:  Que comparecen en la presente escritura como----

Deudores Hipotecarios  DON JOSE A . MALDONADO MATIAS Y

DOÑA ANA ROSA VELAZQUEZ, mayores de edad, casados -
entre sí, propietarios y vecinos de Adjuntas,------
cuya direccion postal es:  Buzón seiscientos veintioch

Barrio Yahuecas, Adjuntas, Puerto Rico.-------------

----------------------------------------------------------

DECIMO TERCERO:  El importe del préstamo aquí consignado se

usó ó será usado para fines agrícolas y la construcción y/o

reparación y/o mejoras de las instalaciones físicas en la---

finca(s) descrita(s).------- ------------- --------- --- --

DECIMO CUARTO:  El prestatario ocupará personalmente y usaré

cualquier estructura que haya sido construída, mejorada o---

comprada con el importe del préstamo aquí garantizado y no-

arrendará o usará para otros fines dicha estructura a menos

el Gobierno lo consienta por escrito.  La violación de esta-

clausula como la violación de cualquiera otro convenio o clá

sula aquí contenida ocasionará el vencimiento de la obligaci

como si todo el término hubiese transcurrido y en aptitud el

Gobierno de declarar vencido o pagadero el préstamo y proce

a la ejecución de la hipoteca.----------------------- -- --

DECIMO QUINTO:  Esta hipoteca se extiende expresamente a to

construcción o edificación existente en la(s) finca(s) antes



12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación q
se construya en dicha finca(s) durante la vigencia del --
préstamo hipotecario constituido a favor del Gobierno, ve
ficada por los actuales dueños deudores o por sus cesiona
o causahabientes. ------------------------------------

DECIMO SEXTO:  El deudor hipotecario por la presente----
renuncia mancomunada y solidariamente por sí y a nombre d
sus herederos causahabientes, sucesores o representantes
favor del acreedor (Administración de Hogares de --------
Agricultores), cualquier derecho de Hogar Seguro (Homeste
que en el presente o en el futuro pudiera tener en la ---
propiedad descrita en el párrafo undédimo y en los edific
allí enclavados o que en el futuro fueran construídos; --
renuncia esta permitida a favor de la Administración de -
Hogares de Agricultores por la Ley Número trece (13) del
veintiocho (28) de mayo de mil novecientos sesenta y nuev
(1969) (31 L.P.R.A. 1851).----------------------------

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario ----
convienen en que cualquier estufa, horno, calentador comp
do o financiado total o parcialmente con fondos del prést
aquí garantizado, se considerará e interpretará como part
de la propiedad gravada por esta Hipoteca.--------------

DECIMO OCTAVO:  El importe del préstamo aquí consi
nado se usará para rehabilitar las fincas por pérd
ocasionadas por el Huracán David y la Tormenta ---
Federico.----------------------------------------

DECIMO NOVENO:  Manifiestan además los comparecien
en esta escritura que por tratarse de un préstamo
fines agrícolas han acordado en no distribuir la re
ponsabilidad entre las fincas gravadas y por lo tar
todas responderán por separado solidaria y mancomu
damente de la deuda, principal, intereses, costas
demás créditos garantizados por esta escritura; too



13

conforme al Artículo Ciento Diecinueve de la Ley --
Hipotecaria, según el mismo ha sido enmendado por la
Ley número setenta y nueve del veinticinco de junio
de mil novecientos sesenta y nueve.--------------
---Los otorgantes aceptan la presente escritura en
esta forma redactada por ser conforme a lo convenido.
Yo, el Notario, de todo lo consignado, hícele las -
advertencias legales pertinentes y bien impuestos -
de ellas así la otorgan y firman, estampando además
sus iniciales al margen de todos y cada uno de los -
folios.  Previa lectura que a todos hice en alta yo
en un sólo acto de esta escritura, porque renun--
ciaron al derecho de leerlo por sí mismos, al que -
les advertí tenían. Yo, el Notario, de todo lo con-
signado en este instrumento público; DOY FE.-------

---Se aclara que el número del caso es el siguiente:
sesenta y tres guión treinta y cinco guión quinien-
tos ochenta y dos guión setenta y seis guión tres -
mil ciento ocho, y no el que dice la página diez --
línea veintinueve.  REPITO LA FE.-----------------

---Firmado: José A. Maldonado Matías, Ana Rosa Veláz-
quez, al margen las iniciales.--------------------

firmado, signado, sellado y rubricado.
    Se encuentran estampados los correspondientes sellos
de Rentas Internas e Impuesto Notarial. Concuerda bien y fiel-
mente con la escritura matriz que bajo el número indicado obra en
el protocolo de instrumentos públicos de esta materia a mi cargo. y
y a que me remito.  En fé de ello, y para entregar a parte a...

---------------- parte interesada expido, la presente
copia certificada que autoriza bajo mi firma, sello y rúbrica,
el mismo día, mes y año de su otorgamiento

Abogado-Notario

JUN 0 2 1980



Filed as entry: [illegible]
Log: 249
Time: 2:30
Date: August 6, 91
Property Records of Utuado

JOSE A. SALICETI MALDONADO
ATTORNEY-NOTARY
BOX 97 TEL. 829-2640
ADJUNTAS, P.R. 00601

NUMBER: 79

DEED OF REAMORTIZATION OF MORTGAGE LOAN AND MODIFICATION OF
MORTGAGE

EXECUTED BY

JOSE ALBERTO MALDONADO MATIAS AND ANA ROSA VELAZQUEZ
CRESPO

TO: THE UNITED STATES OF AMERICA

IN ADJUNTAS, P.R., ON JULY 29, 1991

JOSE A. SALICETI MALDONADO
NOTARY PUBLIC

NUMBER SEVENTY-NINE (79)

REAMORTIZATION OF MORTGAGE LOAN AND MORTGAGE MODIFICATION

In the city of Adjuntas, Puerto Rico, on July twenty-nine, nineteen ninety-one.

IN MY PRESENCE

JOSE A. SALICETI MALDONADO, Attorney and Notary Public for this island, with residence and offices in Adjuntas, Puerto Rico.

THERE APPEAR

AS ONE PARTY: AS MORTGAGORS : MR. JOSE ALBERTO MALDONADO MATIAS, also known as JOSE A. MALDONADO MATIAS,            , and MRS. ANA ROSA VELAZQUEZ CRESPO, also known as ANA ROSA VELAZQUEZ,
both of legal age, married to each other, property owners and residents of Adjuntas, Puerto Rico.

AS THE OTHER PARTY: AS MORTGAGEE: UNITED STATES OF AMERICA, acting through the Administrator of the Farmers Home Administration, in accordance with the dispositions of the Congress Law known as "Consolidated Farmers Home Administration Act of 1961" with main offices in Washington, District of Columbia, United States of America, represented herein by MR. JOSE LUIS MALDONADO CARABALLO,            l9, of legal age, married, employed and a resident of Adjuntas, Puerto Rico, whose authority is duly noted in the  Property Registry. Employer identification number:

I BEAR WITNESS

To my personal acquaintance of the appearing parties, and to their statements regarding their personal information. They assure me that they have, and in my judgment they do have, the necessary legal capacity to execute this deed, thus freely

THEY DECLARE

FIRST: That the mortgagors, MR. JOSE ALBERTO MALDONADO MATIAS and MRS. ANA ROSA VELAZQUEZ CRESPO, are the current owners of the following properties:

A. RURAL: Plot of land, number eleven in case *café*\* seven hundred and ninety-seven, located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS*\*\*, equivalent to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred and sixty-eight hundredths of another. With boundaries to the NORTH, with plot number seven; to the SOUTH, with plot number fifteen; to the EAST, with the heirs of Antonio Bennazar; and to the WEST, with plot number ten. There is a house made of concrete and blocks, built by the Puerto Rico Reconstruction Administration on the described plot.

Recorded on page one hundred and forty, volume two hundred and seventeen of Adjuntas, farm number four thousand nine hundred and thirty-two (4932).

B. RURAL: Plot of land located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, with an area of TWENTY-FIVE AND SIXTY-THREE HUNDREDTHS *CUERDAS*\*\*, equivalent to ten hectares, seven ares, thirty-five centiares and ninety milliares. With boundaries to the NORTH, with the heirs of Rivera and Juan A. Bennazar; to the SOUTH, with properties of Antonio Matías and Gregorio Maldonado; to the EAST, with the heirs of Luis Rivera and José A. Ruiz; and to the WEST, with Juan A. Bennazar, the heirs of Luis Rivera, Reinaldo González, Eugenio Maldonado and Francisco Fernandini.

Recorded on page thirty-one, side two, volume two hundred and nineteen of Adjuntas, farm number eight thousand four hundred and seventy-seven.

That the described properties are encumbered by a mortgage securing a promissory note in favor of the United States of America in the amount of SEVEN THOUSAND DOLLARS ($7,000.00), with interest at FIVE PERCENT (5%) per annum, principal and interests being payable by installments as stipulated therein, pursuant to voluntary mortgage deed number forty-nine (49), dated February eleven, nineteen eighty, before the Notary Serafín Rosado Santiago, in Adjuntas, Puerto Rico.

That said mortgage is recorded on pages one hundred and forty and thirty-one, volumes two hundred and seventeen and two hundred and nineteen of Adjuntas, farms number four thousand nine hundred and thirty-two and number eight thousand four hundred and seventy-seven.

SECOND: The mortgagors, MR. JOSE ALBERTO MALDONADO MATIAS and MRS. ANA ROSA VELAZQUEZ CRESPO, state that, in order to reamortize the mortgage debt(s), they requested and obtained the approval of the mortgagee, UNITED STATES

---

\* *Café* is the Spanish word for coffee; in this context it might be designating the letter "c", as in "c" as in "coffee".
\*\* *"Cuerda"* is an area measurement equivalent to 0.971 acre, 3,930.3956 sq. meters, or 42,291 sq. ft., 1 acre = 1.029.

OF AMERICA, acting through the Administrator of the Farmers Home Administration, in accordance with the regulations of the Congress Law called "Consolidated Farmers Home Administration Act of 1961" and regulations approved therein, to reamortize the mortgage debt.

THIRD: The appearing parties, MR. JOSE ALBERTO MALDONADO MATIAS and MRS. ANA ROSA VELAZQUEZ CRESPO, state that they are personally aware of each and every one of the obligations, clauses and stipulations contained or mentioned in the mortgage deed, and they hereby clearly, solemnly and absolutely agree to comply with each and every one of said obligations, clauses and stipulations as required by Farmers Home Administration (FmHA).

REAMORTIZATION AND MODIFICATION OF PAYMENT OF THE PROMISSORY NOTE AND MORTGAGE

FOURTH: The appearing party, MR.JOSE LUIS MALDONADO CARABALLO, in the capacity he bears, states that because the mortgagors, MR. JOSE ALBERTO MALDONADO MATIAS and MRS. ANA ROSA VELAZQUEZ CRESPO, have qualified to receive the benefits of the Congress Law known as "Consolidated Farmers Home Administration Act of 1961", as amended, he has agreed to reamortize and modify the form of payment of the installments established in the promissory note and in the mortgage as follows:
The entire unpaid balance owed as of July twenty-nine, nineteen ninety-one amounts to SIX THOUSAND FOUR HUNDRED AND FORTY-FOUR DOLLARS AND FORTY-EIGHT CENTS ($6,444.48) of principal and TWO HUNDRED AND FORTY-FOUR DOLLARS AND FIFTY-THREE CENTS ($244.53) of capitalized interests, which accrue interest at the rate of FOUR AND ONE HALF PERCENT (4.5%) per annum, plus the sum of ONE HUNDRED AND EIGHTY-FOUR DOLLARS AND FIFTY-ONE CENTS ($184.51) of non-capitalized interests, which shall not accrue interest, for a total of SIX THOUSAND EIGHT HUNDRED AND SEVENTY-THREE DOLLARS AND FIFTY-TWO CENTS ($6,873.52), and, as it has been granted a five (5) year deferment, it shall be paid as follows:
ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-two; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-three; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-four; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-five; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-six; FIVE HUNDRED AND FORTY-EIGHT DOLLARS ($548.00) on or before January first, nineteen ninety-seven; and FIVE HUNDRED AND FORTY-EIGHT DOLLARS ($548.00) on the following January first, except for the final payment of the debt evidenced herein, which shall be made on or before July twenty-nine, two thousand and nineteen (2019).

FIFTH: The appearing party, MR. JOSE LUIS MALDONADO CARABALLO, in the capacity he bears, gives me, the Notary, the promissory note secured by the mortgage, and he assures me that it has not been negotiated or encumbered in any way by the

4

current holder and owner, United States of America, and once it has been identified by me, the Notary, and I have ascertained that it is the same promissory note, I proceed to place the following note on the back of it:

"The amount of this promissory note and the mortgage securing it, has been increased and reamortized on July twenty-nine, nineteen ninety-one, had an unpaid balance of SIX THOUSAND FOUR HUNDRED AND FORTY-FOUR DOLLARS AND FORTY-EIGHT CENTS ($6,444.48) of principal and TWO HUNDRED AND FORTY-FOUR DOLLARS AND FIFTY-THREE CENTS ($244.53) of capitalized interests, which accrue interest at the rate of  FOUR AND ONE HALF PERCENT (4.5%) per annum, plus the sum of ONE HUNDRED AND EIGHTY-FOUR DOLLARS AND FIFTY-ONE CENTS ($184.51) of non-capitalized interests, which shall not accrue interest, for a total of SIX THOUSAND EIGHT HUNDRED AND SEVENTY-THREE DOLLARS AND FIFTY-TWO CENTS ($6,873.52), and, as it has been granted a five (5) year deferment, it shall be paid as follows:
ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-two; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-three; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-four; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-five; ZERO DOLLARS ($0.00) on or before January first, nineteen ninety-six; FIVE HUNDRED AND FORTY-EIGHT DOLLARS ($548.00) on or before January first, nineteen ninety-seven; and  FIVE HUNDRED AND FORTY-EIGHT DOLLARS ($548.00) on the following January first, except for the final payment of the debt evidenced herein, which shall be made on or before  July twenty-nine, two thousand and  nineteen (2019), pursuant to deed number seventy-nine (79), dated July twenty-nine, nineteen ninety-one, before the Notary  José A. Saliceti Maldonado. I BEAR WITNESS". In Adjuntas, Puerto Rico, on September twenty-seven, nineteen ninety-one. SIGNED, STAMPED, SEALED AND ENDORSED: JOSE A. SALICETI MALDONADO.NOTARY PUBLIC. (The Notary seal is attached).

Once the note is attached and signed, I return it to the appearing party, Mr. José Luis Maldonado Caraballo, in the capacity he bears.

In order to comply with the dispositions set forth in article one hundred and seventy-nine of the mortgage laws, the mortgaged properties are appraised in this reamortization in the amount of FORTY THOUSAND DOLLARS ($40,000.00) each and said amount applies both to the mortgage responsibility and the appraisal value.

SIXTH: The parties herein also agree that this reamortization agreement does not constitute a cancellation of the aforementioned current obligation (debt), as there is no incompatibility or inconsistency between said current obligation (debt) and the modification of the same under the terms and conditions set forth herein. Thus, the Property Recorder is requested to have this recorded.

## ACCEPTANCE AND WARNINGS

The parties accept this deed as written as it conforms to their agreement. I, the Notary,

have given them the pertinent legal warnings.

So the parties state and execute before me, and once this deed was read by the parties, they ratify its content, placing their initials in the margin of every page herein.
TO ALL OF WHICH, as well as to my having observed the requirements of the Law, I, the Notary, who signs, stamps, seals and endorses, BEAR WITNESS.

SIGNED BY: JOSE LUIS MALDONADO CARABALLO, JOSE ALBERTO MALDONADO MATIAS, ANA ROSA VELAZQUEZ CRESPO.

THEIR INITIALS IN THE MARGIN.

(SIGNED, SEALED, STAMPED AND ENDORSED). JOSE A. SALICETI MALDONADO.

I, the Notary, certify that this is a true and exact copy of deed number 79, which is filed in my protocol of public instruments for the current year and to which I refer. That the applicable Sales Tax and Notary Tax seals have been duly attached and cancelled in the original.
The initials of the parties appear in the margin of every page and their signatures appear on the last page of the same.
In witness whereof, and at the request of Farmers Home Administration, I issue this first certified copy, which is made up of 7 sheets of legal paper, written on one side only, and which I sign, stamp, seal and endorse, leaving a record of its issuance in the original, today, July 29, 1991. I THUS CERTIFY.
[Signature]
Notary Public
[Seal]

This document is recorded as indicated in the note in the margin of the description of each of the farms. They are encumbered by mortgages of $40,000.00 and $7,000.00 in favor of the U.S.A., the latter reamortized pursuant to this entry.
Utuado, August 8, 1991.
[Signature]
Property Recorder
Exempt.
[Seal]
10/25/91 [Signature]

# **CERTIFICATE**

     I hereby certify that the attached Deed of Reamortization of Mortgage Loan and Mortgage Modification is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of January of 2005.

Nicole Harris

WITNESS my hand and official seal hereto affixed this
this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06

7

## José A. Saliceti Maldonado

### ABOGADO Y NOTARIO

Box 97    Tel. 829-2640
Adjuntas, Puerto Rico 00601

**NUMERO**

79

# ESCRITURA

## DE

Reamortización de Préstamo

Hipotecario y Modificación de Hipoteca

## OTORGADA POR

José Alberto Maldonado Matías

Ana Rosa Velázquez Crespo

## A FAVOR DE

Estados Unidos de América

EN _____ Adjuntas

A _29_ DE _julio_ DE 19_91_

A) 3 c/los
4932

B) 25.63 cvos
8478

Exenta

LCDO. JOSE A. SALICETI MALDONADO

NOTARIO PUBLICO

----------NUMERO *SETENTA Y NUEVE (79)*--------------------

-----------ESCRITURA DE REAMORTIZAC ON DE PRESTAMO -----------

-----------HIPOTECARIO Y MODIFICACION DE HIPOTECA----------

---En la Ciudad de Adjuntas, Puerto Rico, a veintinueve de

julio de mil novecientos noventa y uno.---------------------

---------------------------- ANTE MI -----------------------

---JOSE A. SALICETI MALDONADO, Abogado y Notario Público en --

esta Isla, con estudio, vecindad y bufete abierto en Adjuntas,

Puerto Rico.------------------------------------------------

------------------------- COMPARECEN------------------------

---DE UNA PARTE:  COMO DEUDOR HIPOTECARIO:  DON JOSE ALBERTO

MALDONADO MATIAS, t/c/p JOSE A. MALDONADO MATIAS.

y DOÑA ANA ROSA VELAZQUEZ CRESPO, t/c/p Ana Rosa Velázquez.---

                i, mayores de edad, casados entre sí, propietarios y

vecinos de Adjuntas, Puerto Rico.---------------------------

---DE LA OTRA PARTE:  COMO AGREEDOR HIPOTECARIO:  ESTADOS UNI-

DOS DE AMÉRICA, actuando por conducto y a través del Adminis--

trados de la Administración de Hogares de Agricultores,

a tenor con las disposiciones de la Ley del Congreso denomina-

da "Consolidated Farmer's Home Administration Act of 1961,

con oficinas principales en Washington, Distrito de Columbia,

Estados Unidos de América, representado en este acto por

DON JOSE LUIS MALDONADO CARABALLO, 18



2

edad, casado, empleado y vecino de Adjuntas, Puerto Rico,

cuyo carácter consta debidamente acreditado en el Registro

de la Propiedad.  Seguro Social Patronal:                    --

------------------------------ FE -----------------------------

---DOY del conocimiento personal de los comparecientes

y por sus dichos de sus circunstancias personales.  Me

asegurar tener y a mi juicio tienen la capacidad legal

necesaria para este acto de otorgamiento de escritura y

en su virtud libre y voluntariamente;------------------

---------------------- EXPONEN -----------------------

---PRIMERO:  Que el Deudor Hipotecario, Don José Alberto---- --

Maldonado Matías y Doña Ana Rosa Velázquez Crespo, son dueños-

de la siguiente propiedad:-------------------------------------

"A" RUSTICA:  Predio de terreno número once, del caso-
café setecientos noventa y siete radicado en el barrio-
Yahuecas, del término municipal de Adjuntas, Puerto Rico,
compuesto de TRES CUERDAS, equivalentes a una hectárea-,
dieciseis áreas, noventa y una centiáreas y mil ochoci-
entos sesenta y ocho centésimas de otra, lindante por e-
Norte, con la parcela número siete, por el Sur, con la-
parcela número quince, por el Este, con la Sucesión de-
Antonio Bennazar y por el Oeste. con la parcela número-
diez.  Dentro de la parcela descrita se encuentra una -
casa de concreto y bloques, construida por la Puerto Rico-
Reconstruction Administration.--------------------------

---Inscrita al folio ciento cuarenta, del tomo doscientos
diecisiete de Adjuntas, finca número cuatro mil nove-
tos treinta y dos (4932).----------------------------

"B" RUSTICA:  Predio de terreno radicado en el barrio-
Yahuecas, del término municipal de Adjuntas, Puerto Rico,
con una cabida de VEINTICINCO CUERDAS CON SESENTA Y TRES-
CENTIMOS DE OTRA, equivalentes a diez hectáreas, cero-
siete áreas, treinta y cinco centiáreas y noventa mili-
áreas,  Colinda al Norte, con la Sucesión Rivera y Juan
A. Bennazar, por el Sur, con terrenos de Antonio Matías y-
Gregorio Maldonado, al Este, con la Sucesión de Luis--- -
Rivera y José A. Ruíz y al Oeste, con Juan A. Bennazar,-
Sucesión Luis Rivera, Reinaldo González. Eugenio Maldon--
do y Francisco Fernandini.------------------------------

---Inscrita al folio treinta y uno vuelto del tomo dos-
cientos diecinueve de Adjuntas, finca número ocho mil-
cuatrocientos setenta y siete. ------------------------

---Que las antes descritas propiedades se hallan afectas de

hipoteca en garantía de un pagaré a favor de

3

dos de América, por la suma de SIETE MIL DOLARES, ($7,000.00),
con intereses a razón del Cinco por ciento (5.00%) anual, pa
gadero dicho principal en los plazos que en el mismo se esti-
pulan, según resulta de la escritura número Cuarenta y Nueve
(49), de fecha once de febrero de mil novecientos ochenta,-----
sobre Hipoteca Voluntaria, ante el Notario Serafín Rosado-----
Santiago, en Adjuntas, Puerto Rico.-----------------------------
---Que dicha hipoteca se encuentra inscrita a los folios-----
ciento cuarenta y treinta y uno, de los tomos doscientos die-
cisiete y doscientos diecinueve de Adjuntas, fincas números-
Cuatro mil novecientos treinta y dos y Ocho mil cuatrocientos-
setenta y siete.-----------------------------------------------
---SEGUNDO:  Sigue manifestando el Deudor Hipotecario Don José
Alberto Maldonado Matías y Doña Ana Rosa Velázquez Crespo, que
con el fin de reamortizar la Deuda Hipotecaria, solicitaron y
obtuvieron el consentimiento del Acreedor Hipotecario, Estado
Unidos de América, actuando por conducto y a través del Admi-
nistrador de la Administración de Hogares de Agricultores, de
conformidad con la Ley del Congreso titulada "Consolidated----
Farmer's Home Administration, Act of 1961" y el reglamento ---
aprobado, al efecto para reamortizar la deuda hipotecaria.-----
---TERCERO:  Manifiestan los comparecientes Don José Alberto
Maldonado Matías y Doña Ana Rosa Velázquez Crespo,  que son de
su propio y personal conocimiento todas y cada una de las-----
obligaciones, cláusulas y estipulaciones contenidas o mencio-
nadas en la escritura de hipoteca y en este acto, en forma ---
clara solemne y terminantemente, se obligan a cumplir todas y
cada una de dichas obligaciones, cláusulas y estipulaciones---
requeridas por la Administración de Hogares de Agricultores---
(FmHA).--------------------------------------------------------
------------REAMORTIZACION Y MODIFICACION DE PAGO DE
----------------PAGARE E HIPOTECA ---



4

---CUARTO: Manifiesta el compareciente Don José Luis Maldona-
do Caraballo, en el carácter que ostenta, que habiendo sido---
aceptado el deudor hipotecario Don José Alberto Maldonado------
Matías y Doña Ana Rosa Velázquez Crespo, para recibir los-----
beneficios de la Ley del Congreso "Consolidated Farmer's Home-
Administration Act of 1961", según enmendada, ha convenido-----
reamortizar y modificar la forma de pago de los plazos consig-
nados en el pagaré y en la hipoteca en la siguiente forma:----
---El importe de este Pagaré y la Hipoteca que lo garantiza---
ha sido ampliado, y reamortizado al veintinueve de julio de---
mil novecientos noventa y uno, dió un saldo deudor montante a-
Seis Mil Cuatrocientos Cuarenta y Cuatro Dólares con Cuarenta
y Ocho centavos ($6,444.48) de principal y Doscientos Cuarenta
y Cuatro Dólares con Cincuenta y Tres Centavos ($244.53) de---
intereses capitalizables, que devengan intereses a razón de un
cuatro punto cinco (4.5%) por ciento anual y la suma de Ciento
Ochenta y Cuatro Dólares con Cincuenta y Un Centavos ($184.50)
de intereses no capitalizables, los cuales no devengarán inte-
reses, para un total de Seis mil Ochocientos Setenta y Tres --
Dólares con Cincuenta y Dos Centavos ($6,873.52) y por haber--
sele dado un diferimiento de cinco (5) años habrá de ser paga-
da en la siguiente forma: Cero Dólares ($0.00) en o antes del
primero de enero de mil novecientos noventa y dos; Cero Dóla--
res ($0.00) en o antes del primero de enero de mil novecientos
noventa y tres; Cero Dólares ($0.00) en o antes del primero de
enero de mil novecientos noventa y cuatro; Cero Dólares -------
($0.00) en o antes del primero de enero de mil novecientos no-
venta y cinco; Cero Dólares ($0.00) en o antes del primero de-
enero de mil novecientos noventa y seis; Quinientos Cuarenta y
Ocho Dólares ($548.00) en o antes del primero de enero de mil-
novecientos noventa y siete; Quinientos Cuarenta y Ocho Dóla--
res ($548.00) el primero de enero subsiguiente excepto que ---

5

plazo final de la deuda aquí evidenciada se hará en o antes
del veintinueve de julio del Dos Mil Diecinueve (2019).------

---QUINTO:  El compareciente Don José Luis Maldonado Caraballo
en el carácter que ostenta, me entrega a mí, el Notario, el
pagaré garantizado con la hipoteca, quien me asegura no ha si-
do negociado ni gravado en forma alguna por el actual tenedor
y poseedor deo mismo, Estados Unidos de América y una vez iden-
tificado por mí, el Notario, cerciorándome que se trata del---
mismo pagaré, procedo a poner al dorso del mismo la siguiente---
nota:-----------------------------------------------------------

-----"El importe de este Pagaré y la Hipoteca que lo garantiza
ha sido ampliado, y reamortizado al veintinueve de julio de---
mil novecientos noventa y uno, dió un saldo deudor montante a-
Seis Mil Cuatrocientos Cuarenta y Cuatro Dólares con Cuarenta-
y Ocho Centavos ($6,444.48) de principal y Doscientos Cuarenta
y Cuatro Dólares con Cincuenta y Tres Centavos ($244.53) de---
intereses capitalizables, que devengan intereses a razón de un
cuatro punto cinco (4.5%) por ciento anual y la suma de Ciento
Ochenta y Cuatro Dólares con Cincuenta y Un Centavos ($184.51)
de intereses no capitalizables, los cuales no devengarán inte-
reses, para un total de Seis Mil Ochocientos Setenta y Tres Dó-
lares con Cincuenta y Dos Centavos ($6,873.52) y por habérsele
dado un diferimiento de cinco (5) años habrá de ser pagada en
la siguiente forma:  Cero Dólares ($0.00) en o antes del pri--
mero de enero de mil novecientos noventa y dos; Cero Dólares--
($0.00) en o antes del primero de enero de mil novecientos-----
noventa y tres; Cero Dólares ($0.00) en o antes del primero de
enero de mil novecientos noventa y cuatro:  Cero Dólares----- --
($0.00) en o antes del primero de enero de mil novecientos no-
venta y cinco; cero Dólares ($0.00) en o antes del primero de
enero de mil novecientos noventa y seis;  Quinientos Cuarenta
y Ocho Dólares ($548.00) en o antes del primero de enero de mil

6

novecientos noventa y siete; Quinientos Cuarenta y Ocho Dóla--
res ($548.00) el primero de enero subsiguiente excepto que el
plazo final de la deuda aquí evidenciada se hará en o antes del
veintinueve de julio del Dos Mil Diecinueve (2019),-----------
según consta de la Escritura Número *setenta y nueve(79)*-------
de fecha veintinueve de julio de mil novecientos noventa y uno
ante el Notario José A. Saliceti Maldonado.  DOY FE.  En Adjun
tas, Puerto Rico, a veintinueve de julio de mil novecientos
noventa y uno.  (Firmado, siguado, sellado y rubricado).------
JOSE A. SALICETI MALDONADO - Notario Público. (Aparece impreso
el sello del Notario).----------------------------------------
---Una vez puesta y firmada la nota, lo devuelvo al compareci
ente Don José Luis Maldonado Caraballo en el carácter que-----
ostenta.------------------------------------------------------
---A los fines de dar cumplimiento a las disposiciones del----
Artículo Ciento Setenta y Nueve de la Ley Hipotecaria, se-----
tasan los bienes hipotecados en esta reamortización en la suma
de Cuarenta Mil Dólares ($40,000.00) cada una y dicha suma----
responde tanto a la responsabilidad hipotecaria como a la tas-
sación.-------------------------------------------------------
---SEXTO:  Que las partes contratantes en este instrumento----
convienen así mismo, que este convenio de reamortización no---
constituye una novación extintiva de la obligación (deuda)----
existente a la cual ya se ha hecho mención, por no haber ni---
existir incompatibilidad entre dicha obligación (deuda) exis--
tente y la modificación de la misma bajo los términos y condi-
ciones aquí consignados; por lo que se ruega al Honorable-----
Registrador de la Propiedad, que así se haga constar.---------
-------------------- ACEPTACION Y ADVERTENCIAS----------------
---Los comparecientes aceptan esta escritura en la forma en que
está redactada por ser conforme a sus deseos, y les------------
he hecho a las partes las advertencias de Ley pertinentes-----

este acto)------------------------------------------------

---ASÍ lo dicen y otorgan los comparecientes ante mi presencia

y LEÍDA esta escritura en su integridad por los comparecientes

en su contenido se ratifican y firman la presente estampando

además sus iniciales al margen de cada folio de la misma.------

---DE TODO LO CUAL, así como de haber observado los requisitos

de Ley pertinentes a este acto, Yo, el Notario, luego de firmar,

signar, sellar y rubricar, DOY FE.--------------------------------

*FIRMADOS: JOSÉ LUIS MALDONADO CARABALLO, JOSE ALBERTO ------*

*MALDONADO MATIAS, ANA ROSA VELAZQUEZ CRESPO-------*

*AL MARGEN SUS INICIALES-----------------------------------------*

**(FIRMADO, SIGNADO, SELLADO Y RUBRICADO) JOSE A.
SALICETI MALDONADO __ __ __ __ __ __ __ __ __ __**

Yo, el notario, certifico que la presente **es copia fiel y exacta de**
**la escritura número** 79 que obra en mi protocolo de Ins-
trumentos Públicos para el corriente año, al cual me remito. Que en
**dicho original han sido adheridos y debidamente cancelados los co-**
rrespondientes sellos de Rentas Internas y el del impuesto notarial
con el del notario. __ __ __ __ __ __ __ __ __ __ __ __ __
**Al margen de cada folio de esta escritura aparecen las iniciales de**
**los otorgantes y en la última página de la misma aparecen las firmas**
de los otorgantes y la del notario. __ __ __ __ __ __ __ __ __
**EN FE DE ELLO** y a petición de Farmeis Home Admi-
nistration expido la presente que es 1ra.
**copia certificada, extendida en** 7 **hojas de papel legal, es-**
**critas por una sola cara, signada, sellada, firmada y rubricada por**
**mí, dejando anotada su SACA en su original hoy día** 29
de Julio del 19 91 . CERTIFICO. __ __



NOTARIO PUBLICO







*[Handwritten document in Spanish, partially legible:]*

mento este documento
al folio que indica
al margen de los descrip-
ciones de cada una de
las fincas afectos a
las hipotecas por $49,000.00
y $7,000.00 a favor de C. UA
lo última ramortizada
mediante este Asiento, Utorado
a 8 de Agosto de 1991.

Ejecuto                    Registrador

*[Official seal - illegible]*

*[Signature, dated 10/5/91]*



Form FmHA 1940-17 (S)
(Rev. 10-89)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
PROMISSORY NOTE

TYPE OF LOAN
Type: EMERGENCY DESIGNATION M-842
Regular:
Limited Resources:

In accordance with:
     Consolidated Farm and Rural Development Act
 X   Emergency Agricultural Credit Adjustment Act of 1978

Name: JOSE ALBERTO MALDONADO MATIAS
State: PUERTO RICO
Office: ADJUNTAS
Case Number: 63-35-
Date: JULY 29, 1991
Funding Code: 43
Loan Number: 09

ACTION REQUIRING NOTE:

 | Initial Loan | | Conservation Easement |
 | Subsequent Loan | X | Restructuring |
 | Consolidation and Subsequent Loan | | Consolidation |
 | Sale on Credit | | Debt Reduction |
 | Deferred Payments | | Reamortization |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any other co-borrower, jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (herein called the "Government"), or its representative, at its offices in ADJUNTAS, PUERTO RICO, or at another location designated in writing by the Government, the principal sum of SEVEN THOUSAND TWO HUNDRED AND FORTY-FIVE DOLLARS AND TEN CENTS ($7,245.10), plus interest on the unpaid principal of FOUR AND ONE HALF PERCENT (4.5%) PER ANNUM and ONE HUNDRED AND EIGHTY DOLLARS AND 37/100 ($180.37) of non-capitalized interest. If this note is for a Limited Resources Loan (indicated in the box above, under the heading "Type of Loan"), the Government may CHANGE THE INTEREST RATE, in accordance with the Farmers Home Administration regulations, not more frequently than a calendar trimester basis, and shall notify Borrower at his most current address by mail, with thirty (30)

1

days' notice. The new interest rate shall not exceed the highest interest rate established by the Farmers Home Administration regulations for the type of loan indicated above.

Principal and interests shall be paid in 11 installments, as indicated below, unless modified by a different interest rate, on or before the following dates:

$935.00.............on 01-01-1992
and $935.00 each year subsequently thereafter until the principal and interests are completely paid, except for the final payment of the debt evidenced herein, which, if not sooner paid, shall be due and payable TEN (10) YEARS from the date of this note, with the exception that prepayments may be made as provided for below. The consideration hereof shall support any agreement modifying the schedule of payments.

If the total amount of the loan is not forwarded by the due date, the loan will be forwarded to Borrower, pursuant to request by Borrower and approval by the Government. Approval by the Government shall be granted only when the loan is requested for purposes authorized by the Government. Interests will accrue on the amount of each loan starting on the date these become effective as shown in the Payment Log at the end of this note. Borrower authorizes the Government to note the amount(s) and date(s) of any prepayment(s) in the Payment Log.

For any note that is reamortized, consolidated or restructured, interests accumulated during more than ninety (90) days as of the date of this instrument will be added to the principal and the new principal will accrue interests at the rate evidenced herein.

Every payment made on any indebtedness evidenced by this note shall be applied first to interests accumulated during the deferral period and then to interests computed as of the effective payment date and then to the principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the Farmers Home Administration regulations (7 C.F.R. 1951.8), according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect Borrower's obligation to pay the remaining installments as scheduled herein. Should the Government assign this note at any time, and insure the payment thereof, Borrower shall continue to make payments to the Government, as collection agent for the holder.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly, or, except for final payment, may be retained and remitted by the Government to the holder on an annual installment due date basis. The effective date of any prepayment made by Borrower, except for payments retained and remitted by Government to holder on an annual installment due date basis, shall be the date of the Treasury check with which the Government remits payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis,

2

shall be the date of the prepayment made by Borrower, and the Government shall pay interests to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Any amount forwarded or invested by the Government to obtain payment of this note, or to maintain and protect the guarantee of the loan, or otherwise invested under the terms of any guarantee covenant or other instrument executed in relation to the loan evidenced herein, shall, at the option of the Government, become a part of the loan and shall accrue interests at the same interest rate of the principal of the loan evidenced herein, and shall become immediately due and payable by Borrower to the Government, without the need of requirements.

Property constructed, improved, purchased or refinanced in whole or in part with the loan evidenced herein shall not be leased, assigned, sold, transferred or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower shall personally operate said property as a farm if this loan is for a farm owner (FO).

If "Consolidation and Subsequent Loan", "Debt Reduction", "Consolidation", "Restructuring" or "Reamortization" is indicated in the box above, under the heading "Action Requiring Note", this note is issued to consolidate, reamortize, or evidence a restructuring but not as satisfaction of principal and interests of the following note(s) or assumption agreement(s) (new terms):

LOAN CODE AND NUMBER: 43-06
AMOUNT OF NOTE: $7,000.00
INTEREST RATE: 4.5%
DATE: MARCH 23, 1990
ORIGINAL BORROWER: JOSE ALBERTO MALDONADO MATIAS
FINAL PAYMENT DUE: MARCH 23, 1997

The securing documents given in relation to the loans evidenced by these described notes or other stated obligations are not affected by the execution of this consolidation, reamortization or restructuring. These securing instruments shall remain in effect, and the guarantee offered for the loans evidenced by the described note shall remain as guarantee for the loan evidenced by this note and by any other stated obligation.

REFINANCING AGREEMENT: If at any time, the Government finds that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

AGREEMENT FOR THE CONSERVATION OF HIGHLY-EROSIVE SOILS AND WETLANDS: The Borrower acknowledges that the loan described in this note will be in default if any part of said loan is used for any purpose that contributes to excessive

erosion of highly-erosive soils or for the conversion of wetlands to agricultural crop-production, as explained in Exhibit M of sub-part G of part 1940 of 7CFR. If (1) the loan period extends beyond January 1st, 1990 but not up to January 1st, 1995, and (2) the Borrower tries to harvest crops on highly-erosive soils that are exempt from the restrictions of Exhibit M until January 1st, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil conservation plan for the Borrower's farm, whichever comes later, the Borrower also agrees that before losing exemption from the restriction of highly-erosive soil conservation, pursuant to section 12 of 7CFR, the Borrower must show that he is actively applying a soil conservation plan on the highly-erosive soils, which plan must be approved by the Soil Conservation Service (SCS) or the appropriate Soil Conservation District, should the loan period extend beyond January 1st, 1995. The Borrower also agrees that he must show, prior to January 1st, 1995, that any crop production on highly-erosive soils made after such date shall be carried out in accordance with a conservation plan approved by the Soil Conservation Service (SCS) or by the Conservation District, pursuant to Soil Conservation Service requirements.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government, at its option, may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government, pursuant to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan indicated in the box 'TYPE OF LOAN" above. This note is subject to the present regulations of Farmers Home Administration and to its future regulations not inconsistent with the stipulations expressed herein.

Presentation, protest, and notice are hereby expressly waived.

[Signature]
JOSE ALBERTO MALDONADO MATIAS (BORROWER) (SEAL)
aka José A. Maldonado Matías
ANA ROSA VELAZQUEZ CRESPO (BORROWER) (SEAL)
aka Ana Rosa Velázquez

Box 208
Castañer, PR 00631

PAYMENT LOG

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |

TOTAL: $

# **CERTIFICATE**

     I hereby certify that the attached Promissory Note is a true and accurate translations to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of January of 2005.

*Nicole Harris*

Nicole Harris

WITNESS my hand and official seal hereto affixed this this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06.

5

Formulario FmHA 1940-17(S)
(Rev. 10-89)

DEPARTAMENTO DE AGRICULTURA DE LOS ESTADOS UNIDOS
ADMINISTRACION DE HOGARES DE AGRICULTORES

PAGARE

| CLASE DE PRESTAMO |
| --- |
| Tipo: EMERGENCIA ☐ Regular |
| Designación M-842 ☐ Recursos Limitados |
| De acuerdo a: |
| ☐ Consolidated Farm and Rural Development Act |
| ☒ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre JOSE ALBERTO MALDONADO MATIAS |
| --- |
| Estado PUERTO RICO | Oficina ADJUNTAS |
| Caso Núm. 63-35-1 | Fecha 29 de julio de 1991 |
| Código de Fondos 43 | Núm. de Prestamo 09 |

| ACCION QUE REQUIERE PAGARE | |
| --- | --- |
| ☐ Préstamo Inicial | ☒ Restructuración |
| ☐ Préstamo Subsiguiente | ☐ Reamortización |
| ☐ Consolidación y Préstamo Subsiguiente | ☐ Consolidación |
| ☐ Venta a Crédito | ☐ Reducción de Deuda |
| ☐ Pagos Diferidos | |
| ☐ Servidumbre de Conservación | |

POR VALOR RECIBIDO, el Prestatario(s) suscribiente(s) y cualquier otro codeudor mancomunada y solidariamente pagaremos a la orden de los Estados Unidos de America, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos, (denominado en adelante el

"Gobierno") o su cesionario en su oficina en -------ADJUNTAS, PUERTO RICO-----------------------

o en otro sitio designado por el Gobierno por escrito, la suma principal de SIETE MIL DOSCIENTOS CUARENTA

CINCO CON----------10/100 dólares($ 7,245.10----) más intereses sobre el principal adeudado al CUATRO

Y MEDIO PORCIENTO ( 4.5 %) anual y CIENTO OCHENTA CON--------------37/100 dólares ($ 180.37----
de intereses no Capitalizados. Si este pagaré es para un prestamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo" el Gobierno puede CAMBIAR EL PORCIENTO DE INTERES, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en -11- plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente en o antes de las siguientes fechas:

| | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| $ 935.00--- en | | 01-01 de 1992 | $ N/A | en | N/A | de 19___ |
| $ N/A en | N/A | de 19___ | $ N/A | en | N/A | de 19___ |
| $ N/A en | N/A | de 19___ | $ N/A | en | N/A | de 19___ |
| $ N/A en | N/A | de 19___ | $ N/A | en | N/A | de 19___ |
| $ N/A en | N/A | de 19___ | $ N/A | en | N/A | de 19___ |
| $ N/A en | N/A | de 19___ | $ N/A | en | N/A | de ___ |

y $ 935.00--------, subsiguientemente cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero a los DIEZ (10) AÑOS de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha de origen, como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado, consolidado o restructurado, los intereses acumulados por más de noventa (90) días a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses acumulados durante el período de diferimiento y segundo a intereses computados a la fecha efectiva del pago y después al principal.

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1951.8) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de aborarse a los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en este pagaré. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el Prestatario continuara haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno, pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente","Reducción de Deuda","Consolidación", "Restructuración" o una "Reamortización" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar una restructuración pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| CLAVE Y NUM. DEL PRESTAMO | VALOR DEL PAGARE | TASA DE INTERES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|---|
| 43-06 | $ 7,000.00 | 4.5 % | 23 de marzo de 19 90 | JOSE ALBERTO MALDONADO-MATIAS | 23 de marzo de 1997 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | |
| | $ | % | , 19 | | |
| | $ | % | , 19 | | |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o restructuración. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciados por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO (GRADUACION): Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

CONVENIO DE CONSERVACION DE TERRENOS ALTAMENTE ERODABLES Y PANTANOSOS: El Prestatario reconoce que el préstamo descrito en este pagaré estará en incumplimiento si alguna parte del préstamo es usado para un propósito que contribuya a la erosión excesiva de terreno altamente erodable o para la conversión de terreno pantanoso para producir una cosecha agrícola según explicado en el Exhibit M de la Subparte G de la Parte 1940 del 7CFR. Si (1) el término del préstamo excede del 1ro. de enero de 1990, pero no al 1ro. de enero de 1995, y (2) el prestatario intenta producir una cosecha en terreno altamente erodable, que está exento de las restricciones del Exhibit M hasta el 1ro. de enero de 1990, o dos años después de que el Servicio de Conservación de Suelos (SCS) haya completado un plan de conservación para la finca del prestatario, lo que ocurra más tarde, el prestatario además conviene que anterior a la pérdida de la exención de la restricción de conservación de terreno altamente erodable, según la parte 12 del 7CFR, el prestatario deberá demostrar que está activamente aplicando en el terreno altamente erodable un plan de conservación de suelos aprobado por el Servicio de Conservación de Suelos (SCS) o el correspondiente Distrito de Conservación de Suelos, si el término del préstamo excede al 1ro. de enero de 1995. El prestatario además conviene en que deberá demostrar antes del 1ro. de enero de 1995 con cualquier producción de cosechas en terrenos altamente erodables después de esa fecha se hará de acuerdo a un plan de conservación aprobado por el Servicio de Conservación de Suelos (SCS) o por el Distrito de Conservación, de acuerdo a los requisitos del Servicio de Conservación de Suelos.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este pagaré, COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la "Consolidated Farm and Rural Development Act" o el "Emergency Agricultural Credit Adjustment Act of 1978" y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO". Este pagaré está sujeto a los reglamentos presentes de la Administracion de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

(SELLO)

JOSE ALBERTO MALDONADO MATIAS                          (Prestatario)
c/p José A. Maldonado Matías

ANA ROSA VELAZQUEZ CRESPO                               (Prestatario)
(SELLO)        c/p ANA ROSA VELAZQUEZ

Apartado 208
(Dirección del Prestatario)

Castañer, PR  -00631

REGISTRO DE ADELANTOS

| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
|----------|-------|----------|-------|----------|-------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | TOTAL $ | |

Agricultura                    POSICION 2                  Formulario FmHA 1940-17(S)
                                                          (Rev. 10-89)

EXHIBIT

8

Forma FmHA 427-1(S) PR
(Rev. 10-82)

—————————————————— NUMERO  *OCHENTA Y UNO(81)*——————
                                     NUMBER

——————————— HIPOTECA VOLUNTARIA ————————————
                      VOLUNTARY MORTGAGE

En  *LA CIUDAD DE Adjuntas, Puerto Rico hoy día veintinueve de julio*
In

*de mil novecientos noventa y uno.*———————————————————

————————————————— ANTE MI ——————————
                          BEFORE ME

———————— *JOSE A. SALICETI MALDONADO* ————————

**Abogado y Notario Público de la Isla de Puerto Rico con residencia en**     *Adjuntas,*
Attorney and Notary Public for the Island of Puerto Rico, with residence in

*Puerto Rico*——————— **y oficina en** *Adjuntas,*————— Puerto Rico.
                              and office in

——————————————— COMPARECEN ——————————
                             APPEAR

**Las personas nombradas en el párrafo DUODECIMO de esta hipoteca denomina-**
The persons named in paragraph TWELFTH of this mortgage

**dos de aquí en adelante el "deudor hipotecario" y cuyas circunstancias personales**
hereinafter called the "mortgagor" and whose personal circumstances——————

**aparecen de dicho párrafo.**——————————————————————
appear from said paragraph.——————————————————————

**Doy fe del conocimiento personal de los comparecientes, así como por sus dichos**
I, the Notary, attest to the personal knowledge of the appearing parties, as well as to their

**de su edad, estado civil, profesión y vecindad.**——————————————
statements which I believe to be true of their age, civil status, profession and residence.

**Aseguran hallarse en el pleno goce de sus derechos civiles, la libre administración**
They assure me that they are in full enjoyment of their civil rights, and the free administration

**de sus bienes y teniendo a mi juicio la capacidad legal necesaria para este otorga-**
of their property, and they have, in my judgment, the necessary legal capacity to grant this

**miento.**———————————————————————————————
voluntary  mortgage.———————————————————————————

——————————————— EXPONEN ——————————
                          WITNESSETH:

**PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en el**
FIRST: That the mortgagor is the owner of the farm or farms described in—————

**párrafo UNDECIMO así como de todos los derechos e intereses en las mismas,**
paragraph ELEVENTH of this mortgage, and of all rights and interest in the same ————

**denominada de aquí en adelante "los bienes".**——————————————
hereinafter referred to as "the property".——————————————

**SEGUNDO: Que los bienes aquí hipotecados están afecto a los gravámenes**
SECOND: That the property mortgaged herein is subject to the

**se especifican en el párrafo UNDECIMO.**—————————————————
specified in paragraph ELEVENTH herein.———————————————

**TERCERO: Que el deudor hipotecario viene obligado para con Estados Unidos**
THIRD: That the mortgagor has become obligated to the United States

**América, actuando por conducto de la Administración de Hogares de Agricultu-**
of America, acting through the Farmers Home Administration,————————

**res, denominado de aquí en adelante el "acreedor hipotecario", en relación con**
hereinafter called the "mortgagee" in connection with——————————

un préstamo o préstamos evidenciado por uno o más pagarés o convenio de sub-
a loan or loans evidenced by one or more promissory note(s) or assumption agreement(s)——

rogación, denominado en adelante el "pagaré" sean uno o más. Se requiere por
hereinafter called "the note" whether one or more. It is required by——————

el Gobierno que se hagan pagos adicionales mensuales de una doceava parte de
the Government that additional monthly payments of one-twelfth of the——————

las contribuciones, avaluos (impuestos); primas de seguros y otros cargos que se
taxes, assessments, insurance premiums and other charges—————————————

hayan estimado sobre la propiedad hipotecada.——————————————
estimated against the property.—————————

CUARTO: Se sobreentiende que:——————————————————
FOURTH: It is understood that:—————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la
(One) The note evidences a loan or loans to the mortgagor in the——————

suma de principal especificada en el mismo, concedido con el propósito y la inten-
principal amount specified therein made with the purpose and intention——————

ción de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y
that the mortgagee, at any time, may assign the note and —————————

asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno
insure the payment thereof pursuant to the Act of Nineteen Hundred and Sixty-One——

consolidando la Administración de Hogares de Agricultores o el Título Quinto de
consolidating the Farmers Home Administration or Title Five of——————

la Ley de Hogares de mil novecientos cuarenta y nueve, según han sido enmenda-
the Housing Act of Nineteen Hundred and Forty-Nine, as amended.——————

das.————————————————————————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede
(Two) When payment of the note is guaranteed by the mortgagee——————

ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el
it may be assigned from time to time and each holder of the insured note, in turn,——

prestamista asegurado.————————————————————
will be the insured lender.

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acree-
(Three) When payment of the note is insured by the mortgagee, the——————

dor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con
mortgagee will execute and deliver to the insured lender along——————

el pagaré un endoso de seguro garantizando totalmente el pago de principal e in-
with the note an insurance endorsement insuring the payment of the note fully as to principal

tereses de dicho pagaré.——————————————————————
and interest.——————————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor
(Four) At all times when payment of the note is insured by the mortgagee,——————

hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado,
the mortgagee by agreement with the insured lender——————

determinarán en el endoso de seguro la porción del pago de intereses del pagaré
set forth in the insurance endorsement will be entitled to a specified portion of the interest pay-

que será designada como "cargo anual".————————————————
ments on the note, to be designated the "annual charge".——————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tene-
(Five) A condition of the insurance of payment of the note will be that the holder——

dor cederá todos sus derechos y remedios contra el deudor hipotecario y cuales-
will forego his rights and remedies against the mortgagor and any——————

-2-

Forma FmHA 427-1(S) PR
(Rev. 10-82)

quiera otros en relación con dicho préstamo así como también a los beneficios
others in connection with said loan, as well as any benefit——————————————————

de esta hipoteca y aceptará en su lugar los beneficios del seguro, y a requerimiento
of this mortgage, and will accept the benefits of such insurance in lieu thereof, and upon the

del acreedor hipotecario endosará el pagaré al acreedor hipotecario en caso de
mortgagee's request will assign the note to the mortgagee should the mortgagor——————

violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en
violate any covenant or agreement contained herein, in the note, or any——————————

cualquier convenio suplementario por parte del deudor.——————————————————
supplementary agreement.——————————————————————————

(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo
(Six) It is the purpose and intent of this mortgage that, among other things,——————

tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en
at all times when the note is held by the mortgagee, or in the event the——————————

que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca
mortgagee should assign this mortgage without insurance of the note, this mortgage——————

garantizará el pago del pagaré pero cuando el pagaré esté en poder de un presta-
shall secure payment of the note; but when the note is held by an insured——————————

mista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte
lender, this mortgage shall not secure payment of the note or attach to——————————

de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda,
the debt evidenced thereby, but as to the note and such debt——————————————

constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario
shall constitute an indemnity mortgage to secure the mortgagee——————————————

contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incum-
against loss under its insurance endorsement by reason of any default——————————

plimiento por parte del deudor hipotecario.——————————————————————
by the mortgagor.————————————————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré
FIFTH: That, in consideration of said loan and (a) at all times when the note——————

conservado por el acreedor hipotecario, o en el caso de que el acreedor hipote-
held by the mortgagee, or in the event the mortgagee——————————————————

cario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del
should assign this mortgage without insurance of the payment of the note, in guarantee of the

importe del pagaré según se especifica en el subpárrafo (Uno) del Párrafo NOVE-
amount of the note as specified in subparagraph (one) of paragraph NINTH——————

NO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho
hereof, with interest at the rate stipulated, and to secure prompt payment of the——————

pagaré, su renovación cualquier convenio contenido en el mismo, o extensión y
note and any renewals and extensions thereof and any agreements contained therein,——————

(b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garan-
(b) at all times when the note is held by an insured lender, in guarantee——————————

tía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí
of the amounts specified in subparagraph 9Two of paragraph NINTH hereof——————————

consignado para garantizar el cumplimiento del convenio del deudor hipotecario
for securing the performance of the mortgagor's agreement——————————————————

de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el en-
herein to indemnify and save harmless the mortgagee against loss under its——————————

doso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cual-
insurance endorsements by reason of any default by the mortgagor, and (c) in any——————

quier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el
event and at all times whatsoever, in guarantee of the additional amounts specified in——————



-3-

subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el
subparagraph (Three) of paragraph NINTH hereof, and to secure the—————————

cumplimiento de todos y cada uno de los convenios y del deudor hipotecario aquí
performance of every covenant and agreement of the mortgagor——————————

contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por
contained herein or in any supplementary agreement, the mortgagor——————————

la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre
hereby constitutes a voluntary mortgage in favor of the mortgagee on——————

los bienes descritos en el párrafo UNDECIMO más adelante, así como sobre los
the property described in paragraph ELEVENTH hereof, together with all rights,———

derechos, intereses servidumbres, derechos hereditarios, adhesiones pertenecientes
interests easements, hereditaments and appurtenances thereto belonging,——————

a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e
the rents, issues and profits thereof and revenues and——————————————

ingreso de los mismos, toda mejora o propiedad personal en el presente o que en
income therefrom, all improvements and personal property now or——————————

el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos,
later attached thereto or reasonably necessary to the use thereof,——————————

sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a
all water, water rights and shares in the same pertaining to——————————————

las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario
the farms and all payments at any time owing to the mortgagor——————————————

por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación
by virtue of any sale, lease, transfer, conveyance or total or——————————————

total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre
partial condemnation of or injury to any part thereof or interest——————————

ellas, siendo entendido que este gravamen quedará en toda su fuerza y vigor hasta
therein, it being understood that this lien will continue in full force and effect until———

que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y
all amounts as specified in paragraph NINTH hereof, with interest before and————

después del vencimiento hasta que los mismos hayan sido pagados en su totalidad
after maturity until paid, have been paid in full.——————————————————

En caso de ejecución, los bienes responderán del pago del principal, los intereses
In case of foreclosure, the property will be answerable for the payment of the principal, interest

antes y después de vencimiento, hasta su total solvento, pérdida sufrida por el acree-
thereon before and after maturity until paid, losses sustained by the——————————

dor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cual-
mortgagee as insurer of the note, taxes, insurance premiums, and——————————

quier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor
other disbursements and advances by the mortgagee for the mortgagor's account————

hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas,
with interest until repaid to the mortgagee, costs, expenses and——————————

gastos y honorarios de abogado del acreedor hipotecario, toda extensión o reno-
attorney's fees of the mortgagee all extensions and renewals of any of——————————

vación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma
said obligations, with interest on all and all other charges and additional——————

adicional especificada en el párrafo NOVENO de este documento.———————————
amounts as specified in paragraph NINTH hereof.——————————————————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:——————————
SIXTH: That the mortgagor specifically agrees as follows:——————————————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda
(One) To pay promptly when due any indebtedness——————————————————



- 4 -

Forma FmHA 427-1(S) PR
(Rev. 10-82)

aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario
to the mortgagee hereby secured and to indemnify and save harmless the mortgagee against any

bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario.
loss under its insurance of payment of the note by reason of any default by the mortgagor.

En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el
At all times when the note is held by an insured lender, the

deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor
mortgagor shall continue to make payments on the note to the mortgagee,

hipotecario como agente cobrador del tenedor del mismo.
as collection agent for the holder.

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación
(Two) To pay to the Mortgagee any initial fees for inspection and appraisal

y cualquier cargo por delincuencia requerido en el presente o en el futuro por los
and any deliquency charges, now or hereafter required by

reglamentos de la Administración de Hogares de Agricultores.
regulations of the Farmer's Home Administration.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegu-
(Three) At all times when the note is held by an insured lender,

rado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos
any amount due and unpaid under the terms of the note, less

la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor
the amount of the annual charge, may be paid by the mortgagee to the holder

del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido
of the note to the extent provided in the insurance endorsement

en el párrafo CUARTO anterior por cuenta del deudor hipotecario.
referred to in paragraph FOURTH hereof for the account of the mortgagor.

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído
Any amount due and unpaid under the terms of the note, whether it is held

por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada
by the mortgagee or by an insured lender, may be credite

por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto
by the mortgagee on the note and thereupon shall constitute an advance

por el acreedor hipotecario por cuenta del deudor hipotecario.
by the mortgagee for the account of the mortgagor.

Cualquier adelanto por el acreedor hipotecario tal como se describe en este sub-
Any advance by the mortgagee as described in this

párrafo devengará intereses a razón del    *CUATRO Y MEDIO*
subparagraph shall bear interest at the rate of

_____ por ciento ( 4.50 o/o)
_____ per cent  (          o/o)

anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor
per annum from the date on which the amount of the advance was due to the date of payment

hipotecario lo satisfaga.
to the mortgagee.

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario, cualquier
(Four) Whether or not the note is insured by the mortgagee, any

o todo adelanto hecho por el acreedor hipotecario para primas de seguro, repa
and all amount advanced by the mortgagee for property insurance, premium repair

raciones, gravámenes u otra reclamación en protección de los bienes hipoteca-
liens and other claims, for the protection of the mortgaged property

dos o para contribuciones o impuestos u otro gasto similar por razón de haber
or for taxes or assessments or other similar charges by reason of the





- 5 -

el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón
mortgagor's failure to pay the same, shall bear interest at the rate——————————

del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos
stated in the next preceding subparagraph from the date of the advance——————————

hasta que los mismos sean satisfechos por el deudor hipotecario.————————————
until repaid to the mortgage.——————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipo-
(Five) All advances made by mortgagee as described in this mortgage,——————————

teca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipo-
with interest, shall be immediately due and payable by the mortgagor——————————

tecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio
to mortgagee without demand at the——————————

designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto
place designated in the note and shall be guaranteed hereby. No such advance——————————

hecho por el acreedor hipotecario no relevará al deudor hipotecario de su obligación
by mortgagee shall relieve the mortgagor from breach of his covenant——————————

del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los
to pay. Such advances, with interest shall be repaid from the——————————

primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo
first available collections received from mortgagor. Otherwise, any payments——————————

pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier
payment made by mortgagor may be applied on the note or any——————————

otra deuda del deudor hipotecario aquí garantizada, en el orden que el acreedor
indebtedness to mortgagee secured hereby, in any order mortgagee——————————

hipotecario determinare.——————————
determines.——————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para
(Six) To use the loan evidenced by the note solely——————————

los propósitos autorizados por el acreedor hipotecario.——————————
for purposes authorized by mortgagee.——————————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravá-
(Seven) To pay when due all taxes, special assessments, liens——————————

menes y cargas que graven los bienes o los derechos o intereses del deudor hipo-
and charges encumbering the property or the right or interest of mortgagee——————————

tecario bajo los términos de esta hipoteca.——————————
under the terms of this mortgage.——————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requie-
(Eight) To procure and maintain insurance against fire and other hazards as required——————————

ra el acreedor hipotecario sobre los edificios y las mejoras existentes en los bie-
by mortgagee on all existing buildings and improvements on the pro-

nes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y
perty and on any buildings and improvements put there on in the future. The insurance against

otros riesgos serán en la forma y por las cantinades, términos y condiciones que
fire and other hazards will be in the form and amount and on terms and conditions————————

aprobare el acreedor hipotecario.——————————
approved by mortgagee.——————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las
(Nine) To keep the property in good condition and promptly make all——————————

reparaciones necesarias para la conservación de los bienes; no cometerá ni per-
necessary repairs for the conservation of the property; he will not commit nor——————————

mitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá
permit to be committed any deterioration of the property; he will not remove nor demolish





- 6 -

Forma FmHA 427-1(S) PR
(Rev. 10-82)

ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca,
any building or improvement on the property; nor will he cut or remove wood from the farm

ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros
nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other

minerales sin el consentimiento del acreedor hipotecario y prontamente llevará
minerals without the consent of mortgagee, and will promptly carry out

a efecto las reparaciones en los bienes que el acreedor hipotecario requiera de tiempo
the repairs on the property that the mortgagee may request from time

en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación
to time. Mortgagor shall comply with such farm conservation practices

de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en
and farm and home management plans as mortgagee from time to

tiempo pueda prescribir.
time may prescribe.

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se iden-
(Ten) If this mortgage is given for a loan to a farm owner as identified

tifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor
in the regulations of the Farmers Home Administration, mortgagor

hipotecario personalmente operará los bienes por sí y por medio de su familia como
will personally operate the property with his own and his family labor as a farm and for no other

una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a
purpose and will not lease the farm or any part of it

menos que el acreedor hipotecario consienta por escrito en otro método de opera-
unless mortgagee agrees in writing to any other method of operation

ción o al arrendamiento.
or lease.

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la
(Eleven) To submit in the form and manner mortgagee may require,

información de sus ingresos y gastos y cualquier otra información relacionada con
information as to his income and expenses and any other information in regard to the



la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos
operation of the property, and to comply with all laws, ordinances, and regulations

que afecten los bienes o su uso.
affecting the property or its use.

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el
(Twelve) Mortgagee, its agents and attorneys, shall have the right at all reasonable times

derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía
to inspect and examine the property for the purpose of ascertaining whether or not

otorgada está siendo mermada o deteriorada y si dicho examen o inspección deter-
the security given is being lessened or impaired, and if such inspection or examination shall

minare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mer-
disclose, in the judgment of mortgagee, that the security given is being lessened

mada o deteriorada, tal condición se considerará como una violación por parte del
or impaired, such condition shall be deemed a breach by the



deudor hipotecario de los convenios de esta hipoteca.
mortgagor of the covenants of this mortgage.

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión
(Thirteen) If any other person interferes with or contests the right of possession

del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará
of the mortgagor to the property, the mortgagor will immediately notify

al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción,
mortgagee of such action, and mortgagee at its option



- 7 -

podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus
may institute the necessary proceedings in defense of its

intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos
interest, and any costs or expenditures incurred by mortgagee by said

procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán
proceedings will be charged to the mortgage debt and considered

garantizadas por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria
by this mortgage within the additional credit of the mortgage clause

para adelantos, gastos y otros pagos.
for advances, expenditures and other payments.

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente
(Fourteen) If the mortgagor at any time while this mortgage remains in effect

esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acree-
should abandon the property or voluntarily deliver it to mortgagee,

dor hipotecario, el acreedor hipotecario es por la presente autorizado y con pode-
mortgagee is hereby authorized and empowered

res para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar
to take possession of the property, to rent and administer the same and collect

sus rentas, beneficios e ingresos de los mismos y aplicarlos en primer término a los
the rents, benefits, and income from the same and apply them first to the

gastos de cobro y administración y en segundo término al pago de la deuda eviden-
costs of collection and administration and secondly to the payment of the debt evidenced

ciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada,
by the note or any indebtedness to mortgagee hereby guaranteed,

en el orden y manera que el acreedor hipotecario determinare.
in what ever order and manner mortgagee may determine.

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor
(Fifteen) At any time that mortgagee determines that mortgagor

hipotecario puede obtener un préstamo de una asociación de crédito para produc-
may be able to obtain a loan from a credit association for production

ción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un
a Federal Bank or other responsible source, cooperative or private, at a

tipo de interés y términos razonables para préstamos por tiempo y propósitos
rate of interest and reasonable periods of time and purposes,

similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará
mortgagor, at mortgagee's request will apply for and accept

y aceptará dicho préstamo en cantidad suficiente para pagar por las acciones nece-
said loan in sufficient amount to pay the note and any other indebtedness secured hereby and to

sarias en la agencia cooperativa en relación con dicho préstamo.
purchase any necessary shares of stock in the cooperative agency in regard to said loan.

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas
(Sixteen) Should default occur in the performance or discharge of any obligation secured

por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como
by this mortgage, or should mortgagor, or any one of the persons herein called

deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere
mortgagor, default in the payment of any amounts or violate or fail to comply

con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido
with any clause, condition, stipulation, covenant, or agreement contained herein,

o en cualquier convenio suplementario, o falleciere o se declarare o fuere declarado
or in any supplementary agreement, or die or be declared an

incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acree-
incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of





- 8 -

Forma FmHA 427-1(S) PR
(Rev. 10-82)

dores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos,
creditors, or should the property or any part thereof or interest therein be assigned,—————

vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo,
sold, leased, transferred, conveyed, or encumbered, voluntarily or otherwise,————————

sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es
without the written consent of mortgage, mortgage is——————————————————

irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a
irrevocably authorized and empowered, at its option, and without notice: (One) to—————

declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda
declare all amounts unpaid under the note, and any indebtedness——————————————

al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y
to the mortgage secured hereby, immediately due and payable and————————————————

proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos)
to foreclose this mortgage in accordance with law and the provisions hereof; (Two)—————

incurrir y pagar los gastos razonables para la reparación o mantenimiento de los
to incur and pay reasonable expenses for the repair and maintenance of the————————

bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se
property and any expenses and obligations that mortgagor did not pay as—————————————

conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de
agreed in this mortgage, including taxes, assessments, insurance premium,————————

seguro y cualquier otro pago o gasto para la protección y conservación de los bienes
and any other expenses or costs for the protection and preservation of the property——————

y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres)
and this mortgage, or for compliance with any of the provisions of this mortgage; and (Three)——

de solicitar la protección de la ley.————————————————————————————
request the protection of the law.—————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario
(Seventeen) Mortgagor will pay, or reimburse mortgage—————————————————————

todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos
for all necessary expenses for the fulfilment of the covenants and agreements————————

de esta hipoteca, los del pagaré y en cualquier otro convenio suplementario, in-
of this mortgage and of the note and of any supplementary agreement, including—————————

cluyendo los gastos de mensura, evidencia de título, costas, inscripción y hono-
the costs of survey, evidence of title, court costs, recordation fee and————————————

rarios de abogado.——————————————————————————————————
attorney's fees.—————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor a requerir y
(Eighteen) Without in any manner affecting the right of the mortgagee to require and—————

hacer cumplir en una fecha subsiguiente a los mismos los convenios, acuerdos u
enforce performance at a subsequent date of the same, similar or other covenant, agreement

obligaciones aquí contenidos o similares u otros convenios, y sin afectar la respon-
obligation herein set forth, and without affecting the liability—————————————————

sabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí
of any person for payment of the note or any indebtedness—————————————————



garantizada y sin afectar el gravamen impuesto sobre los bienes en propiedad del
secured hereby, and without affecting the lien created upon said property or the property

gravamen, el acreedor hipotecario es por la presente autorizado y con poder a
said lien, the mortgage is hereby authorized and empowered at—————————————————

cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obli-
any time (one) waive the performance of any covenant or obligation—————————————



gación aquí contenida o en el pagaré o en cualquier convenio suplementario (Dos)
contained herein or in the note or any supplementary agreement; (two)———————————

- 9 -

negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier
deal in any way with mortgagor or grant to mortgagor any————————————————

indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el
indulgence or forbearance or extension of the time for payment of the note (with the—

consentimiento del tenedor de dicho pagaré cuando esté en manos de un presta-
consent of the holder of the note when it is held by—————————————————

mista asegurado) o para el pago de cualquier deuda a favor del acreedor hipoteca-
an insured lender) or for payment of any indebtedness to mortgagee——————————

rio, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cual-
hereby secured; or (three) execute and deliver partial releases of any————————

quier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o
part of said property from the lien hereby created or grant deferment or————————

postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre
postponement of this mortgage to any other lien over———————————————————

dichos bienes.———————————————————————————————————
said property.———————————————————————————————————

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca,
(Nineteen) All right, title and interest in or to this mortgage,————————————————

incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones
including but not limited to the power to grant consents, partial releases,——————————

parciales, subordinación, cancelación total, radica sola y exclusivamente en el
subordinations, and satisfaction, shall be vested solely and exclusively in—————————

acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o in-
mortgagee, and no insured lender shall have any right, title or interest————————————

terés alguno en o sobre el gravámen y los beneficios aquí contenidos.————————————
in or to the lien or any benefits herein contained.—————————————————————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cual-
(Twenty) Default hereunder shall constitute default under any——————————————



quiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles pos-
other real estate or crop or chattel mortgage held———————————————————

o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipo-
or insured by mortgagee and executed or assumed by mortgagor,—————————————

tecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía
and default under any such other security instrument shall—————————————————

constituirá incumplimiento de esta hipoteca.————————————————————————
constitute default hereunder.——————————————————————————————

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será
(Twenty-One) All notices to be given under this mortgage shall——————————————

remitido por correo certificado a menos que se disponga lo contrario por ley, y
be sent by certified mail unless otherwise required by law,——————————————————

será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto,
and shall be addressed until some other address is designated in a notice so given,——————

en el caso del acreedor hipotecario a Administración de Hogares de Agricultores,
in the case of mortgagee to Farmers Home Administration,——————————————————

Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el
United States Department of Agriculture, San Juan, Puerto Rico, and in the—————————

caso del deudor hipotecario, a él a la dirección postal de su residencia según se
case of mortgagor to him at the post office address of his residence as stated—————————





especifica más adelante.———————————————————————————————
hereinafter.————————————————————————————————————

(Veintidós) El deudor hipotecario por la presente cede al acreedor hipotecario
(Twenty-Two) Mortgagor by these presents grants to mortgagee——————————————

el importe de cualquier sentencia obtenido por expropiación forzosa para uso
the amount of any judgment obtained by reason of condemnation proceedings for public -

público de los bienes o parte de ellos así como también el importe de la sentencia
use of the property or any part thereof as well as the amount of any judgment

por daños causados a los bienes. El acreedor hipotecario aplicará el importe así
for damages caused to the property. The mortgagee will apply the amount so

recibido al pago de los gastos en que incurriere en su cobro y el balance al pago del
received to the payment of costs incurred in its collection and the balance to the payment

pagaré y cualquier cantidad adeudada al acreedor hipotecario garantizada por esta
of the note and any indebtedness to the mortgagee secured by this

hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario.
mortgage, and if any amount then remains, will pay such amount to mortgagor.

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso
SEVENTH: That for the purpose of the first sale to be held in case

de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmen-
of foreclosure of this mortgage, in conformity with the mortgage law, as amended,

dada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma
mortgagor does hereby appraise the mortgaged property in the amount

de DIEZ MIL DOLARES($10,000.00), responden tanto para la tasación
of

como para la responsabilidad hipotecaria. -----------------------------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requeri-
EIGHTH: Mortgagor hereby waives the requirement of law and agrees to be

miento y se considerará en mora sin necesidad de notificación alguna por parte
considered in default without the necessity of any notification of default or demand for pay-

del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Ad-
ment on the part of mortgagee. This mortgage is subject to the rules and regulations of the



ministración de Hogares de Agricultores ahora en vigor y a futuros reglamentos,
Farmers Home Administration now in effect, and to its future regulations

no inconsistentes con los términos de esta hipoteca, así como también sujeta a
not inconsistent with the provisions of this mortgage, as well as to the

las leyes del Congreso de Estados Unidos de America que autorizan la asignación
laws of the Congress of the United States of America authorizing the making and

y aseguramiento del préstamo antes mencionado. ------------------------
insuring of the loan hereinbefore mentioned.

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:
NINTH: The amounts guaranteed by this mortgage are as follows:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de
One. At all times when the note mentioned in paragraph THIRD of

esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor
this mortgage is held by mortgagee, or in the event mortgagee

hipotecario cediere esta hipoteca sin asegurar el pagaré SIETE MIL DOSCIENTOS---
should assign this mortgage without insurance of the note,
CUARENTA Y CINCO DOLARES CON DIEZ CENTAVOS-------------------

---------------------------------------------- DOLARES ($ 7,245.10--- )
                                                DOLLARS ($

el principal de dicho pagaré, con sus intereses según estipulados a razón de
the principal amount of said note, together with interest as stipulated therein at the rate

cuatro y medio------------------------- por ciento (          /o) anual
                                        per cent (

y Ciento Ochenta Dólares con Treinta y Siete Centavos($180.37) de intereses no ca-
pitalizables para un total de SIETE MIL CUATROCIENTOS VEINTICINCO DOLARES CON
CUARENTA Y SIETE CENTAVOS($7,425.47). El plan de pago de dicha obligación

- 11 -

```
-------------------------------------------- DOLARES ($ 7,425.47-----)
                                             DOLLARS  ($ -------------)
```

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado
for indemnifying the mortgage for advances to the insured lender ----- ---- ------------

por motivo del incumplimiento del deudor hipotecario de pagar los plazos según
by reason of mortgagor's failure to pay the installments as------------------------

se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO,
specified in the note, with interest as stated in paragraph SIXTH,--- --------------------

Tercero:
Three;

(B) ONCE MIL CIENTO TREINTA Y OCHO DOLARES CON VEINTIUN CENTAVOS---
(B)

```
-------------------------------------- DOLARES ($11,138.21----)
                                       DOLLARS  ($ -------------)
```

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda
for indemnifying the mortgage further against any loss it might------------------------

sufrir bajo su seguro de pago del pagaré.----------------------------
suffer under its insurance of payment of the note;------------------------------

Tres: En cualquier caso y en todo tiempo:------------------------
Three: In any event and at all times whatsoever:----------------------

(A) DOS MIL NOVECIENTOS SETENTA DOLARES CON DIECINUEVE CENTAVOS---

($ 2,970.19-----------) para intereses después de mora:------------------
(                      ) for default interest;-----------------

(B) MIL CUATROCIENTOS OCHENTA Y CINCO DOLARES CON CERO NUEVE----
(B)

($ 1,485.09-----------) para contribuciones, seguro y otros adelantos para la con-
(                      ) for taxes, insurance and other advances for the preservation

servación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo
and protection of this mortgage, with interest at the rate stated in paragraph

SEXTO, Tercero:------------------------------------------
SIXTH, Three;------------------------------------------

(C) SETECIENTOS CUARENTA Y DOS DOLARES CINCUENTA Y CUATRO--------
(C)

($ 742.54-----------) para costas, gastos y honorarios de abogado en caso
($                    ) for costs, expenses and attorney's fees in case --- ----------

de ejecución;--------------------------
of foreclosure;-----------------------

(D) SETECIENTOS CUARENTA Y DOS DOLARES CINCUENTA Y CUATRO CENTAVOS
(D)

($ 742.54-----------) para costas y gastos que incurriere el acreedor hipoteca-
($                    ) for costs and expenditures incurred by the mortgager in---------

rio en procedimientos para defender sus intereses contra cualquier persona que inter-
proceedings to defend its interests against any other person interfering with-----------

venga o impugne el derecho de posesión del deudor hipotecario a los bienes según
or contesting the right of possession of mortgagor to the property as-----------------

se consigna en el párrafo SEXTO, Trece.--------------------------
consigned in paragraph (SIXTH, Thirteen.---------------------------

- 12 -

12-A

---------------------- *PLAN DE PAGO* ----------------------

---*El pagaré por lo suma de principal de SIETE MIL DOSCIENTOS*

*CUARENTA Y CINCO DOLARES CON DIEZ CENTAVOS($7,245.10), mas*

*intereses sobre el principal adeudado al cuatro y medio por*

*ciento (4.50%) anual y CIENTO OCHENTA DOLARES CON TREINTA Y*

*SIETE DOLARES($180.37) de intereses no capitalizables para un*

*total de SIETE MIL CUATROCIENTOS VEINTICINCO DOLARES CON CUAREN-*

*TA Y SIETE CENTAVOS($7,425.47), será pagado en diez años(10) en*

*once (11) plazos como se indica mas abajo, excepto si es modifi-*

*cado por un tipo de interés diferente en o antes de las siqui-*

*entres fechas:*--------------------------------------------------

---*NOVECIENTOS TREINTA Y CINCO DOLARES EN enero primero de mil*

*novecientos noventa y dos(1-1-1992) y NOVECIENTOS TREINTA Y*

*CINCO DOLARES subsiguiente cada enero primero hasta que el*

*principal e intereses sean completamente pagados excepto que el*

*plazo final de la deuda aquí evidenciada, de no ser pagada ante-*

*riormente, vencerá y será pagadera a los Diez(10) años de la*

*fecha de ente pagaré.*--------------------------------------------

PR

DI..MO: Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO
TENTH: That the note(s) referred to in paragraph THIRD

de esta hipoteca es (son) descrito(s) como sigue:
of this mortgage is(are) described as follows:

"Pagaré otorgado en el caso número
"Promissory note executed in case number   *sesenta y tres guión treinta y dos*

*guión q'*

---------- fechado el día *veint*----
dated the

*nueva de julio de mil* ----------

-------------------- de ---------------------- de mil novecientos
day of                                 nineteen hundred and *noventa y*

*uno.*---------------------------- por la suma de   *Siete Mil Cuatrocientos*
in the amount of

*Veinticinco Dólares con Cuarenta y Siete Centavos*----------------

*($7,425.47)*-------------------------------- dólares de principal más
of principal plus

intereses sobre el balance del principal adeudado a razón del   *CUATRO Y MEDIO*----
interest over the unpaid balance at the rate of

------------------------------------- ( *4.50*--------) por ciento anual,
percent per annum,

hasta tanto su principal sea totalmente satisfecho según los términos, plazos, condi
until the principal is totally paid according to the terms, installments,

ciones y estipulaciones contenida en dicho pagaré y según acordados y convenidos
conditions and stipulation contained in the promissory note and as agreed

entre el Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí
between the borrower and the Government, except that the final installment of the

representada, de no haber sido satisfecho con anterioridad, vencerá y será pagadero
entire debt herein evidenced, if not sooner paid, will be due

a los   *DIEZ AÑOS(10)*--------------------------------------------
and payable

años de la fecha de este pagaré.----------------------------
years from the date of this promissory note.

Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido por el
said promissory note is given as evidence of a loan made by the

Gobierno al Prestatario de conformidad con la Ley del Congreso de los Estados
Government to the borrower pursuant to the law of the Congress of the United

Unidos de América denominada "Consolidated Farm and Rural Development Act
States of America known as "Consolidated Farm and Rural Development Act

of 1961" o de conformidad con el "Title V of the Housing Act of 1949", según
of 1961" or pursuant to "Title V of the Housing Act of 1949, as

han sido enmendadas y está sujeto a los presentes reglamentos de la Administra ion
amended, and is subject to the present regulations of the Farmers

de Hogares de Agricultores y a los futuros reglamentos no inconsistentes con dicha
Home Administration and to its future regulations not inconsistent with the

Ley. De cuya descripción, yo, el Notario Autorizante, DOY FE.
express provision thereof. Of which description I, the authorizing Notary, GIVE FAITH.

UNDECIMO: Que la propiedad objeto de la presente escritura y sobre 
ELEVENTH: That the property object of this deed and over which

constituye Hipoteca Voluntaria, se describe como sigue:
voluntary mortgage is constituted, is described as follows:

- 13 -

*equivalentes a diez hectáreas, cero siete áreas, treinta y cinco centiáreas y noventa miliáreas, colindando al Norte, con la----- Sucesión Rivera y Juan A. Bennazar; por el Sur, con terrenos de de Antonio Matías y Gregorio Maldonado, por el Este, con la----- Sucesión de Luis Rivera y José A. Ruiz y al Oeste, don Juan A.-- Bennazar, Sucesión de Luis Rivera, Reinaldo González, Eugenio---- Maldonado y Francisco Fernandini.---------------------------------*

*Inscrita al folio treinta y tres del tomo doscientos diecinueve- de Adjuntas, finca número ocho mil cuatrocientos setenta y siete inscripción cuarta.-----------------------------------------------*

*RUSTICA: Predio de terreno número once, del caso café setecientos noventa y siete realizada en el barrio Yahuecas del término muni- cipal de Adjuntas, Puerto Rico , compuesto de TRES CUERDAS, equiva lentes a una hectárea, diecisiete áreas, noventa y una centiáreas y mil ochocientos sesenta y ocho centésimas de otra, Lindante por el Norte, con la parcela número siete; por el Sur, con la parcela número quince; por el Este, con la Sucesión de Antonio Bennazar y por el Oeste, con la parcela número diez.  Dentro de la parcela--- descrita se encuentra una casa de concreto y bloques, construida- por la Puerto Rico Reconstruction Administration.  Inscrita al fo-*

**Adquirió el prestatario la descrita finca por** *Lio ciento cuarenta y una del* **Borrower acquired the described property by** *tomo doscientos diecisiete de Adjuntas, finca nueve cuato mil novecientos treinta y dos. Adquirieron por compra a Eugenio Maldo- Narbez*

**según consta de la Escritura Número** *cuarenta y cuatro (44)-------------* **pursuant to Deed Number**

**de fecha** *veinticuatro de septiembre de mil novecientos setenta y-----* **dated** *cuatro---------------------------------------------------------*

**otorgada en la ciudad de** *Adjuntas, Puerto Ric0--------------------* **executed in the city of**

**ante el Notario** *Aura Nélida Pérez---------------------------------* **before Notary**

**Dicha propiedad se encuentra** *los folios ciento cuarenta y uno y treinta* **Said property is** *y tres del los tomos doscientos diecisiete y doscientos diecinueve- de Adjuntas, fincas números cuatro mil novecientos treinta y dos y ocho mil cuatrocientos setenta y siete.--------------------------*

**DUODECIMO: Que comparecen en la presente escritura como Deudores Hipote** **TWELFTH: The parties appearing in the present deed as Mortgagors** --------

**casados** *DON JOSE ALBERTO MALDONADO MATIAS, también conocido por---* **are** *José A. Maldonado Matías-           -; su esposa DOÑA ANA ROSA VELAZQUEZ CRESPO también conocido por Ana Rosa Velázquez- mayores de edad, casados entre sí,propietarios y vecinos de Adjuntas Puerto Rico.*

**cuya dirección postal es:** *Apartado 208, Castañer, Puerto Rico   00631----* **whose postal address is:**

------------------------------------------------------------------

**DECIMO TERCERO: El importe del préstamo aquí consignado se usó ó será usado** **THIRTEENTH: The proceeds of the loan herein guaranteed was used or will be used** --- ----



14

Forma FmHA 427-1(S) PR
(Rev. 10-82)

para fines agrícolas y la construcción y/o reparación y/o mejoras de las instalaciones
for agricultural purposes and the construction and/or repair or improvement of the physical

físicas en la finca(s) descrita(s).
installations on the described farm(s).

DECIMO CUARTO: El prestatario ocupará personalmente y usará cualquier estruc-
FOURTEENTH: The borrower will personally occupy and use any structure

tura que haya sido construída, mejorada o comprada con el importe del préstamo
constructed, improved or purchased with the proceeds of the loan

aquí garantizado y no arrendará o usará para otros fines dicha estructura a menos
herein guaranteed and shall not lease or use for other purposes said structure unless

que el Gobierno lo consienta por escrito. La violación de esta clausula como la
the Government so consents in writing. Violation of this clause as well as

violación de cualquiera otro convenio o cláusula aquí contenida ocasionará el
violation of any other agreement or clause herein contained will cause

vencimiento de la obligación como si todo el término hubiese transcurrido y en
the debt to become due as if the whole term had elapsed and the

aptitud el Gobierno de declarar vencido o pagadero el préstamo y proceder a la
Government at its option may declare due and payable the loan and proceed to

ejecución de la hipoteca.
the foreclosure of the mortgage.

DECIMO QUINTO: Esta hipoteca se extiende expresamente a toda construcción
FIFTEENTH: This mortgage expressly extends to all construction

o edificación existente en la(s) finca(s) antes descrita(s) y a toda mejora, construc-
or building existing on the farm(s) hereinbefore described and all improvement,

ción o edificación que se construya en dicha finca(s) durante le vigencia del prés-
construction or building constructed on said farm(s) while the

tamo hipotecario constituido a favor del Gobierno, verificada por los actuales
mortgage loan constituted in favor of the Government is in effect, made by the present

dueños deudores o por sus cesionarios o causahabientes.
owners or by their assignees or successors.

DECIMO SEXTO: El deudor hipotecario por la presente renuncia mancomunada
SIXTEENTH: The mortgagor by these presents hereby waives jointly and

solidariamente por sí y a nombre de sus herederos causahabientes, sucesores o
severally for himself and on behalf of his heirs, assignees, successors or

representantes a favor del acreedor (ADministración de Hogares de Agricultores),
representatives, in favor of mortgagee (Farmers Home Administration)

cualquier derecho de Hogar Seguro (Homestead) que en el present o en el futuro
any Homestead right (Homestead) that presently or in the future

pudiera tener en la propiedad descrita en el párrafo undécimo y en los edificios
he may have in the property described in paragraph eleventh and in the buildings

allí enclavados o que en el futuro fueran construidos; renuncia esta permitida
thereon or which in the future may be constructed; this waiver being permitted

a favor de la Administración de Hogares de Agricultores por la Ley Número trece
in favor of the Farmers Home Administration by Law Number Thirteen

(13) de veintiocho (28) de mayo de mil novecientos sesenta y nueve (1969) (31
(13) of the twenty-eighth of May, nineteen hundred sixty-nine (1969) (31

L.P.R.A. 1851).
L.P.R.A 1951.

DECIMO SEPTIMO: El acreedor y el deudor hipotecario convienen en que cual
SEVENTEENTH: Mortgagee and mortgagor agree that

quier estufa, horno, calentador comprado o financiado totalp o parcialmente con
stove, oven, water heater, purchased or financed completely or partially with



- 15 -

fondos del préstamo aquí garantizado, se considerará e interpretará como parte
funds of the loan herein guaranteed, will be considered and understood to form part

de la propiedad gravada por esta Hipoteca.
of the property encumbered by this Mortgage.

DECIMO OCTAVO: El deudor hipotecario se compromete y se obliga a mudarse
EIGHTEENTH: The mortgagor agrees and obligates himself to move

y a ocupar la propiedad objeto de esta escritura dentro de los próximos sesenta
and occupy the property object of this deed within the following sixty

días a partir de la fecha de la inspección final; y en caso de circunstancias impre-
days from the date of final inspection, and in the event of unforeseen circumstances

vistas fuera del control del deudor hipotecario que le impidiera mudarse, éste lo
beyond his control which would impede him to do so, he will

notificará por escrito al Supervisor Local.
notify it in writing to the County Supervisor.

DECIMO NOVENO: Toda mejora, construcción o edificación que se construya
NINETEENTH: All improvement, construction or building constructed

en dicha finca durante la vigencia antes mencionada deberá ser construida previa
on said farm(s) during the term hereinbefore referred to, must be made with the previous

autorización por escrito del acreedor hipotecario conforme a los reglamentos pre-
consent in writing of mortgagee in accordance with present regulations

sentes y aquellos futuros que se promulgaren de acuerdo a las leyes federales y
or future ones that may be promulgated pursuant to the federal and

locales no inconsistentes o incompatibles con las leyes actuales que gobiernan
local laws not inconsistent or incompatible with the present laws which govern

estos tipos de préstamos.
these types of loans.

VIGESIMO: Este instrumento garantiza asímismo el remate o recuperación
TWENTIETH: This instrument also secures the recapture of

cualquier crédito por intereses o subsidio que pueda otorgarse a los prestatario
any interest credit or subsidy which may be granted to the borrower(s) by the

por el Gobierno de acuerdo con las disposiciones del Título Cuarentidos del Go...
Government pursuant to Forty-Two

de Estados Unidos Sección Mil Cuatrocientos Noventa - a (42 U.S.C. 1490a)
U.S.C. Fourteen Ninety-a (42 U.S.C. 1490a)

---VIGESIMO PRIMERO: Como parte de la cláusula décimo tercera de

esta escritura se hace constar que además que el importe del prés—

tamo aquí consignado será usado para los siguientes fines:———

———Se hará un nuevo plan de pago al préstamo de Emergencia Designa—

ción #-Ochocientos Cuarenta y Dos(M-842).———

Forma FmHA 427-1(S) PR
(Rev. 10-82)

---------------------ACEPTACION---------------------
ACCEPTANCE

El (los) comparecientes ACEPTAN esta escritura en la forma redactada una vez
The appearing party (parties) ACCEPT(S) this deed in the manner drawn once------------

yo, el Notario autorizante, le (les) hice las advertencias legales pertinentes.------
I, the authorizing Notary, have made to him (them) the pertinent legal warnings.------

Así lo dicen y otorgan ante mí, el Notario autorizante, el (los) compareciente(s)
So they say and execute before me, the authorizing Notary, the appearing party (parties)------

sin requerir la presencia de testigos después de renunciar su derecho a ello del que
without demanding the presence of witnesses after waiving his (their) right to do so of which

le(s)  advertí.------------------------------------------------------------
I advised him (them).------------------------------------------------------

Después de ser leída esta escritura por el (los) compareciente(s), se ratifica(n)
After this deed was read by the appearing party(parties) he (they) ratify its------------

en su contenido, pone(n) sus iniciales en cada uno de los fólios de esta escritura
contents, place(s) his (their) initials on each of the folios of this deed------------

incluyendo el último y la firma(n) todos ante mí, el Notario autorizante, que DOY
including the last one, and all sign before me, the authorizing Notary who GIVES

FE de todo el contenido de esta escritura.--------------------------------
FAITH to everything contained in this deed.------------------------------

FIRMADOS:   JOSE ALBERTO MALDONADO MATIAS, ANA ROSA VELAZQUEZ--
            CRESPO--
AL MARGEN SUS INICIALES------------------------------------

(FIRMADO, SIGNADO, SELLADO Y RUBRICADO) JOSÉ A.
SALICETI MALDONADO ___ ___ ___ ___ ___ ___

Yo, el notario, certifico que la presente es copia fiel y exacta de
la escritura número __81__ que obra en mi protocolo de Ins-
trumento públicos ... ... ... ... al me remito. Que en
dicho ... ... ... ... ... insertados los co-
rrespondi... ... ... ... del impuesto notarial
con el de ...

Al margen ... ... ... 4 ... aparecen las iniciales de
los otorga... ... ... ... aparecen las firmas
de los otorga ...

EN FE DE ello ... ... Estados Unidos de
_____ ... ... ... ... ...

copia certificada, extendida en __7__ hojas de papel legal, es-
critas por una sola cara, signada, sellada, firmada y rubricada por
mí, dejando anotada su SACA en su original hoy día __29__
de __julio__ del 19 __91__. CERTIFICO. ___ ___ ___

NOTARIO PUBLICO







17

Presento este documento
donde indican las
notas marginales
de cada una de los
fincas. Cargo afecto
a hipotecas por $7,000.00
$10,000.00 a favor de
E.U.A. ya lo que comprende
este documento. Utuado
a 9 de Agosto de 1991.
Expito

Dra. M. de Iguiza
Registradora

10/31/91 [signature]

Filed as entry: 58
Log: 249
Time: 2:40
Date: Aug. 6, 91
Property Records of Utuado

JOSE A. SALICETI
ATTORNEY-NOTARY
TELEPHONE: 829-2640     BOX 97
ADJUNTAS, PUERTO RICO

NUMBER: 81

VOLUNTARY MORTGAGE DEED

FURNISHED BY: JOSE ALBERTO MALDONADO MATIAS
ANA ROSA VELAZQUEZ CRESPO

TO: UNITED STATES OF AMERICA

IN: ADJUNTAS, P.R.

ON: JULY 29, 1991

1

[Translator's note: The preceding page is followed by a new page that is translated as follows:]

RURAL: Plot of land located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, with an area of TWENTY-FIVE AND SIXTY-THREE ONE HUNDREDTHS *CUERDAS*\*\*, equivalent to ten hectares, seven ares, thirty-five centiares and ninety milliares. With boundaries to the NORTH, with the heirs of Rivera and Juan A. Bennazar; to the SOUTH, with properties of Antonio Matías and Gregorio Maldonado; to the EAST, with the heirs of Luis Rivera and José A. Ruiz; and to the WEST, with Juan A. Bennazar, the heirs of Luis Rivera, Reinaldo González, Eugenio Maldonado and Francisco Fernandini.

Recorded on page thirty-three, volume two hundred and nineteen of Adjuntas, farm number eight thousand four hundred and seventy-seven, fourth recording.

RURAL: Plot of land, number eleven in case *café*\* seven hundred and ninety-seven, located in Barrio Yahuecas in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS*\*\*, equivalent to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred and sixty-eight hundredths of another. With boundaries to the NORTH, with plot number seven; to the SOUTH, with plot number fifteen; to the EAST, with the heirs of Antonio Bennazar; and to the WEST, with plot number ten. There is a house made of concrete and blocks, built by the Puerto Rico Reconstruction Administration on the described plot.

Recorded on page one hundred and forty-one, volume two hundred and seventeen of Adjuntas, farm number four thousand nine hundred and thirty-two, sixth recording.

The mortgagors acquired the described property through purchase from Mr. Eugenio Maldonado Sánchez, pursuant to deed number forty-four (44), executed in Adjuntas, Puerto Rico on September twenty-four, nineteen seventy-four, before the Notary Aura Nélida Pérez.

Said property is [recorded on] pages one hundred and forty-one and thirty-three, volumes two hundred and seventeen and two hundred and nineteen of Adjuntas, farms number four thousand nine hundred and thirty-two and number eight thousand four hundred and seventy-seven.

---

\* *Café* is the Spanish word for coffee; in this context it might be designating the letter "c", as in "c" as in "coffee".
\*\* *"Cuerda"* is an area measurement equivalent to 0.971 acre, 3,930.3956 sq. meters, or 42,291 sq. ft., 1 acre = 1.029.

2

TWELFTH: The parties appearing in the present deed as Mortgagors are MR. JOSE A. MALDONADO MATIAS, also known as José Maldonado Matías, Social Security number 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 and MRS. ANA ROSA VELAZQUEZ CRESPO, also known as Ana Rosa Velázquez, Social Security number 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, both of legal age, married to each other property owners and residents of Adjuntas, whose mailing address is: Box 628, Castañer, Puerto Rico, 00631.

THIRTEENTH: The loan amount consigned herein has been or will be used

[Translator's note: The preceding text is followed by a new page that begins as translated below:]

the proceeds of the loan secured herein, are considered and interpreted as part of the property encumbered by this mortgage.

EIGHTEENTH: The mortgagor agrees and obligates himself to move and occupy the property that is the subject of this deed within sixty days of final inspection and, should unexpected circumstances arise that are beyond his control, he will notify the County Supervisor in writing.

NINETEENTH: Any improvements, construction or building constructed on said farm(s) during the term hereinbefore mentioned, must be made with the prior consent of the mortgagee, in accordance with present regulations or any future ones that may be promulgated pursuant to federal and local laws and that are not incompatible or inconsistent with the present laws governing these types of loans.

TWENTIETH: This instrument also secures the recapture of any interest credit or subsidy which may be granted to the borrower(s) by the Government pursuant to Forty-two U.S.C., Fourteen Ninety A (42 U.S.C. 1490-A).

TWENTY-FIRST: As part of the THIRD paragraph of this deed, note is made for the record, that the proceeds of this loan will also be used for the fooling purposes: A new payment plan will be drawn up for the Emergency Designation M-eight hundred and forty-two (M-842) loan.

PAYMENT PLAN

The promissory note in the amount of principal of SEVEN THOUSAND TWO HUNDRED AND FORTY-FIVE DOLLARS AND TEN CENTS ($7,245.10) plus interest on the unpaid principal at the rate of FOUR AND ONE HALF PERCENT (4.5%) per annum and the sum of ONE HUNDRED AND EIGHTY DOLLARS AND THIRTY-SEVEN CENTS ($180.37) of non-capitalized interests, for a total of SEVEN THOUSAND FOUR HUNDRED AND TWENTY-FIVE DOLLARS AND FORTY-SEVEN CENTS ($7,425.47) shall be paid in TEN (10) YEARS, in ELEVEN (11) installments as indicated below, unless modified by a different interest rate, on or before the following dates:

3

NINE HUNDRED AND THIRTY-FIVE DOLLARS ($935.00) on January first, nineteen ninety-two (1-1-1992) and NINE HUNDRED AND THIRTY-FIVE DOLLARS ($935.00) on every first day of January subsequently thereafter, until principal and interests are paid in full, except for the final payment of the debt evidenced herein which, if not paid sooner, shall be due and payable TEN (10) YEARS from the date of this promissory note.

## ACCEPTANCE

The parties accept this deed in the manner drawn once I, the authorizing Notary, have given the parties the pertinent legal warnings for this deed.

So the appearing parties state and execute before me, after waiving their right to request the presence of attesting witnesses, of which right I advised them.

After this deed was read in its entirety by the appearing parties, they ratify its contents, placing their initials in the margin of each page of this deed and they all sign it before me, the authorizing Notary. I BEAR WITNESS to everything contained in this deed.

SIGNED: JOSE A. MALDONADO MATIAS AND ANA ROSA VELAZQUEZ CRESPO

INITIALS IN THE MARGIN.

(SIGNED, SEALED, STAMPED AND ENDORSED). JOSE A. SALICETI MALDONADO.

I, the Notary, certify that this is a true and exact copy of deed number 81 that is filed in my protocol of [illegible] certified copy, issued on 17 sheets of legal paper, written on one side only, signed, stamped, sealed and endorsed by me, and leaving note of its issuance in the original, today, July 29, 1991. I THUS CERTIFY.

[Signature]
Notary Public
[Seal]

This document is recorded as indicated in the note in the margin of the description of each of the farms. Charges: Encumbered by a mortgage of $7,000.00 and $40,000.00 in favor of the U.S.A., and to the one furnished by this deed.

Utuado, August 9, 1991
[Signature]
Property Recorder
Exempt.
[Seals]
10/25/91 [Signature]

4

# CERTIFICATE

I hereby certify that the attached Voluntary Mortgage is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of January of 2005.

Nicole Harris

WITNESS my hand and official seal hereto affixed this this 17th day of January of 2005.

Signature

Notary Public
State of Washington
Rosa Walker
Commission Expires 02-01-06

Print Name: Rosa Walker
Notary Public in and for the State of Washington
My appointment expires: 02/01/06

5

Exhibit 9

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**CLIENT: JOSÉ A. MALDONADO MATIAS**       **REF: 1521.344**
                                           **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 4,932, recorded at page 13 of volume 131 of
                     Adjuntas, Registry of Utuado, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Parcela de terreno, radicada en el Barrio Yahuecas del
término municipal de Adjuntas, compuesta de **tres cuerdas**,
**equivalentes a una hectárea**, **diecisiete áreas**, **noventiuno**
**centiáreas y dieciocho centésimas de otra**; lindante por el **NORTE**,
con la parcela número siete; por el **SUR**, con la parcela número
quince; por el **ESTE**, con la Sucesión de Antonio Bennazar y por el
**OESTE**, con la parcela número diez.

Dentro de la parcela descrita se encuentra enclavada una casa de
bloques de tosca y cemento, techo de cartón y madera del país,
con divisiones interiores de madera, con un frente de treintitrés
pies por doce pies de fondo construida por la Puerto Rico
Reconstruction Administration.

**ORIGIN:**

It is segregated from property number 4,431, recorded at page
124, volume 116 of Adjuntas.

**TITLE:**

This property is registered in favor of JOSÉ ALBERTO MALDONADO
MATÍAS and his wife ANA ROSA VELÁZQUEZ CRESPO, who acquired it by
segregation and purchase from Eugenio Maldonado Sánchez, single,
at a price of $1,300.00, pursuant to deed #44, executed in
Adjuntas, Puerto Rico, on September 24, 1974, before Notary
Public Ana Nélida Pérez, recorded at overleaf of page 16 of
volume 131 of Adjuntas, property number 4,932, 5th inscription.

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and
     encumbrances

II.  By reason of itself this property is encumbered by the
     following:

1.   **MORTGAGE:** Constituted by José Alberto Maldonado Matías and
     his wife Ana Rosa Velázquez Crespo, over this and other
     property, in favor of United States of America acting as
     Farmer Home Administration, in the original principal amount
     of $40,000.00, with 5% annual interests, due on 40 years,
     constituted by deed #14, executed in Adjuntas, Puerto Rico,
     on January 15, 1979, before Notary Public Serafín Rosado
     Santiago, recorded at page 17 of volume 131 of Adjuntas,
     property number 4,932, 6th inscription. **It is not**
     **distributed the responsibility of mortgage.**

2.   **MORTGAGE:** Constituted by José Alberto Maldonado Matías and
     his wife Ana Rosa Velázquez Crespo, over this and other
     property, in favor of United States of America, in the
     original principal amount of $7,000.00, with 5½% annual
     interests, due on **(does not express)**, constituted by deed
     #49, executed in Adjuntas, Puerto Rico, on February 11,
     1980, before Notary Public Serafín Rosado Santiago, recorded
     at page 140 of volume 217 of Adjuntas, property number
     4,932, 7th inscription. **It is not distributed the**
     **responsibility of mortgage**

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #4,932

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748-1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

3.  Reamortized and modified mortgage of 6th inscription, which total amount as of September 27, 1985, ascends to $48,014.26, with 5% annual interests, due on September 27, 2018, constituted by deed #40, in Adjuntas, Puerto Rico, on September 27, 1985, before Notary Public Jaime L. Pérez, recorded at page 141 of volume 217 of Adjuntas, property number 4,932, 8th inscription.

4.  Reamortized and modified mortgage of 7th inscription, which total amount as of July 29, 1991, ascends to $6,873.52, with 4.5% annual interests, due on July 29, 2019, constituted by deed #79, executed in Adjuntas, Puerto Rico, on July 29, 1991, before Notary Public José A. Saliceti Maldonado, recorded at overleaf of page 141 of volume 217 of Adjuntas, property number 4,932, 9th inscription.

5.  Reamortized and modified mortgage of 6th inscription, which total amount ascends to $49,335.85, with 5% annual interests, due on July 29, 2018, constituted by deed #80, executed in Adjuntas, Puerto Rico, on July 29, 1991, before Notary Public José A. Saliceti, recorded at page 143 of volume 217 of Adjuntas, property number 4,932, 10th inscription.

6.  **MORTGAGE:** Constituted by José Alberto Maldonado Matías and his wife Ana Rosa Velázquez Crespo, in favor of United States of America, in the original principal amount of $7,245.10, with 4.50% annual interests, due on 10 years, constituted by deed #81, executed in Adjuntas, Puerto Rico, on July 29, 1991, before Notary Public José A. Saliceti Maldonado, recorded at page 144 of volume 217 of Adjuntas, property number 4,932, 11th and last inscription.

7.  At entry 2016-1254-UT01, was presented on December 12th, 2016, Resolution dated May 18th, 2016, executed in the First Instance Court of Utuado, civil case #L2CI201600085, for Declaration of Heirs of José Alberto Maldonado Matías, by which the following are declared heirs: Jorge Alberto Maldonado Velázquez, married; Lionel Maldonado Velázquez, single; Ana Aurora Maldonado Velázquez, married; Milton Javier Maldonado Velázquez, married; and in representation of Héctor Celedonio Maldonado Velázquez a/k/a Héctor Celedonio Maldonado a/k/a Héctor C. Maldonado (who predeceased before the deceased): Héctor Xavier Maldonado Santiago, single; Reychard Daniel Maldonado Santiago, single; Cristal Marie Maldonado Santiago; single; Caroline Maldonado Santiago, single; Coralis Maldonado Santiago, single; and widow Ana Rosa Vélazquez Crespo a/k/a Ana R. Velázquez Crespo a/k/a Ana Rosa Velázquez in usufructuary portion, valuing the participation in $12,500.00. Attached documents: Instance executed in Adjuntas, Puerto Rico, on December 9, 2016 on this property and property #8,477; Lien Cancellation Certification; Death certificate and Negative Certification of ASUME. The document qualification and dispatch are pending.

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to December 9th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed farms and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of Title Studies and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of Vital Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes their location impossible. We are not responsible for errors that may result in this study due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

*Authorized signature*

Eagle Title & Other Services, Inc.

srd/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on December 9th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 14 day of January of 2020 2021.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,465

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 14 day of January of 2020 2021.

_____
NOTARY PUBLIC

Exhibit 10

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748.8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**CLIENT: JOSÉ A. MALDONADO MATÍAS**         **REF: 1521.344**
                                             **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 8,477, recorded at page 30 of volume 219 of
                     Adjuntas, Registry of Utuado, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Predio de terreno radicado en el Barrio Yahuecas del término municipal de Adjuntas, Puerto Rico, con una cabida de **veinticinco cuerdas con sesenta y tres centímos de otra, equivalentes a diez hectáreas, cero siete áreas, treinta y cinco centiáreas y noventa miliáreas.** Colindando al **NORTE**, con la Sucesión Rivera y Juan A. Bennazar; por el **SUR**, con terrenos de Antonio Matías y Gregorio Maldonado; al **ESTE**, con la Sucesión de Luis Rivera y José A. Ruíz y al **OESTE**, con Juan A. Bennazar, Sucesión Luis Rivera, Reinaldo González, Eugenio Maldonado y Francisco Fernandini.

**ORIGIN:**

It is segregated from property number 5,587, recorded at page 65, volume 207 of Adjuntas.

**TITLE:**

This property is registered in favor of JOSÉ ALBERTO MALDONADO MATÍAS and his wife ANA ROSA VELÁZQUEZ CRESPO, who acquired it by segregation and purchase from Juan Alberto Bennazar Vicens and his wife Carmen Margarita Corrada, at a price of $20,504.00, pursuant to deed #13, executed in Adjuntas, Puerto Rico, on January 15, 1979, before Notary Public Serafín Rosado Santiago, recorded at page 30 of volume 219 of Adjuntas, property number 8,477, 1st inscription.

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is encumbered by the following:

     Access easement in favor of property #8,306
     Easement in favor of Autoridad de Fuentes Fluviales

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by José Alberto Maldonado Matías and his wife Ana Rosa Velázquez Crespo, over this and other property, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $40,000.00, with 5% annual interests, due on 40 years, constituted by deed #14, executed in Adjuntas, Puerto Rico, on January 15, 1979, before Notary Public Serafín Rosado Santiago, recorded at page 30 of volume 219 of Adjuntas, property number 8,477, 1st inscription. **It is not distributed the responsibility of mortgage.**

2.   **MORTGAGE:** Constituted by José Alberto Maldonado Matías and his wife Ana Rosa Velázquez Crespo, over this and other property, in favor of United States of America, in the original principal amount of $7,000.00, with 5½% annual interests, due on **(does not express)**, constituted by deed #49, executed in Adjuntas, Puerto Rico, on February 11, 1980, before Notary Public Serafín Rosado Santiago, recorded at overleaf of page 31 of volume 219 of Adjuntas, property number 8,477, 2nd inscription. **It is not distributed the responsibility of mortgage**

Eagle Title & Other Services, Inc.

**PAGE #2**
PROPERTY #8,477

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-6577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

3.  Reamortized and modified mortgage of 1st inscription, which total amount as of September 27, 1985, ascends to $48,014.26, with 5% annual interests, due on September 27, 2018, constituted by deed #40, in Adjuntas, Puerto Rico, on September 27, 1985, before Notary Public Jaime L. Pérez, recorded at overleaf of page 32 of volume 219 of Adjuntas, property number 8,477, 4th inscription.

4.  Reamortized and modified mortgage of 2nd inscription, which total amount as of July 29, 1991, ascends to $6,873.52, with 4.5% annual interests, due on July 29, 2019, constituted by deed #79, executed in Adjuntas, Puerto Rico, on July 29, 1991, before Notary Public José A. Saliceti Maldonado, recorded at overleaf of page 33 of volume 219 of Adjuntas, property number 8,477, 5th inscription.

5.  Reamortized and modified mortgage of 1st inscription, which total amount ascends to $49,335.85, with 5% annual interests, due on July 29, 2018, constituted by deed #80, executed in Adjuntas, Puerto Rico, on July 29, 1991, before Notary Public José A. Saliceti, recorded at overleaf of page 34 of volume 219 of Adjuntas, property number 8,477, 6th inscription.

6.  **MORTGAGE:** Constituted by José Alberto Maldonado Matías and his wife Ana Rosa Velázquez Crespo, in favor of United States of America, in the original principal amount of $7,245.10, with 4.50% annual interests, due on 10 years, constituted by deed #81, executed in Adjuntas, Puerto Rico, on July 29, 1991, before Notary Public José A. Saliceti Maldonado, recorded at overleaf of page 91 of volume 258 of Adjuntas, property number 8,477, 7th inscription.

7.  At entry 2016-1254-UT01, was presented on December 12th, 2016, Resolution dated May 18th, 2016, executed in the First Instance Court of Utuado, civil case #L2CI201600085, for Declaration of Heirs of José Alberto Maldonado Matías, by which the following are declared heirs: Jorge Alberto Maldonado Velázquez, married; Lionel Maldonado Velázquez, single; Ana Aurora Maldonado Velázquez, married; Milton Javier Maldonado Velázquez, married; and in representation of Héctor Celedonio Maldonado Velázquez a/k/a Héctor Celedonio Maldonado a/k/a Héctor C. Maldonado (who predeceased before the deceased): Héctor Xavier Maldonado Santiago, single; Reychard Daniel Maldonado Santiago, single; Cristal Marie Maldonado Santiago; single; Caroline Maldonado Santiago, single; Coralis Maldonado Santiago, single; and widow Ana Rosa Vélazquez Crespo a/k/a Ana R. Velázquez Crespo a/k/a Ana Rosa Velázquez in usufructuary portion, valuing the participation in $12,500.00. Attached documents: Instance executed in Adjuntas, Puerto Rico, on December 9, 2016 on this property and property #4,932; Lien Cancellation Certification; Death certificate and Negative Certification of ASUME. The document qualification and dispatch are pending.

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to December 9th, 2020.

NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed farms and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of degree studies and other documents. There is also a delay in the entry of information to the System to this date, in addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may appear in this study due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.

*EAGLE TITLE AND OTHER SERVICES, INC.*

*Authorized signature*

srd/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on December 9th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 14 day of January of 2021.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,466

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 14 day of January of 2021.

NOTARY PUBLIC

EXHIBIT

ESTADO LIBRE ASOCIADO DE PUERTO RICO
COMMONWEALTH OF PUERTO RICO

## DEPARTAMENTO DE SALUD - REGISTRO DEMOGRAFICO
### (DEPARTMENT OF HEALTH - DEMOGRAPHIC REGISTRY)

### CERTIFICACION DE DEFUNCION
### (CERTIFICATION OF DEATH)

NUMERO
A1127458

NUMERO DE CERTIFICADO - (CERTIFICATE NUMBER)
152-2015-000042HC08-194-0041294-02098653

NOMBRE DEL FALLECIDO - (DECEASED NAME)
JOSE ALBERTO MALDONADO MATTIAS

SEXO - (SEX)
M

ESTADO CIVIL - (MARITAL STATUS)
CASADO (MARRIED)

NOMBRE CONYUGE - (SPOUSE'S NAME)
ANA ROSA VELAZQUEZ CRESPO

FECHA DEFUNCION - (DEATH DATE)
23 ABR 2015

FECHA REGISTRO - (REGISTRATION DATE)
24 ABR 2015

LUGAR DEFUNCION - (DEATH PLACE)
CAROS, PUERTO RICO

FUE EMBALSAMADO? - (EMBALMED?)
SI FUE EMBALSAMADO (EMBALMED)

FECHA NACIMIENTO - (BIRTH DATE)
06 SEP 1940

EDAD - (AGE)
74 ANOS

LUGAR NACIMIENTO - (BIRTHPLACE)
ADJUNTAS, PUERTO RICO

NOMBRE DEL PADRE (FATHER'S NAME)
CLEMENTE MALDONADO

NOMBRE DE LA MADRE (MOTHER'S NAME)
AURORA MATTIAS

FECHA EXPEDICION (DATE ISSUED)
30 ABR 2015



ESTE ES UN ABSTRACTO DEL CERTIFICADO DE
DEFUNCION OFICIALMENTE INSCRITO EN EL
REGISTRO DEMOGRAFICO DEL PUERTO RICO
BAJO LA AUTORIDAD CONFERIDA POR LA LEY 24
DEL 22 DE ABRIL DE 1931

THIS IS AN ABSTRACT OF THE RECORDS
FILED IN THE DEMOGRAPHIC REGISTRY OF
PUERTO RICO ISSUED UNDER THE
AUTHORITY OF LAW 24 APRIL 22 1931

SECRETARIO DE SALUD
(SECRETARY OF HEALTH)

DIRECTOR REGISTRO DEMOGRAFICO
(STATE REGISTRAR)

5120
CASH                04/22/2015
USO GENERAL         $5.00
BPPR RAMBLA         Sello Rentas Internas
52978-2015-0422-62745931

ADVERTENCIA/WARNING: No es valido sin la presencia de la Marca de Agua
Not valid without seen Watermark
Cualquier alteracion o borradura cancela esta Certificacion
Void if altered or erased

NO ES VALIDO SI SE ALTERA
VOID IF ALTERED

Exhibit 12

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARM SERVICE AGENCY**
654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:    Maldonado Matias, Jose A.                    Case No:    63-035-3108

### CERTIFICATION OF INDEBTEDNESS

I, Carlos J. Morales, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as Loan Resolution
Task Force Contractor of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according
  to information obtained from all available records at the USDA-Farm Service Agency.

**Statement of Account as of            May 28, 2020**

| Loan Number | 43-07 | |
|---|---|---|
| Note Amount | $ | 7,000.00 |
| Original Note Date | 2/11/1980 | |
| Date of Last Payment | 2/23/1998 | |
| Principal Balance | $ | 6,280.33 |
| Unpaid Interest | $ | 7,861.90 |
| Misc. Charges | $ | - |
| Total Balance | $ | 14,142.23 |
| Daily Interest Accrual | $ | 0.7743 |
| Amount Delinquent | $ | 14,142.23 |
| Years Delinquent | Fully matured | |

| Loan Number | 41-08 | |
|---|---|---|
| Note Amount | $ | 40,000.00 |
| Original Note Date | 1/15/1979 | |
| Date of Last Payment | 6/1/2009 Offset | |
| Principal Balance | $ | 47,469.81 |
| Unpaid Interest | $ | 68,734.78 |
| Misc. Charges | $ | - |
| Total Balance | $ | 118,204.59 |
| Daily Interest Accrual | $ | 6.5027 |
| Amount Delinquent | $ | 116,204.59 |
| Years Delinquent | Fully matured | |

| Loan Number | 43-09 | |
|---|---|---|
| Note Amount | $ | 7,245.10 |
| Original Note Date | 7/29/1991 | |
| Date of Last Payment | 5/19/2003 Offset | |
| Principal Balance | $ | 4,523.59 |
| Unpaid Interest | $ | 3,870.59 |
| Misc. Charges | $ | - |
| Total Balance | $ | 8,394.18 |
| Daily Interest Accrual | $ | 0.5577 |
| Amount Delinquent | $ | 8,394.18 |
| Years Delinquent | Fully matured | |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement
  of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the
  United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under
  penalty of perjury as allowed by 28 U.S.C. 1746.

*Carlos J. Morales*

Digitally signed by CARLOS MORALES (Affiliate)
DN: c=US, o=U.S. Government, ou=Department of
Agriculture, 0.9.2342.19200300.100.1.1=12001003816116,
cn=CARLOS MORALES (Affiliate)
Date: 2020.05.28 10:43:29 -04'00'
Adobe Acrobat version: 2020.009.20063

Carlos J. Morales Lugo
LRTF Contractor
May 28, 2020

Department of Defense Manpower Data Center



SCRA 5.6



## Status Report
## Pursuant to Servicemembers Civil Relief Act

Exhibit 13

| | |
|---|---|
| SSN: | XXX-XX-6513 |
| Birth Date: | |
| Last Name: | VELAZQUEZ CRESPO |
| First Name: | ANA |
| Middle Name: | ROSA |
| Status As Of: | Nov-20-2020 |
| Certificate ID: | PQ96M02LWBNVQNN |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>ANA ROSA VELAZQUEZ CRESPO, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ANA AURORA MALDONADO VELAZQUEZ
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ANA ROSA VELAZQUEZ CRESPO, et als. | ) | FORECLOSURE OF MORTGAGE |
| | ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ANA ROSA VELAZQUEZ CRESPO
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .


I declare under penalty of perjury that this information is true.


Date: _____              _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*


                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ANA ROSA VELAZQUEZ CRESPO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No.  FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CAROLINE MALDONADO SANTIAGO
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $       0       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>ANA ROSA VELAZQUEZ CRESPO, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CORALIS MALDONADO SANTIAGO
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>ANA ROSA VELAZQUEZ CRESPO, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br>FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CRISTAL MARIE MALDONADO SANTIAGO
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date:  _____          _____
                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | Civil Action No. |
| v. | ) ) | FORECLOSURE OF MORTGAGE |
| ANA ROSA VELAZQUEZ CRESPO, et als. | ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HECTOR XAVIER MALDONADO SANTIAGO
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ANA ROSA VELAZQUEZ CRESPO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* JORGE ALBERTO MALDONADO VELAZQUEZ
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| ANA ROSA VELAZQUEZ CRESPO, et als. | ) | FORECLOSURE OF MORTGAGE |
| | ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* LIONEL MALDONADO VELAZQUEZ
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America,<br>acting through the<br>United States Department of Agriculture | ) |
|---|---|

<table>
<tr><td align="center"><i>Plaintiff(s)</i></td><td>)<br>)<br>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td align="center">ANA ROSA VELAZQUEZ CRESPO, et als.</td><td>)<br>)<br>)<br>)</td><td>FORECLOSURE OF MORTGAGE</td></tr>
<tr><td align="center"><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  REYCHARD DANIEL MALDONADO SANTIAGO
Sector Los Escobales
Barrio Yahuecas
KM. 71.5, CARR 135
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

---

## CATEGORY SHEET

---

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

---

Attorney Name (Last, First, MI):   Fortuño, Juan Carlos

USDC-PR Bar Number:   211913

Email Address:   jcfortuno@fortuno-law.com

---

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:   UNITED STATES OF AMERICA, acting through the USDA

   Defendant:   ANA ROSA VELAZQUEZ CRESPO ; ET ALS.

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:   January 15, 2021

rev. Dec. 2009

Print Form     Reset Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Juan C. Fortuño Fas
Po Box 3908, Guaynabo, PR 00970
Tel. 787-751-5290

## DEFENDANTS

ANA ROSA VELAZQUEZ CRESPO, et als.

County of Residence of First Listed Defendant    Adjuntas, P.R.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | **PROPERTY RIGHTS** | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 820 Copyrights | | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | ☐ 830 Patent | | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | ☐ 835 Patent - Abbreviated New Drug Application | | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
136,741.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*      JUDGE _____   DOCKET NUMBER _____

DATE
01/15/2021

SIGNATURE OF ATTORNEY OF RECORD
s/Juan Carlos Fortuño Fas

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____